

FILED
2022 Feb-17  AM 08:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

All Process and Other Papers on File

in the Record of the State Court Action

# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: SHERRIE MYRICK**

County: **35**    Case Number: **CV-2021-900009.00**    Court Action:

Style: **CORNELIUS ROSS V. ERIKA GILMORE ET AL**

`Real Time`

## Case

### Case Information

| | | | |
|---|---|---|---|
| County: | **35-GREENE** | Case Number: **CV-2021-900009.00** | Judge: **-EH:HON. EDDIE HARDAWAY** |
| Style: | **CORNELIUS ROSS V. ERIKA GILMORE ET AL** | | |
| Filed: | **02/17/2021** | Case Status: **ACTIVE** | Case Type: **NEGLIGENCE MOTOR VEH** |
| Trial Type: | **JURY** | Track: | Appellate Case: **0** |
| No of Plaintiffs: | **1** | No of Defendants: **3** | |

### Damages

| | | |
|---|---|---|
| Damage Amt: **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | Compensatory Damages: **0.00** | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: **0** | Num of Liens: **0** | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: : | Disposition Type: |
| Revised Judgement Date: | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:

Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: **08/24/2021** | Updated By: **DER** |

## Settings

### Settings

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 1 | 01/25/2022 | 001 | 09:00 AM | **PTRC - PRETRIAL CONFERENCE** |
| 3 | 08/17/2021 | 001 | 09:00 AM | **PTRC - PRETRIAL CONFERENCE** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - ROSS CORNELIUS

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | **ROSS CORNELIUS** | | Type: | **I-INDIVIDUAL** |
| Index: | **D GILMORE ERIK** | Alt Name: | | Hardship: **No** | JID: | **-EH** |
| Address 1: | **725 2ND AVE N.** | | | Phone: | **(205) 000-0000** | |
| Address 2: | | | | | | |
| City: | **BESSEMER** | State: | **AL** | Zip: | **35020-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: **$0.00** | | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | HAL120 | | HALE CARSON SCOTT | CHALE@SLOCUMBLAW.COM | (334) 741-4110 |

### Party 2 - Defendant INDIVIDUAL - GILMORE ERIKA

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D001-Defendant | Name: | **GILMORE ERIKA** | | Type: | **I-INDIVIDUAL** |
| Index: | **C ROSS CORNELI** | Alt Name: | | Hardship: **No** | JID: | **-EH** |
| Address 1: | **203 PICKENS ST.** | | | Phone: | **(205) 000-0000** | |
| Address 2: | | | | | | |
| City: | **EUTAW** | State: | **AL** | Zip: | **35462-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: **$0.00** | | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: **02/17/2021** | Issued Type: **C-CERTIFIED MAIL** | Reissue: **08/13/2021** | Reissue Type: **A-PROCESS SERVER** | |
| Return: | Return Type: | Return: | Return Type: | |
| Served: **09/12/2021** | Service Type **V-PROCESS SERVER** | Service On: | Served By: | |

| Answer: | Answer Type: | | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | PAT061 | | PATTILLO JAMES LAURENS | JLPATTILLO@CSATTORNEYS.COM | (205) 250-6647 |

## Party 3 - Defendant INDIVIDUAL - AVENT KEITH

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | **AVENT KEITH** | | Type: | **I-INDIVIDUAL** |
| Index: | **C ROSS CORNELI** | Alt Name: | | Hardship: **No** | JID: | **-EH** |
| Address 1: | **6400 YAGER DR.** | | | Phone: **(205) 000-0000** | | |
| Address 2: | | | | | | |
| City: | **MOSCOW** | State: | **TN** | Zip: | **38057-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Issued: | **02/17/2021** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | **08/13/2021** | Reissue Type: **C-CERTIFIED MAIL** |
| Return: | **08/19/2021** | Return Type: | **C-UNCLAIMED CERT MAIL** | Return: | **09/02/2021** | Return Type: **C-UNCLAIMED CERT MAIL** |
| Served: | **09/01/2021** | Service Type | **O-OTHER** | Service On: | | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 4 - Defendant BUSINESS - FEDEX FREIGHT, INC.

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D003-Defendant | Name: | **FEDEX FREIGHT, INC.** | | Type: | **B-BUSINESS** |
| Index: | **C ROSS CORNELI** | Alt Name: | | Hardship: **No** | JID: | **-EH** |
| Address 1: | **2 N JACKSON ST, STE 605** | | | Phone: **(205) 000-0000** | | |
| Address 2: | | | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: | **36104-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: | **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: **02/17/2021** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: **02/26/2021** | Service Type **C-CERTIFIED MAIL** | Service On: | Served By: |
| Answer: **03/22/2021** | Answer Type: **D-COMPLAINT DENIED** | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | DEL025 | | DELISLE SARA ELIZABETH | SBDELISLE@CARRALLISON.COM | (205) 949-2904 |
| Attorney 2 | RIC062 | | RICHMOND LEA IV | LRICHMOND@CARRALLISON.COM | (205) 822-2006 |
| Attorney 3 | SAU019 | | SAUNDERS ANNA CERISE | ASAUNDERS@CARRALLISON.COM | (205) 396-1472 |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $29.55 | $37.60 | -$8.05 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $22.02 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $351.00 | $351.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | D003 | 000 | $0.00 | $5.25 | $0.00 | $0.00 | 0 |
| ACTIVE | N | SUBP | D003 | 000 | $12.00 | $60.00 | -$48.00 | $0.00 | 0 |
| | | | | **Total:** | $537.55 | $620.87 | -$83.32 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/19/2021 | CREDIT | CONV | 2021070 | 421850 | $21.02 | C001 | 000 | | N | | | VEJ |
| 02/19/2021 | RECEIPT | AOCC | 2021070 | 421840 | $29.55 | C001 | 000 | | N | | | VEJ |
| 02/19/2021 | RECEIPT | CV05 | 2021070 | 421860 | $351.00 | C001 | 000 | | N | | | VEJ |
| 02/19/2021 | RECEIPT | JDMD | 2021070 | 421870 | $100.00 | C001 | 000 | | N | | | VEJ |
| 02/19/2021 | RECEIPT | VADM | 2021070 | 421880 | $45.00 | C001 | 000 | | N | | | VEJ |
| 07/02/2021 | RECEIPT | SUBP | 2021162 | 430160 | $12.00 | D003 | 000 | | N | | | VEJ |
| 07/02/2021 | RECEIPT | SUBP | 2021162 | 430140 | $12.00 | D003 | 000 | | N | | | VEJ |
| 07/02/2021 | RECEIPT | SUBP | 2021162 | 430120 | $12.00 | D003 | 000 | | N | | | VEJ |
| 07/02/2021 | RECEIPT | SUBP | 2021162 | 430100 | $12.00 | D003 | 000 | | N | | | VEJ |
| 07/02/2021 | CREDIT | CONV | 2021162 | 430150 | $1.05 | D003 | 000 | | N | | | VEJ |
| 07/02/2021 | CREDIT | CONV | 2021162 | 430110 | $1.05 | D003 | 000 | | N | | | VEJ |
| 07/02/2021 | CREDIT | CONV | 2021162 | 430090 | $1.05 | D003 | 000 | | N | | | VEJ |
| 07/02/2021 | CREDIT | CONV | 2021162 | 430130 | $1.05 | D003 | 000 | | N | | | VEJ |
| 08/17/2021 | CREDIT | CONV | 2021193 | 432780 | $1.05 | D003 | 000 | | N | | | VEJ |
| 08/17/2021 | RECEIPT | AOCC | 2021193 | 432800 | $8.05 | C001 | 000 | | N | | | VEJ |

| 08/17/2021 | CREDIT | CONV | 2021193 | 432810 | $1.00 | C001 | 000 | N | VEJ |
| 08/17/2021 | RECEIPT | SUBP | 2021193 | 432790 | $12.00 | D003 | 000 | N | VEJ |

## SJIS Witness List

| | | Requesting Party | Attorney | Date Issued | Subpoena | | |
| Witness # | Name | Requesting Party | Attorney | Date Issued | Issued Type | Date Served | Service Type |
|---|---|---|---|---|---|---|---|
| W001 | USAA CASUALTY INSURANCE | D003 | DEL025 | 06/30/2021 | CERTIFIED MAIL BY FILER | | |
| W002 | REGIONAL PARAMEDICAL SERVICE | D003 | DEL025 | 06/30/2021 | CERTIFIED MAIL BY FILER | | |
| W003 | UAB HEALTH INFORMATION MANAG | D003 | DEL025 | 06/30/2021 | CERTIFIED MAIL BY FILER | | |
| W004 | COPART - BIRMINGHAM | D003 | DEL025 | 07/01/2021 | CERTIFIED MAIL BY FILER | | |
| W005 | ADAMSVILLE POLICE DEPARTMENT | D003 | DEL025 | 08/13/2021 | CERTIFIED MAIL BY FILER | | |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 2/17/2021 | 8:25 AM | ECOMP | COMPLAINT E-FILED. | HAL120 |
| 2/17/2021 | 8:25 AM | FILE | FILED THIS DATE: 02/17/2021            (AV01) | AJA |
| 2/17/2021 | 8:25 AM | EORD | E-ORDER FLAG SET TO "Y"            (AV01) | AJA |
| 2/17/2021 | 8:25 AM | ASSJ | ASSIGNED TO JUDGE: EDDIE HARDAWAY            (AV01) | AJA |
| 2/17/2021 | 8:25 AM | TDMJ | JURY TRIAL REQUESTED            (AV01) | AJA |
| 2/17/2021 | 8:25 AM | ORIG | ORIGIN: INITIAL FILING            (AV01) | AJA |
| 2/17/2021 | 8:25 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE            (AV01) | AJA |
| 2/17/2021 | 8:25 AM | SCAN | CASE SCANNED STATUS SET TO: N            (AV01) | AJA |
| 2/17/2021 | 8:25 AM | C001 | INDIGENT FLAG SET TO: N            (AV02) | AJA |
| 2/17/2021 | 8:25 AM | C001 | C001 E-ORDER FLAG SET TO "Y"            (AV02) | AJA |
| 2/17/2021 | 8:25 AM | C001 | C001 PARTY ADDED: ROSS CORNELIUS            (AV02) | AJA |
| 2/17/2021 | 8:25 AM | C001 | LISTED AS ATTORNEY FOR C001: HALE CARSON SCOTT | AJA |
| 2/17/2021 | 8:25 AM | D001 | D001 E-ORDER FLAG SET TO "Y"            (AV02) | AJA |
| 2/17/2021 | 8:25 AM | D001 | INDIGENT FLAG SET TO: N            (AV02) | AJA |
| 2/17/2021 | 8:25 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE            (AV02) | AJA |
| 2/17/2021 | 8:25 AM | D001 | D001 PARTY ADDED: GILMORE ERIKA            (AV02) | AJA |
| 2/17/2021 | 8:25 AM | D001 | CERTIFIED MAI ISSUED: 02/17/2021 TO D001    (AV02) | AJA |
| 2/17/2021 | 8:25 AM | D002 | INDIGENT FLAG SET TO: N            (AV02) | AJA |
| 2/17/2021 | 8:25 AM | D002 | D002 PARTY ADDED: AVENT KEITH            (AV02) | AJA |
| 2/17/2021 | 8:25 AM | D002 | CERTIFIED MAI ISSUED: 02/17/2021 TO D002    (AV02) | AJA |
| 2/17/2021 | 8:25 AM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE            (AV02) | AJA |
| 2/17/2021 | 8:26 AM | D002 | D002 E-ORDER FLAG SET TO "Y"            (AV02) | AJA |
| 2/17/2021 | 8:26 AM | D003 | D003 PARTY ADDED: FEDEX FREIGHT, INC.    (AV02) | AJA |
| 2/17/2021 | 8:26 AM | D003 | INDIGENT FLAG SET TO: N            (AV02) | AJA |
| 2/17/2021 | 8:26 AM | D003 | D003 E-ORDER FLAG SET TO "Y"            (AV02) | AJA |
| 2/17/2021 | 8:26 AM | D003 | CERTIFIED MAI ISSUED: 02/17/2021 TO D003    (AV02) | AJA |
| 2/17/2021 | 8:26 AM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE            (AV02) | AJA |
| 2/26/2021 | 12:26 PM | D003 | SERVICE OF CERTIFIED MAI ON 02/26/2021 FOR D003 | IDH |
| 2/26/2021 | 12:26 PM | ESERC | SERVICE RETURN | IDH |
| 3/3/2021 | 3:53 PM | DAT3 | FOR: PRETRIAL CONFERENCE  ON 08/17/2021 @ 0900A | DER |
| 3/8/2021 | 12:22 PM | DAT3 | CIVIL DOCKET SET ON 08/17/2021 FOR PRETRIAL (AV24) | DER |
| 3/22/2021 | 1:26 PM | EANSW | D003 - COMPLAINT DENIED E-FILED. | DEL025 |
| 3/22/2021 | 1:26 PM | D003 | LISTED AS ATTORNEY FOR D003: DELISLE SARA ELIZABE | AJA |
| 3/22/2021 | 1:26 PM | D003 | LISTED AS ATTORNEY FOR D003: RICHMOND LEA IV(AV02) | AJA |
| 3/22/2021 | 1:26 PM | D003 | ANSWER OF COMP DENIED ON 03/22/2021 FOR D003(AV02) | AJA |
| 3/22/2021 | 1:42 PM | EMOT | D003-CHANGE OF VENUE/TRANSFER FILED. | SAU019 |
| 3/22/2021 | 2:10 PM | EMOT | D003-CHANGE OF VENUE/TRANSFER /DOCKETED | IDH |

| Date | Time | Code | Description | Party |
|---|---|---|---|---|
| 3/22/2021 | 2:12 PM | D003 | LISTED AS ATTORNEY FOR D003: SAUNDERS ANNA CERISE | AJA |
| 3/23/2021 | 12:15 PM | EMOT | D003-SUPPLEMENT FILED. | SAU019 |
| 3/23/2021 | 1:18 PM | EMOT | D003-CHANGE OF VENUE/TRANSFER /DOCKETED | IDH |
| 4/9/2021 | 1:59 PM | EDISC | NOTICE OF DISCOVERY E-FILED | DEL025 |
| 4/21/2021 | 12:49 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | DEL025 |
| 5/19/2021 | 3:15 PM | EDISC | NOTICE OF DISCOVERY E-FILED | HAL120 |
| 6/3/2021 | 8:15 AM | EMOT | D003-PROTECTIVE ORDER FILED. | DEL025 |
| 6/3/2021 | 8:16 AM | EPORD | PROPOSED ORDER SUBMITTED | DEL025 |
| 6/3/2021 | 8:53 AM | EDISC | NOTICE OF DISCOVERY E-FILED. | DEL025 |
| 6/3/2021 | 9:04 AM | EDISC | NOTICE OF DISCOVERY E-FILED. | DEL025 |
| 6/3/2021 | 9:26 AM | EMOT | D003-PROTECTIVE ORDER /DOCKETED | IDH |
| 6/10/2021 | 1:13 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | DEL025 |
| 6/10/2021 | 3:48 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | DEL025 |
| 6/16/2021 | 11:32 AM | EDISC | NOTICE OF DISCOVERY E-FILED. | DEL025 |
| 6/28/2021 | 10:04 AM | JEVHR | PRETRIAL CONFERENCE /SET FOR 8/17/2021 9:00:00 AM, LOCATION = VIRTUAL HEARING | |
| 6/28/2021 | 3:41 PM | JEORDE | ORDER E-FILED - HIPPA PROTECTIVE ORDER - HIPPA PROTECTIVE ORDER - RENDERED & ENTERED: 6/28/2021 3:41:18 PM | |
| 6/28/2021 | 3:42 PM | ---- | SCANNED - ORDER - TRANSMITTAL - E-NOTICE TRANSMITTALS | |
| 6/30/2021 | 1:46 PM | ESUBP | SUBPOENA FOR USAA CASUALTY INSURANCE E-FILED BY D003 - FEDEX FREIGHT, INC. | DEL025 |
| 6/30/2021 | 1:46 PM | W001 | ADDED: USAA CASUALTY INSURANCE        (AW21) | AJA |
| 6/30/2021 | 1:46 PM | W001 | ISSUED: 06302021 - CERT MAIL-FILR; USAA CASUALTY I | AJA |
| 6/30/2021 | 1:49 PM | W002 | ADDED: REGIONAL PARAMEDICAL SERVICE        (AW21) | AJA |
| 6/30/2021 | 1:49 PM | W002 | ISSUED: 06302021 - CERT MAIL-FILR; REGIONAL PARAME | AJA |
| 6/30/2021 | 1:49 PM | ESUBP | SUBPOENA FOR REGIONAL PARAMEDICAL SERVICES, INC. E-FILED BY D003 - FEDEX FREIGHT, INC. | DEL025 |
| 6/30/2021 | 1:53 PM | W003 | ADDED: UAB HEALTH INFORMATION MANAG        (AW21) | AJA |
| 6/30/2021 | 1:53 PM | W003 | ISSUED: 06302021 - CERT MAIL-FILR; UAB HEALTH INFO | AJA |
| 6/30/2021 | 1:54 PM | ESUBP | SUBPOENA FOR UAB HEALTH INFORMATION MANAGEMENT E-FILED BY D003 - FEDEX FREIGHT, INC. | DEL025 |
| 7/1/2021 | 7:43 AM | ESUBP | SUBPOENA FOR COPART - BIRMINGHAM E-FILED BY D003 - FEDEX FREIGHT, INC. | DEL025 |
| 7/1/2021 | 7:44 AM | W004 | ADDED: COPART - BIRMINGHAM        (AW21) | AJA |
| 7/1/2021 | 7:44 AM | W004 | ISSUED: 07012021 - CERT MAIL-FILR; COPART - BIRMIN | AJA |
| 7/29/2021 | 3:56 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | DEL025 |
| 8/4/2021 | 4:52 PM | EMOT | D001-MOTN TO DIS. PURS. TO RULE 12(B) FILED. | PAT061 |
| 8/4/2021 | 5:20 PM | EMOT | D001-JOINDER FILED. | PAT061 |
| 8/5/2021 | 8:04 AM | D001 | LISTED AS ATTORNEY FOR D001: PATTILLO JAMES LAURE | AJA |
| 8/5/2021 | 8:05 AM | EMOT | D001-JOINDER /DOCKETED | IDH |
| 8/5/2021 | 8:05 AM | EMOT | D001-MOTN TO DIS. PURS. TO RULE 12(B) /DOCKETED | IDH |
| 8/13/2021 | 9:22 AM | ESUBP | SUBPOENA FOR ADAMSVILLE POLICE DEPARTMENT E-FILED BY D003 - FEDEX FREIGHT, INC. | DEL025 |
| 8/13/2021 | 9:22 AM | W005 | ADDED: ADAMSVILLE POLICE DEPARTMENT        (AW21) | AJA |
| 8/13/2021 | 9:22 AM | W005 | ISSUED: 08132021 - CERT MAIL-FILR; ADAMSVILLE POLI | AJA |
| 8/13/2021 | 6:40 PM | EALIA | ALIAS SUMMONS E-FILED | HAL120 |
| 8/13/2021 | 6:40 PM | ETRAN | ALIAS SUMMONS - SUMMONS | |
| 8/13/2021 | 6:42 PM | ---- | SCANNED - ALIAS SUMMONS - TRANSMITTAL - E-NOTICE TRANSMITTALS | |
| 8/13/2021 | 6:42 PM | ---- | SCANNED - ALIAS SUMMONS - SUMMONS - E-NOTICE TRANSMITTALS | |
| 8/13/2021 | 7:53 PM | D001 | REISSUE OF PROCESS SERV ON 08/13/2021 FOR D001 | AJA |
| 8/13/2021 | 7:53 PM | D002 | REISSUE OF CERTIFIED MA ON 08/13/2021 FOR D002 | AJA |
| 8/15/2021 | 11:45 AM | EMOT | C001-RESPONSE TO MOTION FILED. | HAL120 |
| 8/15/2021 | 11:51 AM | EMOT | C001-RESPONSE TO MOTION FILED. | HAL120 |
| 8/16/2021 | 8:39 AM | EMOT | C001-MOTN TO DIS. PURS. TO RULE 12(B) /DOCKETED | IDH |
| 8/16/2021 | 8:39 AM | EMOT | C001-CHANGE OF VENUE/TRANSFER /DOCKETED | IDH |
| 8/17/2021 | 8:20 AM | JEVHR | VIRTUAL HEARING - PRETRIAL CONFERENCE | J |
| 8/17/2021 | 8:36 AM | EVHR | VIRTUAL HEARING - PRETRIAL CONFERENCE | DOJ |
| 8/17/2021 | 8:39 AM | EVHR | VIRTUAL HEARING - PRETRIAL CONFERENCE | C8B |
| 8/24/2021 | 12:10 PM | DAT1 | CIVIL DOCKET SET ON 01/25/2022 FOR PRETRIAL (AV24) | DER |

| 8/26/2021 | 12:28 PM | ESERC | SERVICE RETURN | IDH |
|---|---|---|---|---|
| 8/26/2021 | 12:29 PM | D002 | RETURN OF UNCLAIM CERT ON 08/19/2021 FOR D002 | IDH |
| 9/1/2021 | 10:11 AM | ESERC | SERVICE RETURN | IDH |
| 9/1/2021 | 10:13 AM | D002 | SERVICE OF OTHER ON 09/01/2021 FOR D002    (AV02) | IDH |
| 9/21/2021 | 10:30 AM | EMISC | RETURN ON SERVICE - SERVED E-FILED | HAL120 |
| 9/21/2021 | 1:09 PM | D001 | SERVICE OF PROCESS SERVE ON 09/12/2021 FOR D001 | IDH |
| 10/19/2021 | 2:15 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | DEL025 |
| 11/29/2021 | 2:38 PM | JEVHR | PRETRIAL CONFERENCE /SET FOR 1/25/2022 9:00:00 AM, LOCATION = VIRTUAL HEARING | |
| 12/15/2021 | 11:55 AM | D002 | RETURN OF UNCLAIM CERT ON 09/02/2021 FOR D002 | IDH |
| 12/15/2021 | 11:55 AM | ESERC | SERVICE RETURN | IDH |
| 12/15/2021 | 11:57 AM | ---- | SCANNED - SERVICE RETURN - TRANSMITTAL - E-NOTICE TRANSMITTALS | |
| 1/14/2022 | 12:27 PM | EMOT | D003-OTHER - JOINT MOTION FOR HEARING FILED. | DEL025 |
| 1/14/2022 | 2:46 PM | EMOT | D003-OTHER /DOCKETED | IDH |
| 1/20/2022 | 8:08 AM | EMOT | D001-OTHER - JOINT NOTICE OF SETTLEMENT FILED. | PAT061 |
| 1/20/2022 | 8:11 AM | EMOT | D001-OTHER /DOCKETED | VEJ |
| 1/25/2022 | 8:25 AM | JEVHR | VIRTUAL HEARING - PRETRIAL CONFERENCE | J |
| 1/25/2022 | 8:34 AM | EVHR | VIRTUAL HEARING - PRETRIAL CONFERENCE | DOJ |
| 1/25/2022 | 8:37 AM | EVHR | VIRTUAL HEARING - PRETRIAL CONFERENCE | C8B |
| 1/25/2022 | 10:06 AM | JEVHR | VIRTUAL HEARING - PRETRIAL CONFERENCE | J |
| 2/3/2022 | 8:24 AM | EPORD | PROPOSED ORDER SUBMITTED | PAT061 |
| 2/9/2022 | 4:30 PM | JEORDE | ORDER E-FILED - ORDER - ORDER - RENDERED & ENTERED: 2/9/2022 4:30:21 PM | |
| 2/9/2022 | 4:31 PM | ---- | SCANNED - ORDER - TRANSMITTAL - E-NOTICE TRANSMITTALS | |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 2/17/2021 8:25:17 AM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 2/17/2021 8:25:17 AM | 2 | COMPLAINT | | 13 |
| 2/17/2021 8:25:17 AM | 3 | INTERROGATORIES(R33) | Plaintiff's Discovery Requests | 13 |
| 2/17/2021 8:25:17 AM | 4 | INTERROGATORIES(R33) | Plaintiff's Discovery Requests | 17 |
| 2/17/2021 8:25:17 AM | 5 | INTERROGATORIES(R33) | Plaintiff's Discovery Requests | 26 |
| 2/17/2021 8:26:24 AM | 6 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 2/17/2021 8:26:24 AM | 7 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 3 |
| 2/26/2021 12:26:40 PM | 8 | SERVICE RETURN | SERVICE RETURN | 2 |
| 2/26/2021 12:26:46 PM | 9 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 3/22/2021 1:25:29 PM | 10 | ANSWER | Answer | 11 |
| 3/22/2021 1:25:30 PM | 11 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 3/22/2021 1:42:19 PM | 12 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 3/22/2021 1:42:19 PM | 13 | MOTION | Defendant's Motion to Transfer Venue | 15 |
| 3/22/2021 1:42:22 PM | 14 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 3/23/2021 12:15:22 PM | 15 | EXHIBIT | Exhibit 1 | 11 |
| 3/23/2021 12:15:26 PM | 16 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 4/9/2021 1:59:32 PM | 17 | NOTICE OF DISCOVERY | FedEx Freight, Inc.'s Notice of Service of Objections to Plaintiff's Interrogatories and Requests for Production | 2 |
| 4/9/2021 1:59:37 PM | 18 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 4/21/2021 12:50:03 PM | 19 | NOTICE OF DISCOVERY | Defendant FedEx Freight, Inc.'s Notice of Service of First Requests for Admissions, First Interrogatories, and First Request for Production to Plaintiff | 2 |
| 4/21/2021 12:50:08 PM | 20 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 5/19/2021 3:15:18 PM | 21 | NOTICE OF DISCOVERY | Plaintiff's Responses to Request for Admissions | 2 |
| 5/19/2021 3:15:20 PM | 22 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 6/3/2021 8:15:08 AM | 23 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 6/3/2021 8:15:08 AM | 24 | MOTION | Motion for Protective Order/HIPAA | 2 |
| 6/3/2021 8:15:11 AM | 25 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 6/3/2021 8:16:15 AM | 26 | PROPOSED ORDER | HIPPA PROTECTIVE ORDER | 2 |

| Date/Time | # | Type | Description | Pages |
|---|---|---|---|---|
| 6/3/2021 8:16:17 AM | 27 | PROPOSED ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 6/3/2021 8:53:08 AM | 28 | NOTICE OF DISCOVERY | Notice of Intent to Serve Non-Party | 2 |
| 6/3/2021 8:53:09 AM | 29 | SUPPORTING DOCUMENT | Notice of Intent to Serve Non-Party Attachment | 4 |
| 6/3/2021 8:53:14 AM | 30 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 6/3/2021 9:04:46 AM | 31 | NOTICE OF DISCOVERY | Notice of Intent to Serve Non-Party | 2 |
| 6/3/2021 9:04:46 AM | 32 | SUPPORTING DOCUMENT | Notice of Intent to Serve Non-Party Attachment | 4 |
| 6/3/2021 9:04:52 AM | 33 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 6/10/2021 1:14:02 PM | 34 | NOTICE OF DISCOVERY | Notice of Intent to Serve Non-Party | 2 |
| 6/10/2021 1:14:02 PM | 35 | SUPPORTING DOCUMENT | Notice of Intent to Serve Non-Party Attachment | 4 |
| 6/10/2021 1:14:07 PM | 36 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 6/10/2021 3:48:52 PM | 37 | NOTICE OF DISCOVERY | Amended Notice of Intent to Serve Non-Party | 2 |
| 6/10/2021 3:48:53 PM | 38 | SUPPORTING DOCUMENT | Amended Notice of Intent to Serve Non-Party Attachment | 4 |
| 6/10/2021 3:48:56 PM | 39 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 6/16/2021 11:32:26 AM | 40 | NOTICE OF DISCOVERY | Notice of Intent to Serve Non-Party | 2 |
| 6/16/2021 11:32:26 AM | 41 | SUPPORTING DOCUMENT | Notice of Intent to Serve Non-Party Attachment | 4 |
| 6/16/2021 11:32:31 AM | 42 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 6/28/2021 10:07:29 AM | 44 | SET FOR VIRTUAL HEARING - TRANSMITTAL_REDACTED | E-NOTICE TRANSMITTALS | 6 |
| 6/28/2021 3:41:18 PM | 45 | HIPPA PROTECTIVE ORDER | HIPPA PROTECTIVE ORDER | 2 |
| 6/28/2021 3:41:22 PM | 46 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 6/30/2021 1:46:28 PM | 47 | SUBPOENA | Subpoena for USAA CASUALTY INSURANCE | 2 |
| 6/30/2021 1:46:29 PM | 48 | SUPPORTING DOCUMENT | Civil subpoena to USAA | 6 |
| 6/30/2021 1:47:18 PM | 49 | SUBPOENA - TRANSMITTAL | E-NOTICE TRANSMITTALS | 7 |
| 6/30/2021 1:50:02 PM | 50 | SUBPOENA | Subpoena for REGIONAL PARAMEDICAL SERVICES, INC. | 2 |
| 6/30/2021 1:50:02 PM | 51 | SUPPORTING DOCUMENT | Civil subpoena to Regional Paramedical Services | 6 |
| 6/30/2021 1:50:22 PM | 52 | SUBPOENA - TRANSMITTAL | E-NOTICE TRANSMITTALS | 7 |
| 6/30/2021 1:54:14 PM | 53 | SUBPOENA | Subpoena for UAB HEALTH INFORMATION MANAGEMENT | 2 |
| 6/30/2021 1:54:14 PM | 54 | SUPPORTING DOCUMENT | Civil subpoena to UAB | 6 |
| 6/30/2021 1:54:30 PM | 55 | SUBPOENA - TRANSMITTAL | E-NOTICE TRANSMITTALS | 7 |
| 7/1/2021 7:44:02 AM | 56 | SUBPOENA | Subpoena for COPART - BIRMINGHAM | 2 |
| 7/1/2021 7:44:02 AM | 57 | SUPPORTING DOCUMENT | Civil Subpoena to Copart-Birmingham | 6 |
| 7/1/2021 7:45:01 AM | 58 | SUBPOENA - TRANSMITTAL | E-NOTICE TRANSMITTALS | 7 |
| 7/29/2021 3:56:36 PM | 59 | NOTICE OF DISCOVERY | Notice of Intent to Serve Non-Party | 2 |
| 7/29/2021 3:56:36 PM | 60 | SUPPORTING DOCUMENT | Notice of Intent to Serve Non-Party Attachment | 4 |
| 7/29/2021 3:56:42 PM | 61 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 8/4/2021 4:52:59 PM | 62 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 8/4/2021 4:52:59 PM | 63 | MOTION | Motion to Dismiss | 3 |
| 8/4/2021 4:53:03 PM | 64 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 7 |
| 8/4/2021 5:20:34 PM | 65 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 8/4/2021 5:20:34 PM | 66 | MOTION | Motion for Joinder in Motion to Transfer | 2 |
| 8/4/2021 5:20:39 PM | 67 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 7 |
| 8/13/2021 9:22:04 AM | 68 | SUBPOENA | Subpoena for ADAMSVILLE POLICE DEPARTMENT | 2 |
| 8/13/2021 9:22:04 AM | 69 | SUPPORTING DOCUMENT | Civil Subpoena to Adamsville Police Department | 6 |
| 8/13/2021 9:22:57 AM | 70 | SUBPOENA - TRANSMITTAL | E-NOTICE TRANSMITTALS | 7 |
| 8/13/2021 6:40:45 PM | 71 | COPY OF COMPLAINT | Copy of Complaint | 13 |
| 8/13/2021 6:40:52 PM | 72 | ALIAS SUMMONS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 7 |
| 8/13/2021 6:40:53 PM | 73 | ALIAS SUMMONS - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 8/15/2021 11:45:23 AM | 74 | OBJECTION | Response to Motion to Transfer Venue | 6 |
| 8/15/2021 11:45:28 AM | 75 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 8/15/2021 11:51:55 AM | 76 | OBJECTION | Response to Motion to Dismiss | 26 |
| 8/15/2021 11:51:58 AM | 77 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 8/26/2021 12:29:36 PM | 78 | SERVICE RETURN | SERVICE RETURN | 2 |
| 8/26/2021 3:13:59 PM | 79 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |

| 9/1/2021 10:13:07 AM | 80 | SERVICE RETURN | SERVICE RETURN | 1 |
|---|---|---|---|---|
| 9/1/2021 10:13:46 AM | 81 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 9/21/2021 10:30:27 AM | 82 | RETURN ON SERVICE - SERVED | Return on Service - Served | 1 |
| 9/21/2021 10:30:38 AM | 83 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 7 |
| 10/19/2021 2:15:56 PM | 84 | NOTICE OF DISCOVERY | Notice of Service of Discovery Documents | 2 |
| 10/19/2021 2:15:58 PM | 85 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 11/29/2021 2:40:01 PM | 87 | SET FOR VIRTUAL HEARING - TRANSMITTAL_REDACTED | E-NOTICE TRANSMITTALS | 6 |
| 12/15/2021 11:55:40 AM | 88 | SERVICE RETURN | SERVICE RETURN | 2 |
| 12/15/2021 11:55:43 AM | 89 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 1/14/2022 12:27:32 PM | 90 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 1/14/2022 12:27:33 PM | 91 | MOTION | Joint Motion for Hearing | 2 |
| 1/14/2022 12:27:35 PM | 92 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 1/20/2022 8:08:53 AM | 93 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 1/20/2022 8:08:53 AM | 94 | MOTION | Joint Notice of Settlement | 2 |
| 1/20/2022 8:08:59 AM | 95 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 2/3/2022 8:24:57 AM | 96 | PROPOSED ORDER | ORDER | 1 |
| 2/3/2022 8:24:58 AM | 97 | PROPOSED ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 2/9/2022 4:30:18 PM | 98 | ORDER | ORDER | 1 |
| 2/9/2022 4:30:22 PM | 99 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |

 **END OF THE REPORT**

ELECTRONICALLY FILED
2/17/2021 8:25 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>35<br><br>Date of Filing:<br>02/17/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA
### CORNELIUS ROSS v. ERIKA GILMORE ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**   F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

| HAL120 | 2/17/2021 8:25:15 AM<br>Date | /s/ CARSON SCOTT HALE<br>Signature of Attorney/Party filing this form |

---

**MEDIATION REQUESTED:**     ☑ YES ☐ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**     ☐ YES ☐ NO

ELECTRONICALLY FILED
2/17/2021 8:25 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT FOR GREENE COUNTY, ALABAMA

| | | |
|---|---|---|
| **CORNELIUS ROSS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| *v.* | * | **Case No.:  CV - 2021 - _____** |
| | * | |
| **ERIKA GILMORE, KEITH AVENT,** | * | **JURY TRIAL DEMANDED** |
| **FEDEX FREIGHT, INC., and** | * | |
| **Fictitious Defendants "A," "B," and** | * | |
| **"C," whether singular or plural, those** | * | |
| **other persons, corporations, firms or** | * | |
| **other entities whose wrongful conduct** | * | |
| **caused or contributed to cause the** | * | |
| **injuries and damages to Plaintiff, all of** | * | |
| **whose true and correct names are** | * | |
| **unknown to Plaintiff at this time, but** | * | |
| **will be added by amendment when** | * | |
| **ascertained,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## COMPLAINT

This is an action by Plaintiff, Cornelius Ross (herein after referred to as "Plaintiff"), against Defendants, Erika Gilmore (herein after referred to as "Defendant Gilmore"), Keith Avent (herein after referred to as "Defendant Avent"), and FedEx Freight, Inc., (herein after referred to as "Defendant FedEx") for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about April 3, 2020.

## PARTIES, JURISDICTION, VENUE

1)      Plaintiff was a resident and citizen of Jefferson County, Alabama at all times material to the issues in this case.

2)      Upon information and belief, Defendant Gilmore was a resident and citizen of Greene County, Alabama at all times material to the issues in this case.

1

3)      Upon information and belief, Defendant FedEx is a foreign Corporation, doing business in Greene County, Alabama at all times material to the issues in this case.  Defendant FedEx may be served through its registered agent, CT Corporation Systems, at 2 North Jackson St., Suite 605, Montgomery, AL 36104.

4)      Upon information and belief, Defendant Avent is a resident and citizen of Fayette County, Tennessee all times material to the issues in this case,  and an employee and/or agent of Defendant FedEx, and was doing business for said Defendant FedEx at all times material to the issues in this case.  Defendant Avent is being sued in both their official and individual capacities.

5)      Fictitious Defendant "A", "B", and "C", are those persons or entities whose names will be substituted upon learning their true identities.

6)      The motor vehicle accident that gives rise to this complaint occurred in Jefferson County, Alabama.

7)      Venue is proper in Greene County, Alabama.

**FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS**

8)      On or about April 3, 2020, Plaintiff was occupying a vehicle owned and operated by Defendant Gilmore in Jefferson County, Alabama.

9)      At said time and place, the Defendant Gilmore was traveling southbound on Glasgow Hollow Rd crossing the intersection of Glasgow Hollow Rd and US-78.

10)     At said time and place, the Defendant Avent was traveling eastbound on US-78 in Jefferson County, Alabama approaching the intersection of Glasgow Hollow Rd and US-78.

11)     At said time and place, Defendant Gilmore failed to yield the right of way to the Defendant Avent's vehicle, and allowed and/or caused their vehicle to collide with the Defendant Avent's vehicle.

12)    At said time and place, Defendant Avent was not paying attention, and allowed and/or caused their vehicle to collide with the Defendant Gilmore's vehicle.

13)    At the time of the collision, Defendant Avent was an employee and/or agent of Defendant FedEx and was operating under the appropriate scope and authority of his employment and/or agency of said Defendant FedEx, at all times material to the issues in this cause of action.

14)    Plaintiff suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendant Gilmore, Defendant Avent, and/or Fictitious Defendants.

## COUNT ONE - NEGLIGENCE

15)    The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant Gilmore.

16)    Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

17)    At all times material to this action, Defendant Gilmore owed a duty of reasonable care in the ownership, operation and use of said vehicle.

18)    At said time and place, Defendant Gilmore operated said vehicle in such a negligent manner as to:

   (a)    cause said vehicle, in which passengers were occupying, to collide with another;

   (b)    cause serious injuries to Plaintiff.

19)    In causing said vehicle to crash into another vehicle, Defendant Gilmore:

   (a)    Negligently failed to exercise ordinary care.

   (b)    Negligently failed to keep proper look out.

   (c)    Negligently failed to maintain proper control of the vehicle.

   (d)    Negligently failed to yield to the other vehicle.

(e)     Otherwise acted in negligent disregard of the rights and safety of Plaintiff and others traveling on said public highway at said time and place.

20)     As a direct and proximate result of the Defendant Gilmore's negligence, Defendant Gilmore collided with another vehicle, causing said Plaintiff to sustain personal injuries, pain, suffering, property damage and other damages.

21)     Plaintiff avers that the acts and conduct of Defendant Gilmore, on said occasion, constitutes common law negligence and violates the Rules of the Road for the State of Alabama.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT TWO –NEGLIGENCE PER SE

22)     The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant Gilmore.

23)     Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

24)     At said place and time, there were in force certain laws, statutes and/or ordinances that were designed to prevent the injuries sustained by Plaintiff, specifically § 32-5A-191 of the Code of Alabama.

25)     Defendant Gilmore violated said laws, statutes and/or ordinances, in the operation of the vehicle that directly resulted to the injuries sustained by Plaintiff.

26)     Plaintiff is included in the class of people the laws, statutes, and/or ordinances were intended to protect.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT THREE – RECKLESSNESS AND WANTONNESS

27)    The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant Gilmore.

28)    Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

29)    At said place and time, Defendant Gilmore operated said vehicle in such a reckless and wanton manner as to:

   (a)    cause said vehicle, in which the Plaintiff was occupying, to collide with another vehicle;

   (b)    cause damage to said vehicle; and

   (c)    cause substantial injuries to Plaintiff.

30)    In causing said vehicle to collide with the other vehicle, Defendant Gilmore:

   (a)    Recklessly and Wantonly failed to exercise ordinary care.

   (b)    Recklessly and Wantonly failed to keep a proper look out.

   (c)    Recklessly and Wantonly failed to maintain proper control of said vehicle.

   (d)    Recklessly and Wantonly failed to yield to another vehicle.

   (e)    Otherwise acted in reckless and wanton disregard of the rights and safety of Plaintiff and others traveling on said public highway at said time and place.

31)     Plaintiff avers that the acts and conduct of Defendant Gilmore, at said time and place, were in violation of the statutes of State of Alabama which constitute statutory recklessness and wantonness

32)     Plaintiff sustained substantial injuries as the proximate result of said recklessness and wantonness of Defendant Gilmore in violating said statutes and in colliding with another vehicle.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FOUR – NEGLIGENCE

33)     The Plaintiff in this Count is Plaintiff. The Defendants in this Count are Defendant FedEx and Defendant Avent, individually.

34)     Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

35)     At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant FedEx, Defendant Avent operated said vehicle in such a negligent manner as to (a) cause said vehicle to collide with the vehicle in which Plaintiff was occupying, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the Plaintiff.

36)     In causing said vehicle to crash into the vehicle in which Plaintiff was occupying, Defendant FedEx's agent and/or employee, Defendant Avent:

(a) Negligently failed to exercise ordinary care.

(b) Negligently failed to keep a proper look out.

(c)  Negligently failed to maintain proper control of said vehicle.

(d)  Negligently failed to yield the motor vehicle in which Plaintiff was occupying.

(e)  Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

37)    The Plaintiff avers that the acts and conduct of Defendant FedEx's agent and/or employee, Defendant Avent on said occasion constitutes common law negligence.  The Plaintiff further avers that the acts and conduct of the said Defendant Avent on said occasion were in violation of one or more of the Rules of the Road for the State of Alabama.

38)    As the proximate consequence of said negligence, Defendant FedEx's agent and/or employee, Defendant Avent, (a) in violating said statutes, and (b) in colliding with the vehicle in which Plaintiff was occupying, Plaintiff was caused to sustain serious injuries.

39)    The Plaintiff avers that said negligent acts and conduct of the said Defendant Avent on said occasion are imputed to Defendant FedEx, and Defendant FedEx and Defendant Avent, are jointly and severally liable for the serious injuries of the Plaintiff, as a result of said negligent acts and conduct of the said Defendant Avent.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## <u>COUNT FIVE - RECKLESSNESS AND WANTONESS</u>

40)    The Plaintiff in this Count is Plaintiff. The Defendants in this Count are Defendant FedEx and Defendant Avent, individually.

41)    Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

42)    At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant FedEx, Defendant Avent operated said vehicle in such a reckless and wanton manner as to (a) cause said vehicle to collide with the vehicle which Plaintiff was occupying, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the Plaintiff.

43)    In causing said vehicle to crash into the vehicle in which Plaintiff was occupying, Defendant FedEx's agent and/or employee, Defendant Avent:

> (a) Recklessly and Wantonly failed to exercise ordinary care.
>
> (b) Recklessly and Wantonly failed to keep a proper look out.
>
> (c) Recklessly and Wantonly failed to maintain proper control of said vehicle.
>
> (d) Recklessly and Wantonly failed to yield to the motor vehicle in which Plaintiff was occupying.
>
> (e) Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

44)    The Plaintiff avers that the acts and conduct of Defendant FedEx's agent and/or employee, Defendant Avent on said occasion constitute statutory recklessness and wantonness.  The Plaintiff further avers that the acts and conduct of the said Defendant Avent on said occasion were in violation of one or more of the Rules of the Road for the State of Alabama.

45)    As the proximate consequence of said recklessness and wantonness of Defendant FedEx's

agent and/or employee, Defendant Avent, (a) in violating said statutes, and (b) in colliding

with the vehicle in which Plaintiff was occupying, Plaintiff was caused to sustain serious

injuries.

46) The Plaintiff avers that said reckless and wanton acts and conduct of the said Defendant

Avent, on said occasion, are imputed to Defendant FedEx, and Defendant FedEx and

Defendant Avent, are jointly and severally liable to for the serious injuries, as a result of said

reckless and wanton acts and conduct of the said Defendant Avent.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally,

for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is

entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may

determine.

## COUNT SIX- NEGLIGENT AND WANTON ENTRUSTMENT

47)    The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant FedEx.

48)    Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as

if fully set forth herein.

49)    The Plaintiff avers that on the occasion made the basis of this case, Defendant FedEx

negligently, recklessly and wantonly entrusted said vehicle to the said Defendant Avent; that

the said Defendant Avent; was unsuitable, based upon his habitual carelessness and

disposition and temperament, to have said vehicle entrusted to him; and that Defendant

FedEx knew, or by the exercise of reasonable care should have known, that the said

Defendant Avent; was unsuitable to have said vehicle entrusted to them.

50)    The Plaintiff further avers that said negligent and wanton entrustment of said vehicle to

the said Defendant Avent; (a) is combined with the negligent, reckless and wanton acts and conduct of the said Defendant Avent; and (b) is a concurrent, proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT SEVEN –NEGLIGENT AND WANTON HIRING, TRAINING, RETENTION, AND SUPERVISION

51)     The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant FedEx.

52)      Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

53)     The Plaintiff avers that Defendant FedEx, hired, trained, retained and supervised Defendant Avent, as a driver for a commercial vehicle.

54) The Plaintiff avers that the Defendant FedEx:

(a) Acted  in a negligent, reckless and wanton manner in  hiring Defendant Avent, as a commercial vehicle driver,

(b) Acted in a negligent, reckless and wanton manner in retaining Defendant Avent, as a commercial vehicle driver,

(c) Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Defendant Avent, as a commercial vehicle driver, and

(d) Acted in a negligent, reckless and wanton manner in failing to instill in

10

Defendant Avent qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant FedEx entrusted to Defendant Avent**,** as a commercial vehicle driver on the public highways of Alabama and other states.

55)    The Plaintiff further avers that the serious injuries of the Plaintiff are the proximate results of said negligence and wantonness of Defendant FedEx in the hiring, training, retention, monitoring, and supervision of the said Defendant Avent as a commercial vehicle driver on the public highways of Alabama and other states.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT EIGHT- FICTICIOUS DEFENDANTS

56)    The Plaintiff in this Count is Plaintiff.

57)    Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

58)    Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the serious injuries of the plaintiff, of all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to

which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS**

This February 17, 2021.

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

**(the rest of this page left blank intentionally)**

## <u>REQUEST FOR SERVICE OF PROCESS</u>

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

Erika Gilmore
203 Pickens St.
Eutaw, AL 35462

Keith Avent
6400 Yager Dr.
Moscow, TN 38057

FedEx Freight, Inc.
Registered Agent: CT Corporation Systems
2 North Jackson St., Suite 605
Montgomery, AL 36104

<u>/s/ *Carson S. Hale*</u>
CARSON S. HALE
OF COUNSEL


**(the rest of this page left blank intentionally)**



ELECTRONICALLY FILED
2/17/2021 8:25 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

**IN THE CIRCUIT COURT FOR GREENE COUNTY, ALABAMA**

| | |
|---|---|
| **CORNELIUS ROSS,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| *v.* | *    **Case No.:  CV - 2021 - _____** |
| | * |
| **ERIKA GILMORE, KEITH AVENT,** | * |
| **FEDEX FREIGHT, INC., and** | * |
| **Fictitious Defendants "A," "B," and** | * |
| **"C," whether singular or plural, those** | * |
| **other persons, corporations, firms or** | * |
| **other entities whose wrongful conduct** | * |
| **caused or contributed to cause the** | * |
| **injuries and damages to Plaintiff, all of** | * |
| **whose true and correct names are** | * |
| **unknown to Plaintiff at this time, but** | * |
| **will be added by amendment when** | * |
| **ascertained,** | * |
| | * |
| **Defendants.** | * |
| | * |

---

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ERIKA GILMORE

---

COMES NOW the Plaintiff, by counsel, and propounds the following interrogatories to the Defendant, Erika Gilmore, pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof:

### Definitions and Instructions

a.      These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b.      Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

c.      Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiff's Complaint.

d.      Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e.      The pronoun "you" refers to the party to whom these interrogatories are addressed, and the person or persons mentioned in clause (D).

## INTERROGATORIES

1.   State your full name, age, social security number, present address and telephone number (including what county or city), home address at the time of the accident (if different from the present), your place of employment, business address, occupation, and marital status along with spouse's name and place of employment.

    **RESPONSE:**


2.  If you have been charged with or convicted of any criminal offense (felony or misdemeanor) involving lying, cheating, stealing or traffic violations, please state the nature of the offense, the date thereof, the disposition thereof, and the court or courts hearing the matter. If your answer is in the affirmative, state:

    a.  The state, county and city in which you were charged and/or convicted; and

    b.  The date or approximate date you were charged and/or convicted of such offense.

    **RESPONSE:**


3.  If you had consumed any alcoholic beverage of any type, or any sedative, tranquilizer, or

any other drug, during the twenty-four (24) hours immediately preceding the collision in question, please set forth the name and address of each person with whom you consumed any such item, the name and address of each person that was present at the time each item was consumed by you, the place of such consumption, the name of the item consumed, and the number, quantity, and amount of any such items consumed.

**RESPONSE:**

4.  Please describe any glasses, contact lenses or corrective lenses worn by you at the time of the accident and describe any prescription for any glasses that you have ever had, naming the doctor prescribing them, his/her address, date of such prescription, and the place at which said prescription was filled.

**RESPONSE:**

5.  If it is your contention that this accident and/or the plaintiff's injuries were caused in whole or in part by someone other than yourself, please state the full identity of all such persons, giving their name, address and telephone numbers, and state the manner in which such other person caused or contributed to cause the collision and/or injuries.

**RESPONSE:**

6.  If you allege that the plaintiff was guilty of negligence which proximately caused or contributed to cause the accident or injuries suffered by the plaintiff, please state all facts on which you will rely as tending to show that the plaintiff was negligent and please state the name and address of all persons having relevant knowledge of such.

**RESPONSE:**

7.   If you made or gave any statement, whether oral or written, or obtained from any other party or individual, to anyone regarding the happening of the alleged occurrence, please state the name and address of each person to whom you made or gave any such statements, the date of such statements, the name and address of each person knowing, having possession of or custody of any such statement, and the substance and content of each such statement.

**RESPONSE:**

8.   If you have knowledge of any photographs taken of the vehicles involved in the collision or of the scene of the accident in question, please state the name and address of the person taking said photographs, what said photographs depict, and the name and address of the person or persons having present possession of such.

**RESPONSE:**

9.   With regard to the collision which is the basis of Plaintiff's Complaint, identify each policy of insurance which might afford liability coverage to you, including all automobile policies insuring the vehicle owned, operated or controlled by you; all policies under which you are an additional insured as a relative, member of a household, or otherwise; and any excess, umbrella, or other policies. For each policy listed, state the name and address of the named insured and of the insurance company, the policy number, the policy period, and the limits of liability coverage for personal injuries and property damage, and whether question or doubt exists as to your rights under the policy (reservation of rights asserted, non-waiver agreement,

etc.).

**RESPONSE:**

10. Please state the name, present address, and telephone number of any and all individuals that may have witnessed or have information regarding the incident that forms the basis of this action.

   **RESPONSE:**


11. If you contend that any or all of the injuries/medical bills claimed by the plaintiff is not the result of the accident giving rise to this lawsuit, please describe in complete detail the basis of this contention, all facts which support this contention, which specific injuries/bills you contend are unrelated and the specific event/incident, if any, you contend brought about the unrelated injuries/bills.

   **RESPONSE:**


12. For each expert witness you intend to call at trial, please provide his/her qualifications, the subject matter on which he/she is expected to testify, the substance of the facts and opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

   **RESPONSE:**


13. As to each motor vehicle collision you have been involved in for the last ten (10) years, give the following information:

   a.   Where it occurred (state, city, county, court);

   b.   When it occurred (month, day, year);

c.  Any injuries claimed and when and where any claims or suits were filed, and

d.  Final disposition or current status of each traffic accident

**RESPONSE:**

14. Describe in your own words how the incident that forms the basis of this Complaint occurred.

    **RESPONSE:**

15. Please describe as completely as possible the weather, road conditions, lighting conditions, precipitation, if any, and temperature at the time of the occurrence which is the subject of this claim.

    **RESPONSE:**

16. Have you ever had your driver's license revoked or suspended prior to the incident which is the subject of this claim and, if so, please set forth the state which revoked or suspended such license and the reason for such revocation or suspension.

    **RESPONSE:**

17. As to the trip in which you were engaged at the time of the incident in question, give the following information:

a.  The date, place and time you started the trip;

b.  The places and times you stopped for any reason on the trip in question prior to the incident made the basis of Plaintiff's Complaint;

c.  Did you continue the trip in question after you were released from the scene by the authorities?

d.  If not, where did you go and what did you do?

**RESPONSE:**

18. Please state whether you were acting within the line and scope of your employment; or whether you were on any errand or mission for, or rendering services or benefit to, anyone at the time of the collision. If so, please set forth the name and address of your employer, your destination at the time of the collision, the purpose of your trip, and the name and address of your immediate supervisor.

**RESPONSE:**

19. Please state whether you were using a mobile phone (e.g., cell phone or radio phone) just prior to or at the time of the collision. Also, please provide us with your cell phone number as well as the cell phone service provider at the time of the incident made the basis of Plaintiff's Complaint.

**RESPONSE:**

20. List any and all businesses, companies, or entities in which you or your spouse have any ownership or otherwise a financial interest. For each listed, also list the legal name and any other name by which the business, company, or entity is known, the address for the principal place of business, the mailing address, the registered agent's name and physical address, and the state of incorporation.

**RESPONSE:**

21.   Please state whether you were arrested for Driving under the Influence on April 3, 2020. If yes, please state:

a. Whether you pled guilty to the arrest?

b. What were the consequences of the arrest?

**RESPONSE:**


21.  Please list all materials reasonably expected or intended to be used at trial for attempted impeachment of Plaintiff, including depositions, medical literature and any arid all other impeachment materials of any type, and or variety.

**RESPONSE:**


22.  State the name, address and telephone number of any individual having knowledge of any matter relevant to the issues in this lawsuit, including any individual having knowledge to be used in the impeachment of any witness or party.


**RESPONSE:**


You are reminded that, under the provisions of Rule 26(e) of the Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses to the foregoing interrogatories under certain circumstances.

## REQUESTS FOR PRODUCTION

COMES NOW the Plaintiff, by and through counsel, who request pursuant to Rule 34 of the Alabama Rules of Civil Procedure that the Defendant produce for inspection and/or copying by Plaintiff's counsel the following documents set forth below. As an alternative the Defendant may produce true and accurate photocopies of the documents set forth. Such documents requested shall be produced at the offices of the undersigned counsel within forty-five (45) days from the date of service or at such other time or place as mutually agreed upon by the parties.

If any of the documents requested are not produced because of privilege or other reason, please identify such documents, state the nature of the objection or nature of the privilege or other reason for non-production so the Plaintiff may take appropriate remedial steps if necessary. The word document shall include, but not necessarily be limited to, all written or printed matter of any kind, copies of books, records, reports, sketches, drawings, advertisements, notes, letters, schedules, contracts, purchase orders, bills, or any other document relating to this claim which is discoverable by law, as well as any other tangible thing upon which information is recorded in writing.

## DOCUMENTS REQUESTED

1.      Produce true and complete copies of any and all photographs, films, slides, videos or other graphic depictions, taken by or on behalf of the Defendant, of the accident scene and the vehicles involved in the collision.

2.      Produce all documents, letters, notes, memoranda, communications, or other written documents of any type whatsoever between any parties to this lawsuit which refer to or are in regard to the collision and/or damages caused thereby.

3.      Produce a copy of any reports, evaluations, notes, or other written analysis by any expert

you <u>intend</u> to call as a witness.

4.       Produce a copy of any reports, evaluations, notes and other written analysis by any expert you <u>do not intend</u> to call as a witness.

5.       Produce all videotapes, movie films, photographs, sound recordings, or any other video or audio production which is of the Plaintiff that were taken at any time, either before, during or after the occurrence made the basis of this lawsuit.  This would include but not be limited to any type of "surveillance" recording or record of the Plaintiff as they performed any activity.

6.       Produce a copy of Defendant's driver's license.

7.       Produce a copy of the driving record of the Defendant if obtained from any office or official agency of this state.

8.       Produce a copy of any traffic citations or complaints relating to this collision which may have been issued to Defendant.

9.       Produce copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statements, signed or otherwise adopted or approved by the Plaintiff, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff about this lawsuit and contemporaneously recorded.

10.      Produce any and all drawings, maps, or sketches of the scene of the accident.

11.      Produce a copy of your telephone bill for the day of the collision.

12.      Produce a copy of the cell phone bill for the cell phone Defendant used just prior to and/or during the collision.

13.      Produce a copy of any and all other lawsuits ever filed against you in the last ten (10) years.

14.      Produce any and all insurance agreements or policies under which any person or entity

carrying on an insurance business may be liable to satisfy part or all of the judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering the Defendant or the automobile being driven by Defendant at the time of the collision.

15.     Produce a copy of the title to the vehicle and/or any other ownership documents regarding the vehicle driven by or for the Defendant.

16.     Produce a copy of the repair estimates of the Defendant's vehicle which resulted from the collision.

17.     Produce a copy of the repair bills of the Defendant's vehicle which resulted from the collision.

18.     Produce a copy of each photograph and other document or item of demonstrative evidence you may or will offer as evidence at trial.

19.     Produce a copy of any and all photographs of any vehicle involved in the subject collision.

20.     Produce true and complete copies of any and all medical records, medical bills, subrogation interests, and/or any other documents related to Plaintiff's injuries that were obtained by Defendant via subpoena.

21.     Any and all documents, writing, memoranda of any kind or nature whatsoever which you intend to introduce into evidence in the trial of this action.

22.     A complete list of all tangible evidence which you intend to introduce in the trial of this action, and please state when such evidence may be examined by counsel for Plaintiff.

23.     Any and all technical publications, treatises, books, codes, standards, articles, statutes, ordinances, regulations or other writings or documents by whatever name described which you, your attorneys, your representatives and any witnesses (whether expert or otherwise) will offer into

evidence upon the trial of this cause or which will be referred to or alluded to or used as a basis of support for any opinion to be offered or opinion or fact to be proved.

24.     Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this action which support or tend to support Defendant's position and/or affirmative defenses.

25.     Any and all records for the day of April 3, 2020 for any mobile phone / device within the reach of your person during the time of the collision that forms the basis of this action.  These records should include your activity logs for any apps on above mentioned device(s) which require manual entry of text for the transmission of communication, including, but not limited to text message logs, *Facebook, Twitter, Instagram, Snapchat*, and other similar apps.

26.     Please produce all documents which you may use for demonstrative purposes at the trial of this action, and all documents you may use for impeachment purposes at the trial of this action.


You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

This February 17, 2021.

Respectfully submitted,


/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201

Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at their respective mailing address as follows:

Erika Gilmore
203 Pickens St.
Eutaw, AL 35462

Keith Avent
6400 Yager Dr.
Moscow, TN 38057

FedEx Freight, Inc.
Registered Agent: CT Corporation Systems
2 North Jackson St., Suite 605
Montgomery, AL 36104

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

ELECTRONICALLY FILED
2/17/2021 8:25 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT FOR GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| *v.* | *   **Case No.:  CV - 2021 - _____** |
| | * |
| **ERIKA GILMORE, KEITH AVENT,** | * |
| **FEDEX FREIGHT, INC., and** | * |
| **Fictitious Defendants "A," "B," and** | * |
| **"C," whether singular or plural, those** | * |
| **other persons, corporations, firms or** | * |
| **other entities whose wrongful conduct** | * |
| **caused or contributed to cause the** | * |
| **injuries and damages to Plaintiff, all of** | * |
| **whose true and correct names are** | * |
| **unknown to Plaintiff at this time, but** | * |
| **will be added by amendment when** | * |
| **ascertained,** | * |
| | * |
| **Defendants.** | * |
| | * |

---

### PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AVENT

---

Comes now the Plaintiff, by counsel, and propounds the following interrogatories to the Defendant, Keith Avent (herein after referred to as "Defendant Avent"**)**, pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof:.

### <u>Definitions and Instructions</u>

a.     These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b.     Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

1

c.      Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiffs' Complaint.

d.      Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e.      The pronoun "you" refers to the party to whom these interrogatories are addressed, and the person or persons mentioned in clause (D).

## INTERROGATORIES

1. Please identify yourself by stating your full name, present address, date and place of birth, social security number, and name of spouse.
   **RESPONSE:**

2. Please identify, by giving the name, address, and last known telephone number, each and every person known to you and/or to your attorneys who has firsthand knowledge of the events and conditions set out in the complaint.
   **RESPONSE:**

3. Please state the full name, address, and telephone number of each person who, to your knowledge or your agents or attorneys, was present at the scene of the occurrence which is the subject of this claim, either, immediately before, immediately after, or during such occurrence.
   **RESPONSE:**

4. Please identify each and every witness you intend to call at the trial of this cause including the substance of his or her expected testimony.
   **RESPONSE:**

5. With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:
   a.   His/her name, address, and telephone number;

    b.   The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

    c.   The field in which he/she is to be offered as an expert;

    d.   A summary of his/her qualifications within the field in which he/she is expected to testify;

    e.   The substance of the facts to which he/she is expected to testify; and,

    f.   The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

6.  Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

**RESPONSE:**

7.  Please state the dollar amount of liability insurance coverage available in this action.  This includes but is not limited to primary liability policies, secondary liability policies, excess coverage policies, umbrella policies, etc.

**RESPONSE:**

8.  Describe completely and in detail the vehicle occupied or owned by you on the occasion of the occurrence made the basis of this suit, stating in your answer the owner of said motor vehicle on the date of the occurrence, the driver of said vehicle on the date of the occurrence, make, model, year, body style of said motor vehicle, the cargo contained in the vehicle at the time of the occurrence, and weight of cargo at the time of the occurrence.

**RESPONSE:**

9.  Describe in chronological order the events of the prior 24 hours leading up to the collision on April 3, 2020.  Please include in your response whether you consumed any alcoholic beverages, drugs, or medications of any kind whatsoever, including prescriptions drugs, within twenty-four (24) hours preceding the collision.  If the answer is in the affirmative, please state the amount and the time at which such beverage, drug, or medication was consumed (if you had consumed medication, please state the purpose for taking said medication).  Additionally, please state any prescriptions drugs which you should have taken in accordance with a medical provider's instructions but failed to do so.

**RESPONSE:**

10. As to the trip in which you were engaged at the time of the collision made the basis of this suit, give the following information:

    a.  The date, place and time you started the trip;

    b.  The times and places of each stop to pick up or deliver any load, the description and weight of each load, the times and places you stopped to check said load, the names, addresses and telephone numbers of any person and their employer who loaded the load that was involved in the collision made the basis of this lawsuit, together with the weight of said load;

    c.  The places and times you stopped for any reason on the trip in question prior to impact with the vehicle being driven by Plaintiff; and,

    d.  Did you continue the trip in question after you were released from the scene by the authorities?  If not, where did you go and what did you do?

**RESPONSE:**

11. Describe in your own words how the collision occurred or why the collision occurred.  Please include the following in your response:

    a.  Your estimate of the speed the vehicle you were operating just prior to the impact with the other vehicle;

    b.  The location of the vehicle being driven by the Plaintiff when you first observed it in relation to the time of the collision;

    c.  Your estimate of the speed the vehicle the Plaintiff was operating when you first saw the vehicle;

    d.  Any evasive maneuvers taken by you or the Plaintiff;

    e.  The location and speed, if applicable, of any and all other vehicles in front of you as you approached the intersection where the collision occurred;

    f.  Whether you applied your brakes at any time before the collision;

    g.  Whether or not your brakes locked or your wheels skidded prior to the impact;

**RESPONSE:**

12. Identify any other individual, entity or entities other than those named defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit.

**RESPONSE:**

13. If any of the vehicles involved in the collision had defective equipment, describe each defective piece of equipment specifically and in detail.

    **RESPONSE:**

14. Detail each complaint you made about defects and needed repairs and maintenance of the vehicle in which you were an occupant at the time of the collision made the basis of this suit for the six (6) month period prior to this collision, together with the exact dates of each complaint and the extent to which such complaints were satisfied or not satisfied.

    **RESPONSE:**

15. What trip expenses were incurred by you on the trip in question prior to the collision at issue (i.e., including credit cards and cash expenses). In response to this interrogatory, please state the name of the business where each expense was incurred, the address of each such business, and the approximate time of each such expense. Furthermore, produce a copy of any and all trip receipts of any kind or nature.

    **RESPONSE:**

16. Please state whether, at the time of the occurrence which is the subject of this claim, you had a prescription for glasses or corrective lenses. If so, state whether or not you were wearing such glasses or corrective lenses at the time of the occurrence.

    **RESPONSE:**

17. Please provide the name and address of the medical doctor and facility who completed the Medical Examiner's Report and Medical Examiner's certificate for your Commercial Driver's License for the past ten (10) years.

    **RESPONSE:**

18. Please list each and every medical provider from whom you have received treatment, consulting, review, examination and/or advice from April 3, 2010 through present. The term "medical provider" includes, but is not limited to emergency medical services, ambulance, doctors, hospitals, nurses, chiropractors, physical therapists, alcohol and/or drug treatment providers, rehabilitation therapists, mental health providers or facilitates, surgeons or other health care providers of any nature whatsoever, For each medical provider, please state: provider's name, provider's address, provider's specialty; reason for seeing provider, treatment received, diagnosis

given, and medications prescribed.

**RESPONSE:**

19. For the last ten (10) years, please provide the name of your health insurance provider, including the group number, contract number and the name under which coverage is secured.

**RESPONSE:**

20. Provide a list of all medications, prescribed and/or over the counter, that you were taking or had taken in the one year period prior to April 3, 2020, and include in your answer the following:

    a. The name and address of the doctor, hospital, or clinic, who prescribed, sold or provided these medications;

    b. The health condition for which you took each medication;

    c. The dosage you ingested daily;

    d. The name and address of each pharmacy, whether private or governmental, that has filed any prescription for you in the last ten (10) years.

**RESPONSE:**

21. State if you have ever been charged with or convicted of any criminal offense, including traffic violations.  If your answer is in the affirmative, state:

    a. The name of the offense with which you were charged and/or convicted;

    b. The state, county and city in which you were charged and/or convicted; and

    c. The date or approximate date you were charged and/or convicted of such offense.

**RESPONSE:**

22. As to each motor vehicle accident you have been involved in for the last ten (10) years, give the following information:

    a. Where it occurred (state, city, county, court);

    b. When it occurred (month, day, year);

    c. Any injuries claimed and when and where any claims or suits were filed; and,

    d. Final disposition or current status of each traffic accident.

**RESPONSE:**

23. Give the dates, times and places, together with the names and addresses of persons and organizations who have provided drug or alcohol counseling or treatment to you at any time

during the past ten (10) years.

**RESPONSE:**

24. Have you ever had your driver's license revoked or suspended prior to the incident which is the subject of this lawsuit and, if so, please set forth the state which revoked or suspended such license and the reason for such revocation or suspension.

**RESPONSE:**

25. Have you ever had your driver's license revoked or suspended prior to the incident which is the subject of this lawsuit and, if so, please set forth the state which revoked or suspended such license and the reason for such revocation or suspension.

**RESPONSE:**

26. With respect to your experience as a commercial truck driver, or driver of a commercial vehicle, give the following information:

   a. The name, address and telephone number together with the dates you were driving trucks or commercial vehicles for every motor carrier who has employed you or contracted your services for the past ten (10) years;

   b. The number of hours of driving experience you had prior to the collision at issue in operating the truck you were driving when you struck the vehicle driven by the Plaintiff; and,

   c. The number of hours of driving experience you had prior to the collision at issue in operating vehicles similar to the vehicle you were driving when you struck the vehicle driven by the Plaintiff.

**RESPONSE:**

27. Do you keep copies of your driving logs and time sheets?

   a. If so, for how long?

   b. Do you have the logs and time sheets for the period of time in which the collision in question occurred?

   c. If not, why not?

   d. Has Defendant FedEx ever questioned the falsity of your logs?

   e. Has Defendant FedEx ever criticized you or requested you to observe the regulations with respect to the maximum legal hours you are permitted to operate their trucks?

**RESPONSE:**

28. Describe the make and model of each of the following items located on the truck you were operating at the time of the collision in question:
    a. CB radio;
    b. On-board telephone;
    c. On-board computer recorder;
    d. Black box;
    e. Electronic Control Module (ECM); and,
    f. Any and all recording or data storage devices.
    **RESPONSE:**

29. Describe the normal basis for your pay from Defendant FedEx (i.e., by the mile, by the load, by the hour, straight salary or explain any other basis) and explain any deviation from the normal basis, if any, concerning the load and trip you were on at the time of the Incident.
    **RESPONSE:**

30. Have you ever been deemed medically of physically unfit to drive by any company, medical provider, medical officer, or state agency? If so, please state the reasons for such a determination, the date of said determination, the time period for which you were deemed medically or physically unfit, and the steps that were followed in order for you to be deemed medically fit to drive trucks or any other commercial vehicle.
    **RESPONSE:**

31. Please describe any and all surgical procedures you have undergone in the past ten (10) years including the date of the procedure, the type procedure, the treating physician, the condition for which you received the procedure, the follow-up diagnosis and any medications which you were prescribed.
    **RESPONSE:**

32. Please state the number(s) for any cellular telephone(s) (whether personal or issued by Defendant FedEx or other(s)) in your possession on April 3, 2020 and the name of the carrier providing service to said cellular telephone.
    **RESPONSE:**

33. Have your attorneys made you aware what your liability insurance limits in this matter are limited to and that any verdict in favor of the Plaintiff over and above said limits will be the responsibility of yourself and/or Defendant FedEx?

**RESPONSE:**

34. Have your attorneys made you aware that you may demand that your insurance company pay your insurance liability limits to the Plaintiff and that doing so will protect yourself and Defendant FedEx from the responsibility of satisfying a verdict in favor of the Plaintiff which may otherwise exceed said insurance liability limits?

**RESPONSE:**

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

## <u>REQUESTS FOR PRODUCTION</u>

These Requests for Production are intended to be continuing in nature. Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering defendant, its attorneys, its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the Alabama Rules of Civil Procedure and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto. This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term "document" includes, but is

not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing.  Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format.  If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained.  For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format.  Because of the variables that may exist in electronic production, the undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege, you must provide a detailed privilege log to substantiate such claim or assertion in accord with Rule 34 of the

Alabama Rules of Civil Procedure.  Consider this a formal request for such a log pursuant to the aforementioned Rule.  Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and specific reason(s) why such document is considered to be privileged from disclosure.  Any such privilege log should be produced at or prior to the time a response is required under Rule 34.

The term "you" or "your" shall be construed to mean Defendant Avent.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts.  If such information differs between the two, please produce all copies of any such transcripts.

## DOCUMENTS REQUESTED

1.     Produce true and complete copies of any and all photographs, films, slides, videos or other graphic depictions, taken by or on behalf of the Defendant, of the accident scene and the vehicles involved in the collision.

2.     Produce all documents, letters, notes, memoranda, communications, or other written documents of any type whatsoever between any parties to this lawsuit which refer to or are in regard to the collision and/or damages caused thereby.

3.     Produce a copy of any reports, evaluations, notes, or other written analysis by any expert you intend to call as a witness.

4.     Produce a copy of any reports, evaluations, notes and other written analysis by any expert you do not intend to call as a witness.

5.     Produce all videotapes, movie films, photographs, sound recordings, or any other video or audio production which is of the Plaintiff that was taken at any time, either before, during

or after the occurrence made the basis of this lawsuit.  This would include but not be limited to any type of "surveillance" recording or record of the Plaintiff as they performed any activity.

6.      Produce a copy of Defendant's driver's license.

7.      Produce a copy of the driving record of the Defendant if obtained from any office or official agency of this state.

8.      Produce a copy of any traffic citations or complaints relating to this collision which may have been issued to Defendant.

9.      Produce copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statements, signed or otherwise adopted or approved by the Plaintiff, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff about this lawsuit and contemporaneously recorded.

10.     Produce any and all drawings, maps, or sketches of the scene of the accident.

11.     Produce a copy of your telephone bill for the day of the collision.

12.     Produce a copy of the cell phone bill for the cell phone Defendant used just prior to and/or during the collision.

13.     Produce a copy of any and all other lawsuits ever filed against you in the last ten (10) years.

14.     Produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering the Defendant or the automobile being driven by Defendant at the time of the collision.

15.     Produce a copy of the title to the vehicle and/or any other ownership documents regarding the vehicle driven by or for the Defendant.

16.     Please produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs of the vehicle involved in the incident of November 24, 2018.

17.     Produce a copy of each photograph and other document or item of demonstrative evidence you may or will offer as evidence at trial.

18.     Please produce all documents used, referenced or reviewed in answering the interrogatories, which were simultaneously served herewith.

19.     If you are not a citizen of the United States of America, please produce a copy of any United States Work Visa, Green Card or other document evidencing your legal status in the United States of America.

20.     Produce a copy of any and all photographs of any vehicle involved in the subject collision.

21.     Produce true and complete copies of any and all medical records, medical bills, subrogation interests, and/or any other documents related to Plaintiff's injuries that were obtained by Defendant via subpoena.

22.     Any and all documents, writing, memoranda of any kind or nature whatsoever which you intend to introduce into evidence in the trial of this action.

23.     A complete list of all tangible evidence which you intend to introduce in the trial of this action, and please state when such evidence may be examined by counsel for Plaintiff.

24.     Any and all technical publications, treatises, books, codes, standards, articles, statutes, ordinances, regulations or other writings or documents by whatever name described which you, your attorneys, your representatives and any witnesses (whether expert or otherwise) will offer

into evidence upon the trial of this cause or which will be referred to or alluded to or used as a basis of support for any opinion to be offered or opinion or fact to be proved.

25.     Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this action which support or tend to support Defendant's position and/or affirmative defenses.

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

This February 17, 2021.


Respectfully submitted,


/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247


**(the rest of this page left blank intentionally)**

## REQUEST FOR SERVICE OF PROCESS

The Plaintiffs hereby request that the Summons and Complaint in this case be served on the following Defendants by Certified Mail at her respective mailing address as follows:

Erika Gilmore
203 Pickens St.
Eutaw, AL 35462

Keith Avent
6400 Yager Dr.
Moscow, TN 38057

FedEx Freight, Inc.
Registered Agent: CT Corporation Systems
2 North Jackson St., Suite 605
Montgomery, AL 36104

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**

## IN THE CIRCUIT COURT FOR GREENE COUNTY, ALABAMA

| | | |
|---|---|---|
| **CORNELIUS ROSS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No.:  CV - 2021 - _____** |
| *v.* | * | |
| | * | |
| **ERIKA GILMORE, KEITH AVENT,** | * | |
| **FEDEX FREIGHT, INC., and** | * | |
| **Fictitious Defendants "A," "B," and** | * | |
| **"C," whether singular or plural, those** | * | |
| **other persons, corporations, firms or** | * | |
| **other entities whose wrongful conduct** | * | |
| **caused or contributed to cause the** | * | |
| **injuries and damages to Plaintiff, all of** | * | |
| **whose true and correct names are** | * | |
| **unknown to Plaintiff at this time, but** | * | |
| **will be added by amendment when** | * | |
| **ascertained,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

---

### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO
### DEFENDANT AVENT

---

Comes now the Plaintiff, in the above-styled cause and pursuant to pursuant to Rule 36 of the Alabama Rules of Civil Procedure, and request that the Defendant Avent admit or deny the following:

1.  Admit that you were properly served with a copy of the Summons and Complaint in the above-styled action.

2.  Admit that your name, as listed in the Complaint, is stated and spelled correctly.

3.  Admit that jurisdiction and venue are proper in this case.

This February 17, 2021.

Respectfully submitted,


/s/ *Carson S. Hale*

16

CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

## <u>REQUEST FOR SERVICE OF PROCESS</u>

The Plaintiffs hereby request that the Summons and Complaint in this case be served on the

following Defendants by Certified Mail at her respective mailing address as follows:

Erika Gilmore
203 Pickens St.
Eutaw, AL 35462

Keith Avent
6400 Yager Dr.
Moscow, TN 38057

FedEx Freight, Inc.
Registered Agent: CT Corporation Systems
2 North Jackson St., Suite 605
Montgomery, AL 36104

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**

ELECTRONICALLY FILED
2/17/2021 8:25 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT FOR GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| ***v.*** | *  **Case No.:  CV - 2021 - _____** |
| | * |
| **ERIKA GILMORE, KEITH AVENT,** | * |
| **FEDEX FREIGHT, INC., and** | * |
| **Fictitious Defendants "A," "B," and** | * |
| **"C," whether singular or plural, those** | * |
| **other persons, corporations, firms or** | * |
| **other entities whose wrongful conduct** | * |
| **caused or contributed to cause the** | * |
| **injuries and damages to Plaintiff, all of** | * |
| **whose true and correct names are** | * |
| **unknown to Plaintiff at this time, but** | * |
| **will be added by amendment when** | * |
| **ascertained,** | * |
| | * |
| | * |
| **Defendants.** | * |
| | * |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FEDEX

Comes now the Plaintiff, by counsel, and propounds the following interrogatories to the Defendant, FedEx Freight, Inc., (herein after referred to as "Defendant FedEx"), pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof:.

### Definitions and Instructions

a.      These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b.      Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

1

c.      Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiffs' Complaint.

d.      Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e.      The pronoun "you" refers to the party to whom these interrogatories are addressed, and the person or persons mentioned in clause (D).

## INTERROGATORIES

1.      Please identify yourself by stating the following: in what capacity you are authorized to respond to these interrogatories on behalf of this Defendant, your full name, current home address and home addresses for the past ten (10) years, date of birth, social security number, your affiliation to this Defendant, the length of time employed by this Defendant, current title and position, and positions held by you for the last ten (10) years, as well as the complete legal name of this Defendant, any trade name by which this Defendant is identified or under which this Defendant conducts business, any parent companies or subsidiaries and the address and telephone number of your principal office.

**RESPONSE:**

2.      Please state the correct legal name of FedEx Freight, Inc.

**RESPONSE:**

3.      State the name and address of the owner and all occupants of this Defendant's vehicle at the time of the Wreck.

**RESPONSE:**

4.      State whether at the time of the Wreck, Defendant Avent, was acting within the line and scope of his employment with this Defendant.

**RESPONSE:**

5.      Identify any other individual, entity or entities, other than those named defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit. If you contend that the Plaintiff is liable, please explain how and why.

**RESPONSE:**

6.      Describe all training this Defendant provides or requires for its drivers/operators, and include in your answer refer to section of any procedure, training or safety manuals which are employed by this Defendant which are provided to employees or independent contractors. Also please explain any differences between that training and the manner in which Defendant Avent was trained.

**RESPONSE:**

7.      Disclose the interview process you employ before hiring any individual, including, but not limited to, any application for employment; driving test; medical evaluation; face-to-face, electronic or telephonic interview; verification of insurance information; licensing; and safety history.  Also please explain any differences between that process and the process employed prior to hiring Defendant Avent.

**RESPONSE:**

8.      Did Defendant Avent complete an application for employment or any other paperwork prior to being hired or employed by this Defendant? If so, identify the date the application and/or paperwork was completed and the present custodian of same.

**RESPONSE:**

9.      What, if any, background information did you obtain, or attempt to obtain, regarding Defendant Avent's driving history and/or safety record prior to engaging his services or allowing him to use your vehicle?

**RESPONSE:**

10.    Was Defendant Avent's employment as a driver ever suspended based upon any physical impairment or medical condition? If so, state the time period of said suspension, the reason for said suspension, and all steps taken by this Defendant to ensure Defendant Avent could safely perform his duties as a driver upon reinstatement.

**RESPONSE:**

11.    With respect to the vehicle involved in the Wreck, give its complete configuration (including at least the following information):

    a.    What the load was contained in the vehicle at the time of the collision;

    b.    The make(s), model(s), and type(s) of brakes located on said vehicle;

    c.    The make and model of each of the following that may have been on-board the vehicle in question at the time of the collision, to-wit:

        (1) CB Radio;

        (2) Telephone;

        (3) Computer / Laptop;

        (4) A Black Box;

        (5) Electronic Control Module (ECM);

        (6) Recording or data storage devices; and

        (7) Qualcomm system;

**RESPONSE:**

12.    Was the vehicle involved in this Wreck equipped with any event data recording, GPS location devices, speed control devices, or other electronic equipment designed to capture or limit the location and/or operation of the vehicle operated by Defendant Avent? If so, please describe:

    a.    The name of the equipment or device;

    b.    The manufacturer of the equipment or device;

    c.    Whether information has been printed, captured or derived from the equipment and/or device regarding vehicle and/or Wreck;

    d.    Who has possession of any data or information; and,

e.  If the speed of the vehicle was governed, please describe the equipment and speed limit used to govern speed.

**RESPONSE:**

13.  State this Defendant's policy with respect to retention and destruction of driver's logs, time sheets, and trip receipts and explain any differences between that policy and the manner in which Defendant Avent's logs, time sheets, and trip expenses for the trip in question were treated.

**RESPONSE:**

14.  State this Defendant's policy with respect for testing its drivers for substance abuse and explain any differences between that policy and the manner in which it treated Defendant Avent after the Wreck.

**RESPONSE:**

15.  Was a urine sample taken from Defendant Avent within thirty-two (32) hours of the Wreck and, if not, why not?

**RESPONSE:**

16.  Was a blood sample taken from Defendant Avent within eight (8) hours of the Wreck and, if not, why not?

**RESPONSE:**

17.  If the answer to either interrogatory #15 or #16 is affirmative, please state the results of said urine and/or blood sample and the person(s), corporation(s), lab(s) or health care facility responsible for conducting said urine and/or blood sample.

**RESPONSE:**

18.  State this Defendant's policy with respect to having its drivers report accidents, collisions or wrecks to this Defendant and explain what this defendant's drivers are supposed to do

with respect to helping persons who have been injured, protecting its equipment, making statements to the police, making statements to other persons involved in the wrecks, making statements to bystanders and all other actions or inactions required.

**RESPONSE:**

19.   Identify any individual, or anyone acting on this Defendant's behalf, who has personal knowledge of the facts and circumstances of this case, including eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived on the scene within five (5) hours after the Wreck, and the nature of your and/or this Defendant's relationship to each person. Please provide the person's full name and address, giving the street, street numbers, city and state, of every witness know to you and your attorneys, who has knowledge regarding facts and circumstances surrounding the happening of the Wreck, including, but not limited to, eyewitnesses to such Wreck or events.

**RESPONSE:**

20.   Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgments that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the insurer and the amount of any liability or excess insurance coverage.

**RESPONSE:**

21.   State all prior motor vehicle accidents involving Defendant FedEx, for the three (3) year period preceding date of wreck.

**RESPONSE:**

22.   If anyone investigated the Wreck for this Defendant, including experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigator obtained any signed, recorded, transcribed or oral statement

from any individual, identify the person who gave the statement and the present custodian of such statement.

**RESPONSE:**

23.    State the name and address and telephone number of each person having any knowledge related to the Wreck.

**RESPONSE:**

24.    If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams or objects relative to the Wreck, the Plaintiff's physical condition, or the scene of the Wreck, identify the substance of such recording and the present custodian of each such item.

**RESPONSE:**

25.    Do you know of any statement, conversation, comment, testimony or report made by any party to this lawsuit, individual or witness, including Plaintiff, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place, the name, address and telephone number from whom the statement was taken or made, and the custodian of such statement.

**RESPONSE:**

26.    With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:

     a.    His/her name, address, and telephone number;

     b.    The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

     c.    The field in which he/she is to be offered as an expert;

     d.    A summary of his/her qualifications within the field in which he/she is expected to testify;

  e. The substance of the facts to which he/she is expected to testify; and,

  f. The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

27. If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the Wreck and/or the scene of the Wreck, please describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photographs or motion pictures, or copies of same.

**RESPONSE:**

28. List any and all articles, or authoritative materials, statutes, ordinances or codes that this Defendant intends to use, refer to, or present at the trial of this case.

**RESPONSE:**

29. Please state the identity of any person, firm or corporation including their name, address, qualifications, who may have downloaded any event data information or information from an electronic data recorder or black box on board the vehicle being operated by Defendant Avent at the time of the Wreck.

**RESPONSE:**

30. Give the names, business and home addresses, and business and home telephone numbers of each person listed below who was employed by this Defendant or contracted by this Defendant both at the time of the Wreck, as well as at the time these interrogatories are being answered:

a. Safety Director;

b. Director of Safety Program;

c. Medical Review Officer;

d. Director of Employee Assistance Program;

e. Medical Technologist (for blood, urine and breath tests);

f. Dispatcher(s) who dispatched the vehicle from the time it left home base until the collision;

g. Insurance loss control expert for motor carrier's insurance company who has inspected Defendant FedEx's operations;

h. Chief Executive Officer;

i. Motor carrier's officer or official in charge of operational safety;

j. Supervisor of records; and

k. Person(s) who investigated the collision in question for this Defendant, including but not limited to investigator employed by your insurance carrier(s).

**RESPONSE:**


31.   State whether you have information about whether Defendant Avent consumed any alcoholic beverages or drugs, prescription, over the counter, or illicit, within eight (8) hours prior to the Wreck, and if the answer is in the affirmative, state where they were obtained and consumed and the nature and amount thereof.

**RESPONSE:**


32.   State the full itinerary for the forty-eight (48) hours immediately preceding the occurrence of Defendant Avent and vehicle involved in the occurrence, stating the place and time of the beginning of each trip, the place and time and duration of each stop, the routes taken, the final destination, the anticipated time of arrival at that destination and the details of Defendant Avent's sleep/drive schedule for those forty-eight (48) hours.

**RESPONSE:**


33.   Please state with specificity exactly how the Wreck took place and include in your answer the date, time and location of the Wreck, description of the vehicles (including make, model, year), where the vehicles were just prior to the Wreck, how far apart the vehicles were just prior to impact, the speed of each vehicle just before the Wreck, the exact location of each vehicle in relation to the roadway prior to the Wreck, and where the vehicles came to rest.

**RESPONSE:**

34.      Did you, your agents, servants, employees or representatives have any conversation or contact with any of the parties to this lawsuit, any witness to the accident, or any investigator of the occurrence?  If so, state the substance of such conversations and outline the contact.

**RESPONSE:**

35.      Following the Wreck of April 3, 2020, please state:

    a.  The person with this Defendant who was first notified of the accident?

    b.  The date and time this person was notified?

    c.  Whether anyone with this Defendant created a written record regarding the Wreck, and if so, whom?

    d.  Is this record kept in any Vehicle Accident Investigation File or its equivalent?

    e.  Is this record kept in the ordinary course of business?

**RESPONSE:**

36.      What maintenance had been performed on the vehicle of the subject vehicle for the 6 months prior to the collision.  For each such maintenance, please list the following:

      (a)    What prompted the maintenance visit;

      (b)    Who performed the maintenance;

      (c)    Who diagnosed the necessity for maintenance;

      (d)    What diagnosis was rendered;

      (e)    When were the repairs performed;

      (f)    What, if any, parts were replaced; and,

      (g)    Did the problem reoccur?  If so, when?

**RESPONSE:**

37.      Please list all prior or subsequent accidents in which Defendant Avent has been involved, either with other persons or with property.  Please include the name of any other driver or

property owner involved, the location of the collision, the date and time of the collision, and disposition of the matter.

**RESPONSE:**

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

## **REQUESTS FOR PRODUCTION**

These Requests for Production are intended to be continuing in nature. Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering defendant, its attorneys, its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the Alabama Rules of Civil Procedure and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto. This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term "document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements,

working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing.  Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format.  If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained.  For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format.  Because of the variables that may exist in electronic production, the undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege, you must provide a detailed privilege log to substantiate such claim or assertion in accord with Rule 34 of the Alabama Rules of Civil Procedure.  Consider this a formal request for such a log pursuant to the aforementioned Rule.  Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and specific reason(s) why such document is considered to be privileged from disclosure.  Any such privilege log should be produced at or prior to the time a response is required under Rule 34.

The term "you" or "your" shall be construed to mean Defendant FedEx.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts.  If such information differs between the two, please produce all copies of any such transcripts.

## **DOCUMENTS REQUESTED**

1. Please produce the entire drug and alcohol file of Defendant Avent including but not limited to pre-employment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

2. Please produce the entire safety performance history file for Defendant Avent.

3. Please produce any and all state safety audits of Defendant FedEx for the year of this collision and three years prior.

4. Please produce any and all accident reports filed by Defendant FedEx the year of this collision and three years prior.

5. Produce any and all photographs taken by or on behalf of the Defendants which depict any and all vehicles involved in the collision.

6. Produce any and all photographs taken by or on behalf of the Defendants which depict the accident scene.

7. Produce copies of any and all accident documentation kit materials, including, but not limited to, photographs, diagrams, scene information forms, notes by the driver or his companion, exoneration cards, emergency telephone aid cards, witness cards, and any and all other information which has anything to do with the collision at issue.

8. Produce any photographs take of the vehicle operated by the driver at the scene of the collision, or anytime after.

9. Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Defendant Avent.

10. Produce all policies including liability, general liability, excess umbrella for the vehicle and any other insurance that will cover or arguably cover this collision.

11. Please produce a copy of the completion or non-completion of any safe driving programs by Defendant Avent.

12. Please produce a copy of any and all pre-maintenance inspection reports for the vehicle occupied by Defendant Avent on April 3, 2020 for six months prior to April 3, 2020.

13. Please produce any and all medical records of Defendant Avent.

14. Please produce a copy of the driver manual or handbook issued to Defendant Avent.

15. Please produce a copy of the company safety rules issued to Defendant Avent.

16. As to Defendant Avent, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from the information stored by or in computers)*:

    (a.)    Qualification file;

    (b.)    Personnel file;

    (c.)    Any and all written tests;

    (d.)    Any and all disciplinary actions;

    (e.)    Any and all violations of company policy;

    (f.)    Medical Examination Report Form completed by Medical Examiner prior to issuing Medical Certificate;

    (g.)    Log books for three (3) months prior to collision, including the entire month in which the collision occurred;

    (h.)    Time sheets for three (3) months prior to collision, including the entire month in which the collision occurred;

    (i.)    Results of all drug and alcohol tests;

    (j.)    Gas receipts, charge card receipts, hotel receipts, and restaurant receipts for three (3) months prior to the collision, including the entire month in which the collision occurred;

    (k.)    Payroll records for three (3) months prior to the collision including the entire month in which the collision occurred;

    (l.)    Trip receipts for three (3) months prior to the collision including the entire month in which the collision occurred;

    (m.)    Any and all log audit summaries and time sheet summaries for three (3) months prior to the collision;

    (n.)    Documentation given at driver safety meetings, including visual aids;

    (o.)    Documentation regarding phone calls to and from Defendant Avent regarding accident at issue;

    (p.)    1-800 complaints.

17. As to Defendant FedEx, produce any and all of the following documents and records (including documents which are not now in existence but which can be generated by computer from information stored by or in computers):

    (a.)    Accident register for the past five (5) years;

    (b.)    State DOT audits for the past ten (10) years;

    (c.)    Federal DOT audits for the past ten (10) years;

    (d.)    Company's policy manual in effect at the time of the accident;

    (e.)    Motor carrier safety profile;

    (f.)    Violations from DOT inspections for the past three (3) years prior to the collision;

    (g.)    Violations from DOT inspections subsequent to the collision;

    (h.)    Safety policies and procedures manual in effect at the time of the collision.

18. Produce any and all documents and records (including documents which are not now in existence but which can be generated by computer from information stored by or in

computers) which have anything to do with Defendant Avent, the collision at issue, and the vehicle involved in said collision, including but not limited to, the following:

    (a.)    Registration and Title;

    (b.)    Bill of Sale;

    (c.)    Repairs from any and all <u>previous</u> collisions involving the vehicle in question;

    (d.)    Letters to Defendant Avent;

    (e.)    Training and educational documentation;

    (f.)    Documentation regarding phoned in reports concerning accident at issue;

    (g.)    All documentation indicating collision at issue was non-preventable;

    (h.)    All documentation indicating collision at issue was preventable;

    (i.)    Accident policy and procedures manual in effect at time of collision;

    (j.)    Accident investigation policies and procedures in effect at time of collision.

    collision.

19.  To the extent not already produced, please produce all records of Defendant FedEx for the 7 days prior to the collision and for the day of the collision.  Specifically, produce the following materials, as you are required to retain under 49 C.F.R. § 395.8(k) and subsequent DOT guidance and interpretation of supporting documents.

    A.  Bills of lading;

B.  Carrier pros;

C.  Freight bills;

D.  Dispatch records;

E.  Driver call-in records;

F.  Gate record receipts;

G.  Weight/scale tickets;

H.  Fuel billing statements.

I.  Toll receipts;

J.  International registration plan receipts;

K.  International fuel tax agreement receipts;

L.  Trip permits;

M. Lessor settlement sheets;

N.  Port of entry receipts;

O.  Cash advance receipts;

P.  Delivery receipts;

Q.  Lumper receipts;

R.  Interchange and inspection reports;

S.  Over/short and damage reports;

T.  Agricultural inspection reports;

U.  Commercial Vehicle Safety Alliance reports;

V.  Accident reports;

W. Telephone billing statements;

X.  Credit card receipts;

Y.  Driver fax reports;

Z.  On-board computer reports;

AA.    Border crossing reports;

BB.    Custom declarations;

CC.    Traffic citations;

DD.    Overweight/oversize reports and citations;

EE.    And/or other documents directly related to the motor carrier's

operation which are retained by the motor carrier in connection with the

operation of its transportation business.

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil
Procedure, you are under a duty to supplement your disclosures and responses under certain
circumstances.

February 17, 2021.

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

**(the rest of this page left blank intentionally)**

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the foregoing be served along with the Summons and

Complaint, upon defendant, by Certified Mail at their respective mailing address as follows:

Erika Gilmore
203 Pickens St.
Eutaw, AL 35462

Keith Avent
6400 Yager Dr.
Moscow, TN 38057

FedEx Freight, Inc.
Registered Agent: CT Corporation Systems
2 North Jackson St., Suite 605
Montgomery, AL 36104

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**

**IN THE CIRCUIT COURT FOR GREENE COUNTY, ALABAMA**

| | | |
|---|---|---|
| **CORNELIUS ROSS,** | * | |
| | * | |
|   **Plaintiff,** | * | |
| | * | **Case No.:  CV - 2021 - _____** |
|   *v.* | * | |
| | * | |
| **ERIKA GILMORE, KEITH AVENT,** | * | |
| **FEDEX FREIGHT, INC., and** | * | |
| **Fictitious Defendants "A," "B," and** | * | |
| **"C," whether singular or plural, those** | * | |
| **other persons, corporations, firms or** | * | |
| **other entities whose wrongful conduct** | * | |
| **caused or contributed to cause the** | * | |
| **injuries and damages to Plaintiff, all of** | * | |
| **whose true and correct names are** | * | |
| **unknown to Plaintiff at this time, but** | * | |
| **will be added by amendment when** | * | |
| **ascertained,** | * | |
| | * | |
|   **Defendants.** | * | |
| | * | |

---

### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT FEDEX

---

Comes now the Plaintiff, in the above-styled cause and pursuant to pursuant to Rule 36 of the Alabama Rules of Civil Procedure, and request that the Defendant FedEx admit or deny the following:

1. Admit or Deny that Defendant motor carrier is an authorized motor carrier as defined by the Federal Motor Carrier Safety Regulations.

   **RESPONSE:**

2. Admit or Deny that the purpose of the Federal Motor Carrier Safety Administration Regulations is to promote safety.

**RESPONSE:**

3.  Admit or Deny that Defendant motor carrier is required to comply with the Federal Motor Carrier Safety Administration Regulations.

    **RESPONSE:**

4.  Admit or Deny that the State of Alabama has adopted the Federal Motor Carrier Safety Administration Regulations.

    **RESPONSE:**

5.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations require accurate record keeping.

    **RESPONSE:**

6.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to qualify its driver.

    **RESPONSE:**

7.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires a written and signed driver's application for employment.

    **RESPONSE:**

8.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires an investigation of the Defendant motor carrier's driver's employment record for the three years preceding the date of the driver's application.

    **RESPONSE:**

9.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to verify the motor vehicle record for the three years preceding the date of the driver's application.

    **RESPONSE:**

10. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to request driving records annually for its drivers.

    **RESPONSE:**

11. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to perform an annual review of its drivers' driving records.

    **RESPONSE:**

12. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to prepare a driver's Certification of Violations annually.

    **RESPONSE:**

13. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations require Defendant motor carrier's drivers to successfully complete a road test or its equivalent before allowing said driver to operate a commercial vehicle.

**RESPONSE:**

14. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier's drivers to pass a Medical Examination conducted by a licensed health care professional prior to allowing said driver to operate its commercial vehicle.

**RESPONSE:**

15. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to train its drivers prior to allowing the driver to operate its commercial vehicle.

**RESPONSE:**

16. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires that daily inspection reports be prepared by the driver of Defendant motor carrier's commercial vehicle.

**RESPONSE:**

17. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to perform annual inspections of its trucks.

**RESPONSE:**

18. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to supervise its drivers.

   **RESPONSE:**

19. Admit or Deny that Defendant FedEx was properly served with a a copy of the Summons and Complaint in the above-styled action.

   **RESPONSE:**

20. Admit or Deny that your name, as listed in the Complaint, is stated and spelled correctly.

   **RESPONSE:**

21. Admit or Deny that jurisdiction and venue are proper in this case.

   **RESPONSE:**


This February 17, 2021.


                         Respectfully submitted,


                         /s/ *Carson S. Hale*
                         CARSON S. HALE (HAL120)
                         ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247


**(the rest of this page left blank intentionally)**

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the foregoing be served along with the Summons and

Complaint, upon defendant, by Certified Mail at their respective mailing address as follows:

Erika Gilmore
203 Pickens St.
Eutaw, AL 35462

Keith Avent
6400 Yager Dr.
Moscow, TN 38057

FedEx Freight, Inc.
Registered Agent: CT Corporation Systems
2 North Jackson St., Suite 605
Montgomery, AL 36104

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**



AlaFile E-Notice

35-CV-2021-900009.00

To: CARSON SCOTT HALE
    chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following complaint was FILED on 2/17/2021 8:25:17 AM

Notice Date:    2/17/2021 8:25:17 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  ERIKA GILMORE
     203 PICKENS ST.
     EUTAW, AL, 35462

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following complaint was FILED on 2/17/2021 8:25:17 AM

Notice Date:     2/17/2021 8:25:17 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: KEITH AVENT
6400 YAGER DR.
MOSCOW, TN, 38057

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following complaint was FILED on 2/17/2021 8:25:17 AM

Notice Date:      2/17/2021 8:25:17 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   FEDEX FREIGHT, INC.
      2 N JACKSON ST, STE 605
      MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following complaint was FILED on 2/17/2021 8:25:17 AM

Notice Date:    2/17/2021 8:25:17 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>35-CV-2021-900009.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA
### CORNELIUS ROSS V. ERIKA GILMORE ET AL

**NOTICE TO:** ERIKA GILMORE, 203 PICKENS ST., EUTAW, AL 35462
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
CARSON SCOTT HALE
_____ ,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 145 E. MAGNOLIA AVE.  SUITE 201, AUBURN, AL 36830 .
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CORNELIUS ROSS
pursuant to the Alabama Rules of the Civil Procedure.       *[Name(s)]*

| 02/17/2021 | /s/ VERONICA MORTON-JONES | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ CARSON SCOTT HALE
_____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                               *(Name of County)*

Alabama on _____ .
*(Date)*

_____   _____   _____
*(Type of Process Server)*                    *(Server's Signature)*                       *(Address of Server)*

_____   _____
                                                        *(Server's Printed Name)*                    *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>35-CV-2021-900009.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA
### CORNELIUS ROSS V. ERIKA GILMORE ET AL

**NOTICE TO:** KEITH AVENT, 6400 YAGER DR., MOSCOW, TN 38057

<div align="center"><em>(Name and Address of Defendant)</em></div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CARSON SCOTT HALE                                                                                              ,

<div align="center"><em>[Name(s) of Attorney(s)]</em></div>

WHOSE ADDRESS(ES) IS/ARE: 145 E. MAGNOLIA AVE. SUITE 201, AUBURN, AL 36830                  .

<div align="center"><em>[Address(es) of Plaintiff(s) or Attorney(s)]</em></div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CORNELIUS ROSS

<div align="right"><em>[Name(s)]</em></div>

pursuant to the Alabama Rules of the Civil Procedure.

| 02/17/2021 | /s/ VERONICA MORTON-JONES | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ CARSON SCOTT HALE

<div align="center"><em>(Plaintiff's/Attorney's Signature)</em></div>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                    .

<div align="center"><em>(Date)</em></div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,

<div><em>(Name of Person Served)          (Name of County)</em></div>

Alabama on _____ .

<div><em>(Date)</em></div>

_____        _____        _____
<em>(Type of Process Server)</em>          <em>(Server's Signature)</em>              <em>(Address of Server)</em>

_____        _____
<em>(Server's Printed Name)</em>              <em>(Phone Number of Server)</em>

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>35-CV-2021-900009.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA
### CORNELIUS ROSS V. ERIKA GILMORE ET AL

**NOTICE TO:** FEDEX FREIGHT, INC., 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

<div align="center"><em>(Name and Address of Defendant)</em></div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CARSON SCOTT HALE

<div align="center"><em>[Name(s) of Attorney(s)]</em></div>

WHOSE ADDRESS(ES) IS/ARE: 145 E. MAGNOLIA AVE.  SUITE 201, AUBURN, AL 36830

<div align="center"><em>[Address(es) of Plaintiff(s) or Attorney(s)]</em></div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CORNELIUS ROSS

<div align="right"><em>[Name(s)]</em></div>

pursuant to the Alabama Rules of the Civil Procedure.

| 02/17/2021 | /s/ VERONICA MORTON-JONES | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ CARSON SCOTT HALE

<div align="center"><em>(Plaintiff's/Attorney's Signature)</em></div>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

<div align="right"><em>(Date)</em></div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<div align="center"><em>(Name of Person Served)</em>       <em>(Name of County)</em></div>

Alabama on _____.

<div align="center"><em>(Date)</em></div>

_____      _____

<em>(Type of Process Server)</em>       <em>(Server's Signature)</em>       _____

<div align="right"><em>(Address of Server)</em></div>

_____

<div align="center"><em>(Server's Printed Name)</em>       <em>(Phone Number of Server)</em></div>

USPS TRACKING #



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 6286 0274 8988 06

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box•

Veronica Morton-Jones
Circuit and District Court Clerk
P.O. Box 307
Eutaw, AL 35462

**SENDER:** *COMPLETE THIS SECTION*

■ Complete Items 1, 2, and 3.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ~~Jennifer Lockwood~~
   ☐ Agent
   ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
   FEB 2 2 2021

1. Article Addressed to:

FEDEX Freight, Inc.
2 N Jackson ST, STE 605
Montgomery, AL 36104

D. Is delivery address different from Item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

CV-2021-900009



9590 9402 6286 0274 8988 06

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

2. Article Number *(Transfer from service label)*

7020 2450 0000 3556 5251

PS Form **3811**, July 2020 PSN 7530-02-000-9053
                 Domestic Return Receipt



**AlaFile E-Notice**

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: HALE CARSON SCOTT
chale@slocumblaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was served on 2/26/2021

D003 FEDEX FREIGHT, INC.
Corresponding To
CERTIFIED MAIL

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   SARA ELIZABETH DELISLE
       sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following answer was FILED on 3/22/2021 1:25:29 PM

Notice Date:     3/22/2021 1:25:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
3/22/2021 1:26 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

**IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA**

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ERIKA GILMORE, KEITH AVENT, FEDEX FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

**Civil Action No.:  CV-2021-900009**

---

## ANSWER TO COMPLAINT

---

COMES NOW the Defendant, **FEDEX FREIGHT, INC. d/b/a FEDEX FREIGHT**, by and through the undersigned counsel, and for Answer to Plaintiff's Complaint sets down and assigns the following defenses:

### First Defense

Defendant denies each and every material averment not previously admitted herein above and demands strict proof thereof.

### Second Defense

Defendant pleads the general issue.

### Third Defense

Defendant denies the material allegations contained in Plaintiff's Complaint and demands strict proof thereof.

### Fourth Defense

The Complaint fails to state a claim against Defendant upon which relief can be granted.

{DOC# 00716601}

**Fifth Defense**

Defendant avers the Plaintiff was guilty of contributory negligence on the occasion made the subject of this action.

**Sixth Defense**

Plaintiff's claims are barred by the equitable doctrines of waiver and estoppel.

**Seventh Defense**

Defendant pleads the doctrines of laches and unclean hands.

**Eighth Defense**

Defendant pleads the doctrine of last clear chance.

**Ninth Defense**

Defendant pleads the applicable statute of limitations.

**Tenth Defense**

Defendant pleads the defense of no personal or subject-matter jurisdiction.

**Eleventh Defense**

Defendant says the Plaintiff and/or his driver violated one or more of the Rules of the Road of the State of Alabama, and such violation proximately caused, or contributed to cause, the injuries complained of in the Plaintiff's Complaint.

**Twelfth Defense**

For that on the occasion complained of, the Plaintiff assumed the risk of his injuries, with knowledge of the dangers involved in the act the Plaintiff was performing at the time of said injuries.

**Thirteenth Defense**

For that there is no causal connection or relationship between any alleged negligence or wantonness/recklessness on the part of Defendant and the Plaintiff's injuries or damages.

**Fourteenth Defense**

Defendant denies there was any causal relationship between any of its alleged activities and the alleged injuries of the Plaintiff.

**Fifteenth Defense**

Defendant avers the Plaintiff's injuries were proximately caused by the intervening acts of others or an intervening cause.

**Sixteenth Defense**

Defendant claims as a set off any monies received by, or paid on behalf of, the Plaintiff for the acts or injuries alleged in the Plaintiff's Complaint, including insurance proceeds or settlements of any kind.

**Seventeenth Defense**

Defendant pleads the defense of sudden emergency.

**Eighteenth Defense**

Defendant denies the Plaintiff was injured to the nature and extent claimed and contests damages.

**Nineteenth Defense**

Defendant denies Plaintiff's injuries were proximately caused by the accident.

## Twentieth Defense

Defendant pleads as a defense that the Plaintiff failed to mitigate his damages.

## Twenty-First Defense

Defendant pleads the defense of improper service and process of service.

## Twenty-Second Defense

Defendant pleads the defense of unavoidable accident.

## Twenty-Third Defense

Defendant asserts the Plaintiff's Complaint is due to be dismissed for failure to join a necessary and indispensable party.

## Twenty-Fourth Defense

Defendant pleads improper venue.

## Twenty-Fifth Defense

Defendant is not guilty of any conduct that would warrant the imposition of punitive damages against it.

## Twenty-Sixth Defense

Plaintiff's Complaint, to the extent it seeks exemplary or punitive damages, violates Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution, and under the Constitution of the State of Alabama and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

**Twenty-Seventh Defense**

Plaintiff's Complaint, to the extent it seeks punitive or exemplary damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, § 15 of the Constitution of the State of Alabama. Same also violates Defendant's right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of Alabama, and fails to state a cause of action supporting the imposition of punitive or exemplary damages.

**Twenty-Eighth Defense**

Any award of punitive damages to the Plaintiff in this case would violate the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

**Twenty-Ninth Defense**

Any award of punitive damages to the Plaintiff in this case would violate the constitutional safeguards provided to Defendant under the due process clause of the Fourteenth Amendment of the United States Constitution in that punitive damages are vague and not rationally related to legitimate government concern or interest.

**Thirtieth Defense**

Any award of punitive damages to the Plaintiff in this case would violate Article I, § 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and not rationally related to legitimate government concern or interest.

**Thirty-First Defense**

Any award of punitive damages to the Plaintiff in this case would violate the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United

States in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural safeguards afforded to a criminal defendant.

**Thirty-Second Defense**

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose upon Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**Thirty-Third Defense**

It is violative of the self-incrimination clause of Article I, § 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**Thirty-Fourth Defense**

It is violative of the rights guaranteed by the United States Constitution and the Alabama Constitution to impose against Defendant punitive damages, which are penal in nature, by requiring a burden of proof by the Plaintiff which is less than the “beyond a reasonable doubt” burden required in criminal cases.

**Thirty-Fifth Defense**

Any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment of the United States Constitution in that said damages would be an excessive fine in violation of the Excessive Fine Clause to the Eighth Amendment of the Constitution of the United States.

**Thirty-Sixth Defense**

Any award of punitive damages to the Plaintiff in this case would violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

**Thirty-Seventh Defense**

The imposition of punitive damages in this case violates the Due Process Clause of Amendments V and XIV to the United States Constitution, and Article I, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage awards has the substantial chilling effect on the exercise of fundamental rights to order, liberty and of access to the courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by: (1) failing to provide sufficiently objective and specific standards by which a jury may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based upon the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-feasors; (5) by failing to provide sufficiently clear, objective, and specific standard for appellate review for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

**Thirty-Eighth Defense**

The imposition of punitive damages in this case violates the Equal Protection Clause Amendments V and XIV of the United States Constitution, and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6, and 22 of the Alabama

Constitution, because, among other reasons, a criminal defendant is placed in a position of distinctive advantage over a civil defendant of comparable culpability due to the disparity and punitive treatment for similar conduct, and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendants.

### Thirty-Ninth Defense

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which provides an award of punitive damages shall not exceed $1,500,000.00.

### Fortieth Defense

Defendant pleads application of § 6-11-27 of the Alabama Code, which expressly limits the imposition of vicarious liability for the punitive damages authorized to situations in which the principal has either negligently employed or continued to employ the agent guilty of the alleged misconduct; participates in, authorizes or ratifies such misconduct.

### Forty-First Defense

The award of punitive damages against Defendant in this action violates the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559 (1996), and the Alabama Supreme Court in *BMW v. Gore*, 701 So. 2d 507 (Ala. 1997), or *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), on the following grounds:

a.     It is a violation of Defendant's right to due process to impose punitive damages to deter future conduct, where less drastic remedies could achieve this goal;

b.      It is a violation of due process to subject Defendant to punitive damages without providing Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

c.      It is a violation of Defendant's rights to due process to impose punitive damages which are grossly excessive.

## Forty-Second Defense

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a Defendant for injury that it inflicts upon non-parties or those whom they directly represent, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

## Forty-Third Defense

Defendant denies Mr. Avent was incompetent; denies it had knowledge of Mr. Avent's incompetence; and denies it exercised a lack of reasonable care in hiring/training/retaining/supervising Mr. Avent and/or entrusting Mr. Avent with any of its equipment.

**Forty-Fourth Defense**

Defendant avers that Plaintiff contributed to his negligence when riding as a passenger with an incompetent and/or impaired driver violating Section 32-5A-191 of the Code of Alabama.

**Forty-Fifth Defense**

Defendant pleads *forum non conveniens* pursuant to Ala. Code Section 6-3-21.1.

**Forty-Sixth Defense**

Defendant reserves the right to amend its Answer to include any other matter that might constitute an avoidance or affirmative defense.

**DEFENDANT HEREBY DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

 /s/ *Sara Elizabeth Delisle*
Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Attorneys for Defendant FedEx Freight

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057
E-mail:        lrichmond@carrallison.com
              sbdelisle@carrallison.com

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 22nd day of March, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

    **_____** Facsimile transmission;
    **_____** Hand Delivery;
    **_____** Electronic Mail;
    **_____** Placing a copy of same in the United States Mail, properly
                addressed and first-class postage prepaid to; and/or
   **X** Using the Alafile or CM/ECF system which will send notifications
                of such to the following:

Carson S. Hale, Esq.
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave, Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com

                                    /s/ Sara Elizabeth DeLisle
                                    OF COUNSEL



AlaFile E-Notice

35-CV-2021-900009.00

To:  SARA ELIZABETH DELISLE
     sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following answer was FILED on 3/22/2021 1:25:29 PM

Notice Date:     3/22/2021 1:25:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  GILMORE ERIKA (PRO SE)
     203 PICKENS ST.
     EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following answer was FILED on 3/22/2021 1:25:29 PM

Notice Date:     3/22/2021 1:25:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following answer was FILED on 3/22/2021 1:25:29 PM

Notice Date:      3/22/2021 1:25:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  FEDEX FREIGHT, INC. (PRO SE)
     2 N JACKSON ST, STE 605
     MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following answer was FILED on 3/22/2021 1:25:29 PM

Notice Date:     3/22/2021 1:25:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following answer was FILED on 3/22/2021 1:25:29 PM

Notice Date:     3/22/2021 1:25:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  DELISLE SARA ELIZABETH
sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/22/2021 1:42:19 PM

D003 FEDEX FREIGHT, INC.

MOTION FOR CHANGE OF VENUE/TRANSFER

[Filer: SAUNDERS ANNA CERISE]

Notice Date:     3/22/2021 1:42:19 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
3/22/2021 1:42 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

**STATE OF ALABAMA**     Revised 3/5/08     Cas...

Unified Judicial System

35-GREENE     ☐ District Court   ☑ Circuit Court     CV2...

CORNELIUS ROSS V. ERIKA GILMORE ET AL

## CIVIL MOTION COVER SHEET

*Name of Filing Party:* D003 - FEDEX FREIGHT, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

ANNA CERISE SAUNDERS

100 VESTAVIA PARKWAY

BIRMINGHAM, AL 35216

*Attorney Bar No.:* SAU019

☑ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☑ Change of Venue/Transfer |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Compel |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Motion to Intervene ($297.00) | ☐ Disburse Funds |
| ☐ Other _____ | ☐ Extension of Time |
| pursuant to Rule _____ ($50.00) | ☐ In Limine |
| | ☐ Joinder |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $ 0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:

3/22/2021 1:42:12 PM

Signature of Attorney or Party

/s/ ANNA CERISE SAUNDERS

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
3/22/2021 1:42 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| CORNELIUS ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ERIKA GILMORE, KEITH AVENT, FEDEX FREIGHT, INC., et al. | ) |
| | ) |
| Defendants. | ) |

Civil Action No.:  CV-2021-900009

**HEARING REQUESTED**

---

### DEFENDANT'S MOTION TO TRANSFER VENUE

---

Plaintiff Cornelius Ross, a resident of Jefferson County, was riding in the car late at night with an intoxicated Defendant Erika Gilmore on Glasgow Hollow Road in Jefferson County when Defendant Gilmore failed to yield to the right-of-way at a stop sign, pulled out onto Highway 78 into the right lane directly in front of FedEx Freight driver Avent, and collided with Avent's tractor-trailer[1].  Investigating Officers Milton W. Bice and James Eastis responded to the scene from the Adamsville Police Department, which is located in Jefferson County.  Thereafter, Plaintiff Ross was taken to UAB Hospital in Jefferson County for medical treatment.[2]

In short, all the events underlying this action occurred in Jefferson County and substantially all sources of evidence pertaining to this action are located in Jefferson County. Pursuant to Ala. Code § 6-3-21.1, and in the interest of justice and convenience to all parties and persons involved, Defendant FedEx Freight, Inc. d/b/a FedEx Freight ("FXF") moves this Court to transfer this action to the Circuit Court of Jefferson County, Alabama.

---

[1] (*See generally* Complaint, Doc. 2; Affidavit of Deputy Eastis, attached hereto as Exhibit 1; Alabama Uniform Traffic Crash Report, attached to Exhibit 1 as Exhibit A, hereinafter "Exhibit 1A").
[2] (Ex. 1A).

## FACTUAL BACKGROUND

The accident giving rise to this lawsuit occurred nearly one year ago, on April 3, 2020.[3] Plaintiff filed this lawsuit on February 17, 2021, in Greene County, Alabama. Interestingly, Plaintiff brought this action against Defendant Gilmore, who was driving him at the time of the accident and allegedly lives in Greene County. Plaintiff has asserted claims for negligence, wantonness, and negligence *per se* against Defendant Gilmore. Plaintiff specifically alleges that Defendant Gilmore violated Section 32-5A-191 of the Alabama Code (1975), which provides that no person shall operate a vehicle under the influence of alcohol or any substances that renders her incapable of driving safely.  This means Plaintiff voluntarily rode in a vehicle driven by an impaired person and is now suing that impaired person in order to bring this lawsuit in Greene County.

Plaintiff also brought claims of negligence and wantonness against FXF Driver Keith Avent alleging that, as a result of Avent's negligence and/or wantonness, Avent allowed his vehicle to collide with the vehicle in which Plaintiff was riding. At all relevant times, Avent was a resident of Fayette County, Tennessee.

Plaintiff has also named FXF as a Defendant alleging that Driver Avent was an employee and/or agent of FXF. Plaintiff brought claims of negligence, wantonness, negligent and wanton entrustment, negligent and wanton hiring, training, retention, and supervision against FXF. At all relevant times, FXF's principal place of business was in Memphis, Tennessee.

**As detailed at great length below, the single event giving rise to this action took place in Jefferson County and substantially all documents and evidence related to that event are located in Jefferson County**.[4] The only connection to Greene County is that one of three defendants allegedly lives there. Furthermore, Officer Eastis has asserted in his Affidavit

---

[3] (Doc. 2).
[4] (Ex. 1, Aff. of Deputy Eastis).
{DOC# 00717348}                    2

that it would be inconvenient for him to attend trial in Greene County, and much more convenient to attend trial in Jefferson County.[5]   Under Ala. Code § 6-3-21.1, the interest of justice and the convenience of the parties require transfer of this case to the Circuit Court of Jefferson County.

<u>**ARGUMENT**</u>

Alabama Code Section 6-3-21.1 provides as follows: "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction **shall**, for the convenience of the parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed[.]" Ala. Code § 6-3-21.1(a) (emphasis added). As the Alabama Supreme Court has noted, this statute is "compulsory, and the use of the word "shall" is "imperative and mandatory." *Ex parte Sawyer,* 892 So.2d 898, 905 n. 9 (Ala.2004); *Ex parte Prudential Ins. Co. of America,* 721 So.2d 1135, 1138 (Ala.1998) (comparing the use of the word "shall" in Alabama's interstate *forum non conveniens* statute, Ala.Code 1975, § 6–5–430, with its use in § 6–3–21.1). Accordingly, a court **<u>must</u>** transfer venue when doing so would (1) serve the convenience of the parties and witnesses; or (2) serve the interest of justice. *Ex Parte Ford Motor Co.,* 561 So.2d 244, 246 (Ala. Civ. App. 1990). A defendant seeking transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice. *Ex parte Southeast Ala. Timber Harvesting, LLC*, 94 So. 3d 371, 373 (Ala. 2012).

The decision to change venue is, "to some degree, left to the discretion of the court in the original forum," but that discretion "is not unbridled." *Ex parte Eng'g Design Group, LLC*, 200 So. 3d 634, 643 (Ala. 2016) (holding change of venue was proper and the connection with the county was strong where the dam made the basis of the suit failed).  **"[W]here the convenience of the**

---

[5] (Ex. 1, Aff. of Deputy Eastis).

{DOC# 00717348}                   3

parties and witnesses or the interest of justice would be best served by a transfer, § 6-3-21.1 *compels* the trial court to transfer the action to the alternative forum." *Ex parte Midsouth Paving, Inc.*, 250 So. 3d 527, 531 (Ala. 2017) (internal citation and quotation marks omitted) (emphasis added); see also *Ex parte Maynard, Cooper & Gale, P.C.,* 280 So. 3d 391, 397 (Ala. 2018).

Likewise, the *forum non conveniens* statute imposes upon the trial courts both "the power ***and the duty*** to transfer a case when 'the interest of justice' requires a transfer." *Ex parte Eng'g Design Group, LLC*, 200 So. 3d 634, 643 (Ala. 2016) (internal citations and quotation marks omitted) (emphasis in original).

While satisfaction of *either* prong of § 6-3-21.1 mandates transfer, **both** are met here.

**I.      The "interest of justice" requires transfer to Jefferson County.**

This lawsuit should be transferred to Jefferson County because it has a strong connection to this lawsuit while Greene County has little to no connection to this lawsuit.  The "interest of justice" prong "requires 'the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.'" *Ex parte Elliott*, 254 So. 3d 882, 885 (Ala. Dec. 22, 2017) (quoting *Ex parte Nat'l Sec. Ins. Co.*, 727 So. 3d 788, 790 (Ala. 1998)). In analyzing this prong, the court should focus on "whether the 'nexus' or 'connection' between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action." *Id.*

To warrant a transfer, "the county to which transfer is sought must have a 'strong' nexus or connection to the lawsuit, while the county from which the transfer is sought must have a 'weak' or 'little' connection to the action." *Ex parte J & W Enters., LLC*, 150 So. 3d 190, 196 (Ala. 2014). This analysis considers "the burden of piling court services and resources upon the people of a county that is not affected by the case and…the interest of the people of a county to have a cause

that arises in their county tried close to public view in their county." *Ex parte Indiana Mills & Mfg., Inc.*, 10 So. 3d 536, 540 (Ala. 2008) (internal citations and quotation marks omitted).

"Although it is not a talisman, **the fact that the injury occurred in the proposed transferee county is assigned considerable weight** when determining whether to change venue under interest of justice prong of *forum non conveniens* statute." *Ex parte Complete Employment Services, Inc.*, 158 So.3d 461 (Ala. Civ. App. 2014) (emphasis added).

### A. The interest of justice mandates a transfer to Jefferson County because the accident occurred in Jefferson County, the Plaintiff received medical treatment in Jefferson County, and no material events occurred in Greene County.

Jefferson County has a strong connection to this case that warrants transfer from Greene County, which has a weak connection. As shown in the accident report, the Complaint, and attached affidavit, all of the issues addressed in Plaintiff's Complaint took place in Jefferson County, Alabama. This case must be transferred to Jefferson County because the accident at issue occurred in Jefferson County and other material factors weigh in favor of the case being heard there. Plaintiff's claims arise from Defendant Gilmore, Avent, and FXF's alleged conduct in Jefferson County, and Plaintiff received medical care in Jefferson County. **Additionally, no material events concerning the claims in this action occurred in Greene County.** *See Ex parte Benton*, 226 So.3d 147, 150–51 (Ala. 2016) (explaining that "great weight" must be given "to the fact that the accident occurred in Shelby County and to the fact that no material events occurred in Bibb County"); see also *Ex parte Complete Employment Services, Inc.*, 158 So.3d 461 (Ala. Civ. App. 2014) (the fact that the injury occurred in the proposed transferee county is given "considerable weight" when determining whether to change venue).

Based on the foregoing, it is beyond dispute that Jefferson County has a strong connection to this lawsuit. If Defendant Avent or FXF committed any act or omission or breached any applicable duty of care to Plaintiff, that act or omission or breach of duty of care occurred in

Jefferson County. This is a primary determinant of whether a county has a strong connection to the dispute under Alabama law. *See Ex parte Eng'g Design Group*, 200 So. 3d at 640 ("in determining whether a county has a strong connection to a case, the fact that a defendant's allegedly wrongful conduct occurred there carries considerably more weight than the fact that a plaintiff's injury was felt elsewhere").

To the extent Plaintiff was harmed by any act or omission of Avent or FXF, that harm necessarily occurred in Jefferson County where accident occurred. This, too, is a primary determinant of whether a county has a strong connection to the dispute under Alabama law. *Ex parte Wachovia Bank,* 77 So.3d 570, 573-4 (Ala. 2011) ("[T]he fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis."). In fact, the Alabama Supreme Court has expressly instructed that "litigation should be handled in the forum where the injury occurred." *Ex parte Fuller,* 955 So. 2d 414, 416 (Ala. 2006) (citing *Ex parte Sawyer,* 892 So. 2d 898, 904 (Ala. 2004)).

Furthermore, as detailed above, all in-state witnesses, other than the Defendant Gilmore, with potentially relevant information related to these events are in Jefferson County. (Ex. 2, Aff. of Deputy Eastis). In addition, all the relevant documents related to the accident are located in Jefferson County at the Adamsville Police Department. (Ex. 2, Aff. of Deputy Eastis). This accident occurred on roads in Jefferson County, near a gas station in Jefferson County, and any potential witnesses—known or unknown at this time—were in Jefferson County at the time of the accident. Likewise, the emergency medical technicians who responded to this accident were from Jefferson County and took the Plaintiff to UAB Hospital for treatment in Jefferson County.  Thus, Plaintiff's treating physicians and emergency medical transportation personnel are in Jefferson County.

On the other hand, Greene County has little to no connection to this case. None of the relevant events happened in Greene County. None of the parties, save Defendant Gilmore, are residents of Greene County.  The investigating officers who responded to the accident are not located in Greene County and were not working for Greene County when the accident occurred. None of the evidence related to this accident is located in Greene County.  Importantly, neither FXF nor Driver Avent are linked to Greene County as both are out-of-state defendants. Furthermore, a Greene County court and jury should not be burdened with analyzing an accident that has no connection to their county or with roads and an intersection with which they are likely unfamiliar.

The Alabama Supreme Court has repeatedly held that a defendant's mere residence in a county is the hallmark of a "weak connection to the case"—in other words, the fact that Defendant Gilmore allegedly lives in Greene County is a "weak connection to the case" under Alabama law. *Ex parte Eng'g Design Group*, 200 So. 3d at 642-43 (citing as examples, *inter alia*, *Ex parte Morton*, 167 So. 3d 295, 302 (Ala. 2014) (noting that Greene County was "connected to th[e] case only by the fact that[one of the defendants] reside[d] there – a connection this Court has characterized as 'weak'"); *Ex parte Southeast Ala. Timber Harvesting, LLC,* 94 So. 3d 371, 376 (Ala. 2012) ("Chambers County's sole connection with the case – that it is the principal place of business of [one of the defendants] – is weak in comparison to Lee County's connection with the case."); *Ex parte Wachovia Bank,* 77 So. 3d at 575 (noting, in granting a petition for a writ of mandamus directing the transfer of the case, that "no material act or omission occurred in the forum county" and that the forum county's sole contact with the case was that two of the three defendants resided there); *Ex parte Autauga Heating & Cooling, LLC,* 58 So. 3d 745, 750 (Ala. 2010) (noting that, where Montgomery County's only connection to the case was that one defendant resided there and another conducted business there, there was "no need to burden

Montgomery County, with its weak connection to the case, with an action that arose in Elmore County"); and *Ex parte Indiana Mills,* 10 So. 3d at 542 (noting that, where the only connection between Macon County and the case was that one defendant resided there and another defendant did business there, there was no need for Macon County, with its weak connection with [the] case, to be burdened with an action that arose in Lee County")).

In *Ex parte Morton*, 167 So. 3d 295, 302 (Ala. 2014), the Alabama Supreme Court held that the trial court abused its discretion in denying the defendants' motion to transfer venue under strikingly similar circumstances. The plaintiff there, a resident of Jefferson County, filed a complaint in the Greene County Circuit Court against Defendant, a resident of Greene County, asserting claims that arose out of an automobile accident that had occurred in Jefferson County. *Id.* at 297. After the accident, Plaintiff was treated at a hospital in Jefferson County and later received medical treatment at four health-care facilities located in Jefferson County. *Id.* Morton filed a motion to transfer the case to Jefferson County based on the doctrine of *forum non conveniens;* the trial court denied that motion, and Morton petitioned the Supreme Court of Alabama for a writ of mandamus. *Id.* In reversing the trial court's opinion, the Alabama Supreme Court noted that,

> **Jefferson County has a significantly stronger connection to this case than does Greene County, which is connected to this case only by the fact that [the sole Defendant] resides there—a connection this Court has characterized as weak… Accordingly, the interest of justice overrides Plaintiff's choice of forum.**

*Id.* at 302. (internal citations omitted).

Similarly, in *Ex parte Autauga Heating & Cooling, LLC,* the Alabama Supreme Court issued a writ of mandamus directing the Montgomery Circuit Court—in the interest of justice—to transfer the action to Elmore County. 58 So.3d at 747. That case arose out of an automobile

accident involving the Plaintiff, a resident of Elmore County, and Defendant Rogers, a resident of Montgomery County. The vehicle being operated by Rogers at the time of the accident was owned by Autauga Heating & Cooling, LLC ('Autauga'), which had its principal place of business in Autauga County. The accident occurred in Elmore County, and Plaintiff received treatment at the scene of the accident from emergency medical personnel who lived in Elmore County. 58 So.3d at 749. When an action was brought against Defendant Rogers in the county of his residence, Montgomery County, Rogers sought the removal of the action to Elmore County, the situs of the alleged acts or omissions and the place of the injury.

The Alabama Supreme Court concluded that a transfer of the case was required. In so doing, the Court stated as follows:

> Although we agree with [Plaintiff] that the case has a connection with Montgomery County because [Defendant] Rogers is a resident of Montgomery County and [Autauga] may have some business connections there, ... the overall connection between Montgomery County and this case is weak and ... the connection between the case and Elmore County is strong.... *Besides the fact that Rogers is a resident of Montgomery County, there was no other evidence before the trial court indicating a connection between the case and Montgomery County.* The accident underlying this action occurred in Elmore County, and the emergency personnel who responded to the accident were from Elmore County. The plaintiff herself is a resident of Elmore County. This Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County **simply because the individual defendant resides in Montgomery County** and the corporate defendant does some business there.

58 So.3d at 750 (emphasis added) (internal citations omitted).

There, the Court in *Autauga* relied on and discussed *Ex parte Indiana Mills & Manufacturing, Inc. Ex parte Indiana Mills,* 10 So. 3d at 542. In *Indiana Mills*, the Alabama Supreme Court again addressed similar facts where the decedent was driving a garbage truck in Lee County owned by his employer and the truck crashed. *Id.* at 538. The plaintiff was ejected from the truck and was transferred to a hospital in Lee County before dying from his injuries. *Id.*

The plaintiff's widow filed a complaint in Macon County against the manufacturers of the garbage truck and the seat belts in the truck and three employees of the decedent's employer. *Id.* The employer's principal place of business was in Tallapoosa County. *Id.* The employer conducted business in Macon County, and one of the individual defendants lived in Macon County. *Ex parte Indiana Mills,* 10 So. 3d at 538. The defendants moved the trial court to transfer the case to Lee County based on the doctrine of *forum non conveniens*. *Id.* at 539. The trial court denied that motion, and the defendants petitioned The Alabama Supreme Court for mandamus relief. *Id.* The Alabama Supreme Court granted the defendants' mandamus petition and ordered the trial court to transfer the case from Macon County to Lee County based on the "interest of justice" prong of § 6–3–21.1. *Id.* at 539. In doing so, the Court noted that the accident occurred in Lee County, that the law-enforcement and emergency personnel who had responded to the accident were based out of Lee County, the chief deputy coroner who investigated the decedent's death did his work in Lee County, and the records and documents of the fire department that responded to the accident were located in Lee County. *Id.* at 541. Comparing this to the fact that only one of the individual defendants resided in Macon County and that the employer conducted business there, there being no other relevant facts involving Macon County, the court held that the nexus between Lee County and the case was strong, the nexus between Macon County and the case was weak, and the trial court thus had exceeded its discretion in refusing to transfer the case to Lee County. *Ex parte Indiana Mills,* 10 So. 3d at 542-43*; Ex parte Autauga Heating & Cooling,* 58 So.3d at 750 (discussing *Ex parte Indiana Mills*).

Here, as in *Ex parte Morton*, *Autauga Heating & Cooling* and *Indiana Mills,* any alleged injuries to Plaintiff occurred in Jefferson County—the county to which the transfer is sought. Also here, like *Ex parte Morton*, *Autauga Heating & Cooling* and *Indiana Mills,* no material act or omission occurred in Greene County—the forum county. Furthermore, as in *Indiana Mills,* the

accident investigation here occurred in Jefferson County—the county to which the transfer was sought.[6] And as in *Ex parte Morton, Ex parte Autauga Heating & Cooling, LLC*, and *Ex parte Indiana Mills & Manufacturing, Inc.*, Plaintiff is a resident of Jefferson County and received treatment in medical facilities located in Jefferson County, the county to which the transfer is sought.[7]

Jefferson County clearly has a significantly stronger connection to this case than Greene County, which is connected to this case only by the fact that one of three defendants resides there—a connection this Court has characterized as "weak." See *Autauga Heating & Cooling,* 58 So.3d at 750 ("This Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County and the corporate defendant does some business there."); *Indiana Mills,* 10 So.3d at 542 ("We see no need for Macon County, with its weak connection with this case, to be burdened with an action that arose in Lee County simply because one of several defendants resides there. Instead, Lee County clearly has a strong connection with this case."); *see also Ex parte Verbena United Methodist Church,* 953 So.2d 395, 400 (Ala.2006) (holding that the "weak nexus" with the county in which an action was filed did not "justify burdening" that county with the trial of that action; thus, the doctrine of *forum non conveniens* required the case be transferred to a county that had "a much stronger nexus"). Accordingly, FXF has met its burden of showing that transfer of this action to Jefferson County is justified in the interest of justice.

---

[6] (Ex. 1, Aff. of Deputy Eastis).
[7] (Doc. 1).

{DOC# 00717348}                              11

II.    **"Convenience for the parties and witnesses" requires transfer to Jefferson County.**

The purpose of the doctrine of *forum non conveniens* is to prevent the waste of time, energy, and money and to protect witnesses, litigants, and the public against unnecessary expense and inconvenience.  *Ex parte Sanders*, 2020 WL 3478601 (Ala. 2020). As the Alabama Supreme Court has stated, "'one of the fundamental purposes of the doctrine of *forum non conveniens* is to spare witnesses the unnecessary inconvenience associated with testifying in a distant forum.'" *Id.* (quoting *Ex parte Sawyer*, 892 So. 3d at 904). In determining whether transfer is appropriate, the trial court should consider "the relative ease of access to sources of proof, the location of the evidence, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the possibility of a view of the premises, if a view would be appropriate to the action, and any other matter in order to assess the degree of actual difficulty and hardship that would result to the defendant in litigating the case in the forum chosen by the plaintiff." *Ex parte DaimlerChrysler Corp.*, 899 So. 2d 928, 934 (Ala. 2004) (quoting *Ex parte Ben-Acadia, Ltd.*, 566 So. 2d 486, 488 (Ala. 1990)); *Ex parte Kia Motors, America, Inc.*, 881 So. 2d 396, 400 (Ala. 2003).

Although Defendant Gilmore resides in Greene County, this action arises out of an accident that occurred in Jefferson County, involves a plaintiff who resides in Jefferson County, and another out-of-state driver who was driving thru Jefferson County when the accident occurred. The evidence essential to this lawsuit is in Jefferson County. Furthermore, the investigating officer, Deputy Eastis, who was working in Jefferson County when this accident occurred stated clearly in his Affidavit that Jefferson County is a significantly more convenient

forum for him.[8] Jefferson County is a far more convenient forum for four of three parties to this lawsuit.

Likewise, all documents, files, and evidence related to the accident at issue in the complaint are located in Jefferson County.[9] "The substance of a nonparty witness's testimony is equally as important as the witness's physical location when determining whether the doctrine of *forum non conveniens* is applicable." *Ex parte DaimlerChrysler*, So. 2d at 936 (citing *Ex parte Preston Hood Chevrolet, Inc.,* 638 So. 2d 842, 845 (Ala. 1994)). The attached affidavit shows that Jefferson County holds substantially all of the documents, files, information, and other evidence concerning the accident forming the basis of the complaint. Further, the Plaintiff resides in Jefferson County, and the investigating officer has stated it would be far more convenient for them to attend court proceedings or other discovery proceedings in Jefferson County. Likewise, the emergency medical technicians who responded to this accident came from Jefferson County, the treatment facility and treating physicians were in Jefferson County, and any potential witnesses to the accident were in Jefferson County at the time of the accident. Accordingly, the convenience of the parties mandates transfer of this case to Jefferson County.

## CONCLUSION

This personal injury action arises from a motor vehicle accident that occurred entirely in Jefferson County, Alabama and involves (1) a Plaintiff who resides in Jefferson County; (2) two Defendants, FedEx Freight, and its driver, Keith Avent, who were doing business in Jefferson County at the time of the accident; (3) investigating officers who responded to this accident who were employees of the Adamsville Police Department, which is located in Jefferson County; and,

---

[8] (Ex. 1, Aff. of Deputy Eastis).
[9] (Ex. 1, Aff. of Deputy Eastis, ¶ 5).

{DOC# 00717348}                                      13

(4) medical providers located in Jefferson County.  In short, all of the events underlying this action occurred in Jefferson County and substantially all sources of evidence related to this action are located in Jefferson County.

Pursuant to Ala. Code § 6-3-21.1, and in the interest of justice and convenience to all parties and persons involved, Defendant FEDEX FREIGHT, INC. d/b/a FEDEX FREIGHT ("FXF") moves this Court to transfer this action to the Circuit Court of Jefferson County, Alabama.

Respectfully submitted,

 /s/ *Sara Elizabeth Delisle*
Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Anna C. Saunders (SAU019)
Attorneys for Defendant FedEx Freight


**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:     (205) 822-2006
Facsimile:      (205) 822-2057
E-mail:         lrichmond@carrallison.com
                sbdelisle@carrallison.com

{DOC# 00717348}                          14

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of March 2021, I have served a copy of the above and foregoing on counsel for all parties by:

| | |
|---|---|
| **_____** | Facsimile transmission; |
| **_____** | Hand Delivery; |
| **_____** | Electronic Mail; |
| **_____** | Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or |
| **X** | Using the Alafile or CM/ECF system which will send notifications of such to the following: |

Carson S. Hale, Esq.
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave, Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com

/s/ Sara Elizabeth DeLisle
OF COUNSEL



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   ANNA CERISE SAUNDERS
      asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/22/2021 1:42:19 PM

D003 FEDEX FREIGHT, INC.

MOTION FOR CHANGE OF VENUE/TRANSFER

[Filer: SAUNDERS ANNA CERISE]

Notice Date:     3/22/2021 1:42:19 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  GILMORE ERIKA (PRO SE)
     203 PICKENS ST.
     EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/22/2021 1:42:19 PM

D003 FEDEX FREIGHT, INC.
MOTION FOR CHANGE OF VENUE/TRANSFER
[Filer: SAUNDERS ANNA CERISE]

Notice Date:     3/22/2021 1:42:19 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/22/2021 1:42:19 PM

D003 FEDEX FREIGHT, INC.

MOTION FOR CHANGE OF VENUE/TRANSFER

[Filer: SAUNDERS ANNA CERISE]

Notice Date:     3/22/2021 1:42:19 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/22/2021 1:42:19 PM

D003 FEDEX FREIGHT, INC.
MOTION FOR CHANGE OF VENUE/TRANSFER
[Filer: SAUNDERS ANNA CERISE]

Notice Date:      3/22/2021 1:42:19 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

---



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  DELISLE SARA ELIZABETH
sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/22/2021 1:42:19 PM

D003 FEDEX FREIGHT, INC.
MOTION FOR CHANGE OF VENUE/TRANSFER
[Filer: SAUNDERS ANNA CERISE]

Notice Date:     3/22/2021 1:42:19 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: RICHMOND LEA IV
lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/22/2021 1:42:19 PM

D003 FEDEX FREIGHT, INC.
MOTION FOR CHANGE OF VENUE/TRANSFER
[Filer: SAUNDERS ANNA CERISE]

Notice Date:     3/22/2021 1:42:19 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  DELISLE SARA ELIZABETH
     sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/23/2021 12:15:22 PM

D003 FEDEX FREIGHT, INC.
SUPPLEMENT
[Filer: SAUNDERS ANNA CERISE]

Notice Date:     3/23/2021 12:15:22 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
3/23/2021 12:15 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

EXHIBIT 1

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| CORNELIUS ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: CV-2021-900009 |
| ERIKA GILMORE, KEITH AVENT, FEDEX | ) |
| FREIGHT, INC., et al. | ) |
| | ) |
| Defendants. | ) |

---

## AFFIDAVIT OF DEPUTY JAMES EASTIS

---

I, Deputy James Eastis, hereby offer the following as my sworn affidavit:

1.      I am over nineteen (19) years of age and am competent to make this affidavit. It is based upon my personal knowledge.

2.      At the time of this accident, I was a police officer employed by the Adamsville Police Department. I am currently employed as a Deputy Sheriff with the Chilton County Sheriff's Office.

3.      On April 3, 2020, I responded to the scene of an accident involving Erika Gilmore, Cornelius Ross, and Keith Avent. The accident occurred in Jefferson County, Alabama. Attached as **Exhibit A** is a copy of the accident report I prepared for this accident.

4.      I interviewed Keith Avent as part of my accident investigation.

5.      Any other records prepared by the Adamsville Police Department regarding this accident would be located in Jefferson County.

6.      I am aware that Cornelius Ross has filed a lawsuit against Erika Gilmore, Keith Avent, and FedEx Freight, Inc. I am also aware the lawsuit is pending in Greene County. My post is in the northern part Chilton County which is approximately 50 miles from the Jefferson County Courthouse. Also, I live in Shelby County which is approximately 30 miles from the Jefferson County Courthouse. On the contrary, the Greene County Courthouse is approximately 90 miles from my post in Chilton County and approximately 100 miles from Shelby County, where I live. I could attend a trial in Greene County, but it would be inconvenient for me to do so given the significant difference in distance. It would be more convenient for me to attend a trial in Birmingham.

        Further Affiant sayeth not.

James Eastis

STATE OF ALABAMA        )
Chilton   COUNTY        )

BEFORE ME, a Notary Public in and for said County and State, personally appeared James Eastis, who being by me first duly sworn and who being known to me, deposes and says that the facts set out in the foregoing Affidavit are true and correct to the best of his knowledge, information and belief.

SWORN TO AND SUBSCRIBED before me on this the 10th day of March , 2021.

Notary Public

My Commission Expires: 2/5/2023

EXHIBIT 1A

AST-27
REV. 06/08

# ALABAMA UNIFORM TRAFFIC CRASH REPORT

| Crash Report Case No. | 0638140 |
|---|---|

| Check if Amendment | |
| Check if Error Correction ✓ | |

| # Vehicles | # Pedestrians | # Injured | # Fatalities | # Unit 1 Type | Unit 2 Type |
|---|---|---|---|---|---|
| 2 | 0 | 1 | 0 | 1 | 11 |

| Local Case No. | 200400001999 |
|---|---|

Sheet  1

## LOCATION AND TIME

| Date | 04 | 03 | 2020 | Time | Day of Week | County | | City | | Rural | Local Zone |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Month | Day | Year | 11:17 PM | Fri | Jefferson | | Adamsville | | | N/A |

| Hwy Class. | On Street, Road, Highway | At Intersection of or Between (Node 1) | And (Node 2) |
|---|---|---|---|
| 2 | US-78 | Galsgow Hollow Rd. | |

| | (On) Street/Road/Hiway <--- Code | 1 2 <--- --> Node Code | | | | From Node 1 |
|---|---|---|---|---|---|---|
| | S005 | 1439 | N/A | | N/A | |

| Mile Post | Control Access Hwy Loc | Primary Contrib Circums | Primary Contributing Unit # | First Harmful Event Location | First Harmful Event | Most Harmful Event |
|---|---|---|---|---|---|---|
| 143.6 | 97 | 32 | 1 | 23 | 1 | 23 |

| Distance to Fixed Object | Roadway Junction/Feature | Manner of Crash | Lat Coordinate | Long Coordinate | Coordinate Type | Hwy Side |
|---|---|---|---|---|---|---|
| N/A feet | 7 | 9 | NC | NC | 97 | 3 |

| School Bus Related | Crash Severity | Distracted Driving |
|---|---|---|
| 1 | A | 99 |

## VEHICLE or NON-MOTORIST — UNIT 1

| | UNIT NO: 1 |
|---|---|

| Driver Full Name | Street Address | City and State | ZIP | Telephone |
|---|---|---|---|---|
| ERIKA MONIQUE GILMORE | 203 PICKENS ST | EUTAW AL | 35462 | 99 |

| DOB | 11 | 09 | 1990 | Race | Sex | DL State | Driver License No. | DL Class | DL Status | Restrict Violations | CDL Status | Endorse Violations |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Month | Day | Year | 2 | 2 | AL | 8168400 | D | C | 97 | 97 | 97 |

| Place of Employment | Residence Less Than 25 Miles |
|---|---|
| 99 | 99 |

| Liability Insurance Co. | Liability Policy No. | Insurance NAIC Number |
|---|---|---|
| USAA | 0378621257101 | |

| Driver Condition | Sobriety/Officer Opinion | Alcohol: No Drugs: No | Type Alcohol | Alcohol Test Results | Type Drug | Drug Test Results | Maneuver |
|---|---|---|---|---|---|---|---|
| 1 | | | 6 | N/A | Test Given 4 | 97 | 1 |

| Most Harmful Event for MV | Travel Road Name | Road Code | Travel Direction | Unit Contributing Circumstance | Total Injuries in Unit |
|---|---|---|---|---|---|
| 23 | Glasgow Hollow Rd. | 1439 | 2 | 32 | 1 |

| Sequence of Events | Event 1 | Event 2 | Event 3 | Event 4 | First Harmful Event Location |
|---|---|---|---|---|---|
| | 23 | 3 | 97 | 97 | 1 |

Areas Damaged Are Shaded

| Veh Year | Make | Veh Model | Body | V.I.N. |
|---|---|---|---|---|
| 2018 | HOND | ACCORD | 2 | 1HGCV1F39JA220305 |

| Owner's Name | License Tag Number | State | Year |
|---|---|---|---|
| Same | 35AF612 | AL | 2020 |

| Street or R.F.D. | City | State | Zip |
|---|---|---|---|
| Same | | | |

| Type | Usage | Emergency Status | Placard Status | Placard Required | Hazardous Cargo | Hazardous Cargo Released? |
|---|---|---|---|---|---|---|
| 1 | 1 | 97 | 3 | 97 | 97 | 97 |

| Attachment | Oversized Load | If Yes, Did Owner Have Permit? | Contrib Defect | Speed Limit | Est Speed | Citation Offense(s) Charged |
|---|---|---|---|---|---|---|
| 1 | N/A | N/A | 1 | N/A MPH | N/A MPH | None |

| Damage Severity | Towed? | Vehicle Towed By Whom: |
|---|---|---|
| 4 | 1 | Jett's |

| Towed To Where: | Jett's |
|---|---|

Point of Initial Impact  4

| 14 | Under Carriage |

| 12 | 97 N/A |
| 11 | 1 |
| 10 | 2 |
| 9 | 3 | 16 Totaled |
| 13 | |
| 8 | 4 |
| 7 | 5 |
| 6 | 15 Attachment |

## VEHICLE or NON-MOTORIST — UNIT 2

| | UNIT NO: 2 |
|---|---|

| Driver Full Name | Street Address | City and State | ZIP | Telephone |
|---|---|---|---|---|
| Keith Edward Avent | 6400 Yager Dr. | Moscow TN | 38057- 8555 | 99 |

| DOB | 05 | 02 | 1973 | Race | Sex | DL State | Driver License No. | DL Class | DL Status | Restrict Violations | CDL Status | Endorse Violations |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Month | Day | Year | 1 | 1 | TN | 071913490 | a | C | 97 | C | 97 |

| Place of Employment | Residence Less Than 25 Miles |
|---|---|
| Fed Ex | No |

| Liability Insurance Co. | Liability Policy No. | Insurance NAIC Number |
|---|---|---|
| Protective Ins. Company | B-12022 | |

| Driver Condition | Sobriety/Officer Opinion | Alcohol: No Drugs: No | Type Alcohol | Alcohol Test Results | Type Drug | Drug Test Results | Maneuver |
|---|---|---|---|---|---|---|---|
| 1 | | | 6 | N/A | Test Given 4 | 97 | 1 |

| Most Harmful Event for MV | Travel Road Name | Road Code | Travel Direction | Unit Contributing Circumstance | Total Injuries in Unit |
|---|---|---|---|---|---|
| 23 | US-78 | S005 | 2 | 78 | 0 |

| Sequence of Events | Event 1 | Event 2 | Event 3 | Event 4 | First Harmful Event Location |
|---|---|---|---|---|---|
| | 23 | 97 | 97 | 97 | 1 |

Areas Damaged Are Shaded

| Veh Year | Make | Veh Model | Body | V.I.N. |
|---|---|---|---|---|
| 2015 | KW | 99 | 97 | 1XKYA48X7FJ443696 |

| Owner's Name | License Tag Number | State | Year |
|---|---|---|---|
| Fed Ex | 2285352 | IN | 2020 |

| Street or R.F.D. | City | State | Zip |
|---|---|---|---|
| 2200 Forward Dr. | Harrison | AR | 72601 |

| Type | Usage | Emergency Status | Placard Status | Placard Required | Hazardous Cargo | Hazardous Cargo Released? |
|---|---|---|---|---|---|---|
| 11 | 6 | 97 | 3 | 2 | 1 | 97 |

| Attachment | Oversized Load | If Yes, Did Owner Have Permit? | Contrib Defect | Speed Limit | Est Speed | Citation Offense(s) Charged |
|---|---|---|---|---|---|---|
| 4 | No | N/A | 1 | 55 MPH | 55 MPH | None |

| Damage Severity | Towed? | Vehicle Towed By Whom: |
|---|---|---|
| 4 | 1 | Weil Wrecker |

| Towed To Where: | 99 |
|---|---|

Point of Initial Impact  12

| 14 | Under Carriage |

| 12 | 97 N/A |
| 11 | 1 |
| 10 | 2 |
| 9 | 3 | 16 Totaled |
| 13 | |
| 8 | 4 |
| 7 | 5 |
| 6 | 15 Attachment |

## Seating Position Codes

| 2, 4, or 6 Passenger | 9 Passenger (add): | 12 Passenger (add): | Bicycle, Motorcycle, ATV | 12 - Pedestrian | 16 - Not in Passenger Compartment |
|---|---|---|---|---|---|
| 1 2 3 | 7 8 9 | 17 18 19 | 10 | 13 - Rider of Domestic Animal | 97 - Not Applicable |
| 4 5 6 | | | 11 | 14 - Occ. of Non-Motorized Vehicle | 98 - Other (Explain) |
| | | | | 15 - Passenger of Bus | 99 - Unknown |

## UNINJURED OCCUPANTS

| Unit No | Seat Pos | Occ. Type | Safety Equip. | Air-bag | Age Code | Sex | Ejec-tion | Birth Date | Unit No | Seat Pos | Occ. Type | Safety Equip. | Air-bag | Age Code | Sex | Ejec-tion | Birth Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | 2 | 8 | 8 | 2 | 1 | 11/09/1990 | 2 | 1 | 1 | 2 | 2 | 8 | 1 | 1 | 05/02/1973 |

## VICTIMS

| | N/A ☐ | Unit No | Seat Pos | Occ. Type | Safety Equip. | Air-bag | Injury Type | Age | Sex | Ejec-tion | First Aid By |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Name<br>CORNELIUS TYRONE ROSS | | 1 | 3 | 2 | 2 | 8 | 2 | 8 | 1 | 1 | 1 |

| | |
|---|---|
| Address<br>349 CARVER CIR EUTAW AL 35462 | |
| Taken To<br>UAB | Taken By<br>Paramedics |
| Medical Facility<br>EMS ground | Birth Date<br>10/09/1987 |

## DIAGRAM



## NARRATIVE

Unit 1 was traveling on Glasgow Hollow Rd. and was crossing Hwy 78 without yielding to continue onto Main St. when it was struck by unit 2 in the rear, passenger side door. The collision caused unit 1 to spin and slide off the roadway for a total of approximately 40 yrds. Unit 1 slid for approximately 15 yrds after leaving roadway. Unit 1 came to a rest in the ditch on the roadside. Paramedics cleared the driver but transported the passenger to UAB. The driver of unit 2 was uninjured, and pulled into a parking lot just down the street.

## ROADWAY ENVIRONMENT

| Unit No. | | Involved Road/Bridge | | Road Surface Type | | Roadway Condition | | Workzone Related? | | Workzone Type | | Workers Present? | | Workzone Law Enforcement Present? | | Contributing Circumstances Environment | | Contrib Matl In Roadway | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 1 | | 1 | | 1 | | 1 | | 97 | | NotApplicable | | 97 | | 1 | | 1 | |

| Contrib Material Source | | Rdway Curve & Grade | | Vision Obscured By | | Traffic Control | | Traffic Control Functioning | | Opposing Lane Separation | | Trafficway Lanes | | Turn Lanes | | One-Way Street | | Total # Occupants In Unit | | Total # Injured in Unit | | Total # Killed in Unit | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 97 | | 1 | | 1 | | 8 | | 1 | | 1 | | 2 | | 1 | | No | | 2 | | 1 | | 0 | |

| Total Number of Units | Light | Weather | Locale | Police Present? | DOT Railroad Crossing No. |
|---|---|---|---|---|---|
| 2 | 6 | 1 | 2 | No | N/A |

| Unit No. | | Involved Road/Bridge | | Road Surface Type | | Roadway Condition | | Workzone Related? | | Workzone Type | | Workers Present? | | Workzone Law Enforcement Present? | | Contributing Circumstances Environment | | Contrib Matl In Roadway | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | | 1 | | 1 | | 1 | | 1 | | 97 | | NotApplicable | | 97 | | 1 | | 1 | |

| Contrib Material Source | | Rdway Curve & Grade | | Vision Obscured By | | Traffic Control | | Traffic Control Functioning | | Opposing Lane Separation | | Trafficway Lanes | | Turn Lanes | | One-Way Street | | Total # Occupants In Unit | | Total # Injured in Unit | | Total # Killed in Unit | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 97 | | 2 | | 1 | | 8 | | 1 | | 3 | | 4 | | 1 | | No | | 1 | | 0 | | 0 | |

| Total Number of Units | Light | Weather | Locale | Police Present? | DOT Railroad Crossing No. |
|---|---|---|---|---|---|
| 2 | 6 | 1 | 2 | No | N/A |

## INVESTIGATION

| Name of Photographer | | | |
|---|---|---|---|
| N/A | | | |

| Time Police Notified | Time Police Arrived | Time EMS Arrived | EMS Response Run # |
|---|---|---|---|
| 11:20 PM | 11:25 PM | 11:25 PM | N/A |

| Name of Investigating Officer | Officer ID | Agency ORI |
|---|---|---|
| Milton W Bice | 320 | AL0012200 |

| Name of Investigating Officer | Officer ID | Agency ORI |
|---|---|---|
| James Eastis | 0919 | AL0012200 |

The data on this report reflects the best knowledge, opinion, and belief regarding the crash, but no warrant is made as to the factual accuracy thereof.

Unit No.   2
(same as on main report)

## ALABAMA UNIFORM TRAFFIC CRASH REPORT
### Truck/Bus Supplemental Sheet

AST-27B Rev. 06/08

| General Instructions |
|---|

*Complete this form each qualifying vehicle* ONLY *if the crash meets* BOTH *of the Following criteria:*

1. The crash involved a qualifying vehicle (a truck with a gross vehicle weight rating (GVWR) or a gross combination weight rating (GCWR) of more than 10,000 pounds, or Haz/Mat placard, or a vehicle designed to carry nine 9 or more, including driver) and;

2. The crash resulted in at least one of the following:  A.  one or more fatalities  B.  one or more persons injured and taken from the scene for immediate medical attention, or  C.  one or more involved vehicles had to be towed from the scene as a result of disabling damage or had to receive assistance to leave.

| Screening Information |
|---|

*Number of Qualifying Vehicles:*                                    *Number of Persons:*

    Trucks with GVWR or GCWR of more than                    Sustaining fatal injuries    0

        10,000 pounds or Haz/Mat placard    1

    Buses designed to carry 9 or more (including driver)    0          Transported for  immediate medical treatment    1

        Number of vehicles towed from scene due to damage    2

| Vehicle Information |
|---|

*Weight Rating of Power Unit of the Truck*          *Hazardous Material Involvement*

                      Did vehicle have a Haz/Mat placard? ☐

3. - More than 26,000 pounds          If Yes, include following information from placard

                A.  Name or 4-digit number from Diamond or box _____

                B.  The 1-digit number from bottom of diamond _____

           Was hazardous material released from THIS vehicle's cargo? ☐

*Vehicle Configuration*                                             *Bus Usage*

9. - Tractor with semi-trailer                                      1. - Not a bus

*Cargo Body Type*                                                   *Cargo Type*

3. - Van / enclosed box                                             10. - General freight

| Motor Carrier Information |
|---|

NOTE: If NOT a motor carrier, enter NONE under Carrier Name, 0 for None under Carrier Identification Numbers, and go to Sequence Of Events Section

*Carrier Name*  Fed Ex

*Carrier Phone*

*Carrier Mailing Address (Street or P.O. Box)*  2200 Forward Dr.

*City, State, Zip*  Harrison, AR 72601

                      *None = 0)*

*Motor Carrier Type*  1. - Interstate carrier

*US DOT*  239039                *ICC MC*  Unk                    *STATE NO.*  UNK

*STATE*  IN           *OTHER COUNTRY AUTHORITY*  UNK              *COUNTRY*  US

| Sequence of Events |
|---|

NOTE: for THIS vehicle -- list up to four    Event #1   13   Event #2   97   Event #3   97   Event #4   97

| | | | | |
|---|---|---|---|---|
| Non-Collision | 1.  Ran off road | 2.  Jackknife | 3.  Overturned (rollover) | 4.  Downhill runaway |
| | 5.  Cargo loss or shift | 6.  Explosion or fire | 7.  Separation of units | 8.  Cross median/centerline |
| | 9.  Equipment Failure (brake failure, blown tires, etc.) | | 10.  Other non-collision | 11.  Unknown |
| EVENT CODES | Collision with | 12.  Pedestrian | 13.  Motor Vehicle in Transport | 14.  Parked Motor Vehicle | 15.  Train |
| | 16.  Pedalcycle | 17.  Animal | 18.  Fixed object | 19.  Work Zone Maintenance equipment |
| | 20.  Other movable object | | 21.  Unknown movable object | |
| | Not applicable | 97.  Not applicable | | |

## Definitions

### Truck

A motor vehicle designed, used or maintained primarily for the transportation of property.  For the purpose of this form the vehicle must also meet one of the following criteria:
  * Have a GVWR or a GCWR of more than 10,000 pounds,  or
  * Carry a Hazardous Material Placard

### Bus

A motor vehicle providing seats for 9 or more persons including the driver and used primarily for the transportation of persons.

### Trailer

A non-power vehicle towed by a motor vehicle.

### Reportable Crash

A highway related incident normally investigated by a police officer and reported on a standard crash report form involving one or more trucks or buses (as defined here) which results in:
  * One or more fatalities,  or
  * One or more non-fatal injuries requiring transportation for the purpose of obtaining immediate medical treatment,  or
  * One or more of the vehicles being removed from the scene as a result of disabling damage,  or
  * One or more of the vehicles requiring intervening assistance before proceding under its own power.

## Typical Vehicle Silhouettes

1. Passenger Vehicle

2. Light truck (van, mini-van, panel, pickup, sport utility vehicle)

3. Bus (seats for 9-15 people, including driver)

4. Bus (seats for more than 15 people, including driver)

5. Single unit truck - 2 axles / 6 tires

6. Single unit truck - 3 axles

7. Truck with trailer

8. Truck tractor (bobtail)

9.








10. Tractor with double trailers

11. Tractor with triple trailers

## Typical Hazardous Material Placards











| LEGEND | | | | | | | |
|---|---|---|---|---|---|---|---|
| Location | Category | Code | Description | Location | Category | Code | Description |
| Report Header | Unit Type | 1 | Passenger car | Driver | Place of Employment | | Not Set |
| Report Header | Unit Type | 11 | Tractor / semi-trailer | Driver | Place of Employment | 99 | Unknown |
| Location And Time | Contributing Circumstance | 32 | Failed to yield right-of-way from stop sign | Driver | Race | 1 | White / Caucasian |
| Location And Time | Contributing Unit | 10 | Unit1 | Driver | Race | 2 | Black / African-American |
| Location And Time | Controlled Access Highway Location | 97 | Not a controlled access highway | Driver | Residence Within 25 Miles | 99 | Unknown |
| Location And Time | Coordinate Status | NC | NoCapability | Driver | Residence Within 25 Miles | No | No |
| Location And Time | Coordinate Type | 97 | Not applicable | Driver | Travel Direction | 2 | East |
| Location And Time | Crash Manner | 9 | Side impact (90 degree) | Vehicle | Attachment | 1 | None |
| Location And Time | Crash Severity | A | Suspected serious injury | Vehicle | Attachment | 4 | Other semi trailer |
| Location And Time | Distance Node Unit | 0 | Unknown | Vehicle | Body | 2 | Four door |
| Location And Time | Distracted Driving | 99 | Unknown | Vehicle | Body | 97 | Not applicable - not passenger car, personal van, or SUV |
| Location And Time | Harmful Event | 23 | Collision with vehicle in (or from) other roadway | Vehicle | Citation Offense | 99 | None |
| Location And Time | Highway Classification | 2 | Federal | Vehicle | Damage Severity | 4 | Major, disabled |
| Location And Time | Highway Side | 3 | Eastbound | Vehicle | Defect | 1 | None |
| Location And Time | Roadway Feature | 7 | Related to intersection | Vehicle | Emergency Status | 97 | Not applicable |
| Location And Time | School Bus Related | 1 | No school bus involved | Vehicle | Estimated Speed Code | | Not set |
| Location And Time | Time Display Format | 10 | Standard | Vehicle | Estimated Speed Code | N/A | Not applicable |
| Driver | Alcohol Test Type | 6 | No Test Given | Vehicle | Hazardous Cargo | 1 | None |
| Driver | Commercial Driver License Status | 97 | Not applicable / unlicensed | Vehicle | Hazardous Cargo | 97 | Not applicable |
| Driver | Commercial Driver License Status | C | Current / valid | Vehicle | Hazardous Cargo Release Type | 97 | Not applicable |
| Driver | Contributing Circumstance | 32 | Failed to yield right-of-way from stop sign | Vehicle | K12 Child Going To Or From School | 0 | Not Set |
| Driver | Contributing Circumstance | 78 | Other - no improper driving (explain in narrative) | Vehicle | Make | HOND | Honda |
| Driver | Driver Address Code | 0 | Not Set | Vehicle | Make | KW | Kenworth Truck Co. |
| Driver | Driver Condition | 1 | Apparently normal | Vehicle | Non-Motorist Action | 0 | Not Set |
| Driver | Driver License Class Code | 0 | Not set | Vehicle | Non-Motorist Location | 0 | Not Set |
| Driver | Driver License Endorsement | 97 | Not applicable | Vehicle | Oversized Load | N/A | NotApplicable |
| Driver | Driver License Number | 0 | Not set | Vehicle | Oversized Load | No | No |
| Driver | Driver License Restriction | 97 | Not applicable | Vehicle | Oversized Load Permit | N/A | NotApplicable |
| Driver | Driver License State Code | 0 | Not set | Vehicle | Owner Address Code | 0 | Not Set |
| Driver | Driver License Status | C | Current / valid | Vehicle | Owner Address Code | Same | Same |
| Driver | Driver Name Code | 0 | Not Set | Vehicle | Owner Name Code | | Not Set |
| Driver | Drug Test Result | 97 | Not applicable | Vehicle | Owner Name Code | Same | Same as driver |
| Driver | Drug Test Type | 4 | No test given | Vehicle | Placard Requirement | 2 | No |
| Driver | Gender | 1 | Male | Vehicle | Placard Requirement | 97 | Not applicable |
| Driver | Gender | 2 | Female | Vehicle | Placard Status | 3 | Not applicable (placard not required) |
| Driver | Harmful Event | 23 | Collision with vehicle in (or from) other roadway | Vehicle | Tag Number | | Not set |
| Driver | Liability Ins. Policy Code | 0 | Not Set | Vehicle | Tag State | 0 | Not set |
| Driver | Liability Insurance NAIC Number Code | | Not Set | Vehicle | Tag Year | 0 | Not set |
| Driver | Maneuver | 1 | Movement essentially straight | Vehicle | Tow Status | 1 | Towed due to disabling damage |
| Driver | Phone Number Code | 99 | Unknown | Vehicle | Towed Code | 0 | Not Set |

| Location | Category | Code | Description | Location | Category | Code | Description |
|---|---|---|---|---|---|---|---|
| | | | LEGEND | | | | |
| Vehicle | Towed Code | 99 | Unknown | Roadway Environment | Traffic Control | 8 | Stop sign |
| Vehicle | Unit Type | 1 | Passenger car | Roadway Environment | Traffic Control Status | 1 | Yes |
| Vehicle | Unit Type | 11 | Tractor / semi-trailer | Roadway Environment | Trafficway Lane Count | 2 | Two lanes |
| Vehicle | Usage | 1 | Personal vehicle | Roadway Environment | Trafficway Lane Count | 4 | Four lanes |
| Vehicle | Usage | 6 | Cargo Transportation | Roadway Environment | Turn Lane Presence | 1 | None |
| Vehicle | VIN | 0 | Not set | Roadway Environment | Vision Obscuration | 1 | Not obscured |
| Vehicle | Year | | Not set | Roadway Environment | Weather Condition | 1 | Clear |
| Uninjured Occupants | Age Code | 8 | 26 - 64 | Roadway Environment | Workzone Law Encorcement Presence | 97 | Not applicable |
| Uninjured Occupants | Airbag | 2 | Not deployed, no switch | Roadway Environment | Workzone Relationship | 1 | Not in / related to workzone |
| Uninjured Occupants | Airbag | 8 | Deployed side, no switch | Roadway Environment | Workzone Type | 97 | Not applicable |
| Uninjured Occupants | Birth Date Code | 0 | Not Set | Truck/Bus Supplement | Bus Usage | 1 | Not a bus |
| Uninjured Occupants | Ejection Status | 1 | Not ejected or trapped | Truck/Bus Supplement | Cargo Body Type | 3 | Van / enclosed box |
| Uninjured Occupants | Gender | 1 | Male | Truck/Bus Supplement | Cargo Type | 10 | General freight |
| Uninjured Occupants | Gender | 2 | Female | Truck/Bus Supplement | Carrier Address Code | 0 | Not Set |
| Uninjured Occupants | Occupant Type | 1 | Driver | Truck/Bus Supplement | Carrier Name Code | 0 | Not Set |
| Uninjured Occupants | Safety Equipment | 2 | Shoulder and lap belt used | Truck/Bus Supplement | Carrier Phone Code | 0 | Not Set |
| Victims | Age Code | 8 | 26 - 64 | Truck/Bus Supplement | Country Number Code | 0 | Not Set |
| Victims | Airbag | 8 | Deployed side, no switch | Truck/Bus Supplement | ICCMC Number Code | Unk | Unknown |
| Victims | Birth Date Code | 0 | Not Set | Truck/Bus Supplement | Motor Carrier Type | 1 | Interstate carrier |
| Victims | Ejection Status | 1 | Not ejected or trapped | Truck/Bus Supplement | State Number Code | 0 | Not Set |
| Victims | First Aid Provider | 1 | Paramedic / EMT | Truck/Bus Supplement | USDOT Number Code | 0 | Not Set |
| Victims | Gender | 1 | Male | Truck/Bus Supplement | Vehicle Configuration | 9 | Tractor with semi-trailer |
| Victims | Injury Type | 2 | (A) Suspected serious injury | Truck/Bus Supplement | Weight Rating | 3 | More than 26,000 pounds |
| Victims | Medical Facility Transport | 2 | EMS ground | | | | |
| Victims | Occupant Type | 2 | Passenger | | | | |
| Victims | Safety Equipment | 2 | Shoulder and lap belt used | | | | |
| Victims | Victim Taken By | | Not Set | | | | |
| Victims | Victim Taken To | | Not Set | | | | |
| Roadway Environment | Environmental Contributing Circumstance | 1 | None apparent | | | | |
| Roadway Environment | Light Condition | 6 | Dark, spot illumination, both sides of roadway | | | | |
| Roadway Environment | Locale | 2 | Residential | | | | |
| Roadway Environment | Opposing Lane Separation | 1 | None | | | | |
| Roadway Environment | Opposing Lane Separation | 3 | Unpaved surface | | | | |
| Roadway Environment | Road Bridge Condition | | None apparent | | | | |
| Roadway Environment | Road Surface Type | 1 | Asphalt | | | | |
| Roadway Environment | Roadway Condtion | 1 | Dry | | | | |
| Roadway Environment | Roadway Curvature And Grade | 1 | Straight, level | | | | |
| Roadway Environment | Roadway Curvature And Grade | 2 | Straight, down grade | | | | |
| Roadway Environment | Roadway Material | 1 | None | | | | |
| Roadway Environment | Roadway Material Source | 97 | Not applicable | | | | |



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  ANNA CERISE SAUNDERS
     asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/23/2021 12:15:22 PM

D003 FEDEX FREIGHT, INC.
SUPPLEMENT
[Filer: SAUNDERS ANNA CERISE]

Notice Date:      3/23/2021 12:15:22 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  GILMORE ERIKA (PRO SE)
203 PICKENS ST.
EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/23/2021 12:15:22 PM

D003 FEDEX FREIGHT, INC.
SUPPLEMENT
[Filer: SAUNDERS ANNA CERISE]

Notice Date:      3/23/2021 12:15:22 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/23/2021 12:15:22 PM

D003 FEDEX FREIGHT, INC.
SUPPLEMENT
[Filer: SAUNDERS ANNA CERISE]

Notice Date:      3/23/2021 12:15:22 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/23/2021 12:15:22 PM

D003 FEDEX FREIGHT, INC.
SUPPLEMENT
[Filer: SAUNDERS ANNA CERISE]

Notice Date:     3/23/2021 12:15:22 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  DELISLE SARA ELIZABETH
     sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/23/2021 12:15:22 PM

D003 FEDEX FREIGHT, INC.
SUPPLEMENT
[Filer: SAUNDERS ANNA CERISE]

Notice Date:     3/23/2021 12:15:22 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: RICHMOND LEA IV
lrichmond@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 3/23/2021 12:15:22 PM

D003 FEDEX FREIGHT, INC.
SUPPLEMENT
[Filer: SAUNDERS ANNA CERISE]

Notice Date:     3/23/2021 12:15:22 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   SARA ELIZABETH DELISLE
      sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/9/2021 1:59:32 PM

Notice Date:      4/9/2021 1:59:32 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
4/9/2021 1:59 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

### IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | | |
|---|---|---|
| **CORNELIUS ROSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.:  CV-2021-900009** |
| **ERIKA  GILMORE,  KEITH  AVENT,  FEDEX FREIGHT, INC., et al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

---

PLEASE TAKE NOTICE that the following discovery documents have been served on behalf of Defendant, FedEx Freight, Inc.:

- Defendant FedEx Freight, Inc.'s Objections to Plaintiff's Interrogatories and Requests for Production of Documents

Respectfully submitted,

 /s/ *Sara Elizabeth Delisle*
Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Attorneys for Defendant FedEx Freight, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:     (205) 822-2006
Facsimile:      (205) 822-2057
E-mail:          lrichmond@carrallison.com
                    sbdelisle@carrallison.com

{DOC# 00724056}

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of April 2021, I have served a copy of the above and foregoing on counsel for all parties by:


_____ Facsimile transmission;
_____ Hand Delivery;
_____ Electronic Mail;
_____ Placing a copy of same in the United States Mail, properly
              addressed and first-class postage prepaid to; and/or
__X__ Using the Alafile or CM/ECF system which will send notifications
              of such to the following:


Carson S. Hale, Esq.
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave, Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com


              /s/ Sara Elizabeth DeLisle
              OF COUNSEL



AlaFile E-Notice

35-CV-2021-900009.00

To:   SARA ELIZABETH DELISLE
      sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/9/2021 1:59:32 PM

Notice Date:      4/9/2021 1:59:32 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   GILMORE ERIKA (PRO SE)
      203 PICKENS ST.
      EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/9/2021 1:59:32 PM

Notice Date:      4/9/2021 1:59:32 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/9/2021 1:59:32 PM

Notice Date:     4/9/2021 1:59:32 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/9/2021 1:59:32 PM

Notice Date:      4/9/2021 1:59:32 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   RICHMOND LEA IV
      lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/9/2021 1:59:32 PM

Notice Date:     4/9/2021 1:59:32 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  SAUNDERS ANNA CERISE
     asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/9/2021 1:59:32 PM

Notice Date:     4/9/2021 1:59:32 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  SARA ELIZABETH DELISLE
     sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/21/2021 12:50:03 PM

Notice Date:     4/21/2021 12:50:03 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
4/21/2021 12:49 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No.:  CV-2021-900009** |
| **ERIKA GILMORE, KEITH AVENT, FEDEX FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

---

PLEASE TAKE NOTICE that the following discovery documents have been served on

behalf of Defendant, FedEx Freight, Inc.:

- Defendant FedEx Freight, Inc.'s First Requests for Admissions to Plaintiff
- Defendant FedEx Freight, Inc.'s First Interrogatories to Plaintiff
- Defendant FedEx Freight, Inc.'s First Request for Production to Plaintiff


Respectfully submitted,

 /s/ *Sara Elizabeth Delisle*
Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Attorneys for Defendant FedEx Freight, Inc.


**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:     (205) 822-2006
Facsimile:      (205) 822-2057
E-mail:         lrichmond@carrallison.com
                sbdelisle@carrallison.com


{DOC# 00725990}

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st  day of April 2021, I have served a copy of the above and foregoing on counsel for all parties by:


_____   Facsimile transmission;
_____   Hand Delivery;
_____   Electronic Mail;
_____   Placing a copy of same in the United States Mail, properly
           addressed and first-class postage prepaid to; and/or
__X__   Using the Alafile or CM/ECF system which will send notifications
           of such to the following:


Carson S. Hale, Esq.
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave, Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com

                                                        /s/ Sara Elizabeth DeLisle
                                                       OF COUNSEL



AlaFile E-Notice

35-CV-2021-900009.00

To:   SARA ELIZABETH DELISLE
      sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/21/2021 12:50:03 PM

Notice Date:     4/21/2021 12:50:03 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  GILMORE ERIKA (PRO SE)
     203 PICKENS ST.
     EUTAW, AL, 35462-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/21/2021 12:50:03 PM

Notice Date:     4/21/2021 12:50:03 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  AVENT KEITH (PRO SE)
     6400 YAGER DR.
     MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/21/2021 12:50:03 PM

Notice Date:     4/21/2021 12:50:03 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/21/2021 12:50:03 PM

Notice Date:      4/21/2021 12:50:03 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/21/2021 12:50:03 PM

Notice Date:     4/21/2021 12:50:03 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  SAUNDERS ANNA CERISE
     asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 4/21/2021 12:50:03 PM

Notice Date:     4/21/2021 12:50:03 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  DELISLE SARA ELIZABETH
     sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 5/19/2021 3:15:18 PM

Notice Date:     5/19/2021 3:15:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
5/19/2021 3:15 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK


# IN THE CIRCUIT COURT FOR GREENE COUNTY, ALABAMA

**CORNELIUS ROSS,**   *

    *

   **Plaintiff,**   *

    *   **Case No.:  CV - 2021 - 900009**

   *v.*   *

    *

**ERIKA GILMORE, KEITH AVENT,**   *

**AND FEDEX FREIGHT, INC.,**   *

    *

   **Defendants.**   *

    *

## NOTICE OF SERVICE OF DISCOVERY

COMES NOW Plaintiff, by and through undersigned counsel, and provides the following to Defendants:

1.  Plaintiff's Answers to Defendant FedEx's Request for Admissions

*/s/ Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2021, an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/ firm email to the following:

Erika Gilmore
203 Pickens St.
Eutaw, AL 35462

Keith Avent
6400 Yager Dr.
Moscow, TN 38057

Sara Elizabeth Delisle
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**



AlaFile E-Notice

35-CV-2021-900009.00

To:   CARSON SCOTT HALE
      chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 5/19/2021 3:15:18 PM

Notice Date:     5/19/2021 3:15:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: GILMORE ERIKA (PRO SE)
203 PICKENS ST.
EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 5/19/2021 3:15:18 PM

Notice Date:      5/19/2021 3:15:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 5/19/2021 3:15:18 PM

Notice Date:    5/19/2021 3:15:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: DELISLE SARA ELIZABETH
sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 5/19/2021 3:15:18 PM

Notice Date:       5/19/2021 3:15:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 5/19/2021 3:15:18 PM

Notice Date:     5/19/2021 3:15:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   SAUNDERS ANNA CERISE
      asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 5/19/2021 3:15:18 PM

Notice Date:     5/19/2021 3:15:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   SARA ELIZABETH DELISLE
       sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:15:08 AM

D003 FEDEX FREIGHT, INC.

MOTION FOR PROTECTIVE ORDER

[Filer: DELISLE SARA ELIZABETH]

Notice Date:      6/3/2021 8:15:08 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
6/3/2021 8:15 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

**STATE OF ALABAMA**
Unified Judicial System

Revised 3/5/08

35-GREENE

☐ District Court   ☑ Circuit Court

Cas

CV2

**CIVIL MOTION COVER SHEET**

CORNELIUS ROSS V. ERIKA GILMORE ET AL

*Name of Filing Party:*D003 - FEDEX FREIGHT, INC.

---

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

SARA ELIZABETH DELISLE

100 Vestavia Parkway

Birmingham, AL 35216

*Attorney Bar No.:* DEL025

☐ Oral Arguments Requested

---

**TYPE OF MOTION**

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $  0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☑ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

---

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)   ☐

Date:
6/3/2021 8:14:27 AM

Signature of Attorney or Party
/s/ SARA ELIZABETH DELISLE

---

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
6/3/2021 8:15 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | | |
|---|---|---|
| **CORNELIUS ROSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No.:  CV-2021-900009 |
| | ) | |
| **ERIKA GILMORE, KEITH AVENT, FEDEX** | ) | |
| **FREIGHT, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### MOTION FOR ENTRY OF PROTECTIVE ORDER

---

COME NOW the Defendants **FedEx Freight Inc, DBA FedEx Freight**, and hereby move this Court for a Protective Order authorizing the disclosure of protected health information pertaining to Plaintiff **CORNELIUS ROSS**.  As grounds for this motion, Defendants states as follows:

1. This lawsuit arises out of an alleged motor vehicle accident that occurred on or about **April 3, 2020**.

2. Plaintiff alleges to have sustained various physical injuries as a result of this alleged accident.  Because of the nature of this litigation, Defendants need access to Plaintiff's medical records to evaluate whether the subject accident was the proximate cause of Plaintiff's injuries.

3. Pursuant to the implementation of the Health Insurance Privacy and Accountability Act ("HIPAA"), health care providers may require the assurance of a protective order limiting disclosure of medical information pertaining to Plaintiff before responding to a subpoena or other directive to produce medical records or bills.  A proposed Protective Order is submitted herewith.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request this

{DOC# 00733152}

Honorable Court to enter a Protective Order governing the dissemination of protected health information of the Plaintiff, **CORNELIUS ROSS**.

Respectfully submitted,

/s/ *Sara Elizabeth Delisle*
Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Anna Saunders (SAU019)
Attorneys for Defendant FedEx Freight

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:      (205) 822-2057
E-mail:          lrichmond@carrallison.com
                    sbdelisle@carrallison.com
                    asaunders@carrallison.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 2nd day of June 2021, I served a copy of the above and foregoing on the following by:

_____  Facsimile transmission;
_____  Hand Delivery;
_____  Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
\_\_x\_\_  Using the Alafile or CM/ECF system which will send notifications of such to the following:

Carson S. Hale
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830

/s/ *Sara Elizabeth DeLisle*
OF COUNSEL

{DOC# 00733152}



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  SARA ELIZABETH DELISLE
sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:15:08 AM

D003 FEDEX FREIGHT, INC.

MOTION FOR PROTECTIVE ORDER

[Filer: DELISLE SARA ELIZABETH]

Notice Date:     6/3/2021 8:15:08 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  GILMORE ERIKA (PRO SE)
203 PICKENS ST.
EUTAW, AL, 35462-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:15:08 AM

D003 FEDEX FREIGHT, INC.

MOTION FOR PROTECTIVE ORDER

[Filer: DELISLE SARA ELIZABETH]

Notice Date:      6/3/2021 8:15:08 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:15:08 AM

D003 FEDEX FREIGHT, INC.

MOTION FOR PROTECTIVE ORDER

[Filer: DELISLE SARA ELIZABETH]

Notice Date:     6/3/2021 8:15:08 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:15:08 AM

D003 FEDEX FREIGHT, INC.

MOTION FOR PROTECTIVE ORDER

[Filer: DELISLE SARA ELIZABETH]

Notice Date:      6/3/2021 8:15:08 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   RICHMOND LEA IV
      lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:15:08 AM

D003 FEDEX FREIGHT, INC.
MOTION FOR PROTECTIVE ORDER
[Filer: DELISLE SARA ELIZABETH]

Notice Date:      6/3/2021 8:15:08 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   SAUNDERS ANNA CERISE
      asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:15:08 AM

D003 FEDEX FREIGHT, INC.

MOTION FOR PROTECTIVE ORDER

[Filer: DELISLE SARA ELIZABETH]

Notice Date:      6/3/2021 8:15:08 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   SARA ELIZABETH DELISLE
      sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:16:15 AM

[Filer: ]

Notice Date:      6/3/2021 8:16:15 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | | |
|---|---|---|
| ROSS CORNELIUS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) Case No.: | CV-2021-900009.00 |
| | ) | |
| GILMORE ERIKA, | ) | |
| AVENT KEITH, | ) | |
| FEDEX FREIGHT, INC., | ) | |
| Defendants. | ) | |

### HIPPA PROTECTIVE ORDER

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any *pro se* parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual.  This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure.  Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the

attorney or party.   This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

**DONE this[To be filled by the Judge].**

**/s/[To be filled by the Judge]**
**CIRCUIT JUDGE**



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   SARA ELIZABETH DELISLE
      sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:16:15 AM

[Filer: ]

Notice Date:     6/3/2021 8:16:15 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  GILMORE ERIKA (PRO SE)
     203 PICKENS ST.
     EUTAW, AL, 35462-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:16:15 AM

[Filer: ]

Notice Date:    6/3/2021 8:16:15 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:16:15 AM

[Filer: ]

Notice Date:     6/3/2021 8:16:15 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  HALE CARSON SCOTT
chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:16:15 AM

[Filer: ]

Notice Date:     6/3/2021 8:16:15 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: RICHMOND LEA IV
    lrichmond@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:16:15 AM

[Filer: ]

Notice Date:     6/3/2021 8:16:15 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  SAUNDERS ANNA CERISE
asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/3/2021 8:16:15 AM

[Filer: ]

Notice Date:     6/3/2021 8:16:15 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  SARA ELIZABETH DELISLE
     sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 8:53:09 AM

Notice Date:     6/3/2021 8:53:09 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



ELECTRONICALLY FILED
6/3/2021 8:53 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

**DOCUMENT 28**

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

**CORNELIUS ROSS,**               )
                                  )
**Plaintiff,**                    )
**v.**                            )      **Civil Action No.:  CV-2021-900009**
                                  )
**ERIKA GILMORE, KEITH AVENT, FEDEX**  )
**FREIGHT, INC., et al.**         )
                                  )
**Defendants.**                   )

---

### NOTICE OF INTENT TO SERVE SUBPOENA UPON NON-PARTY

---

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice that the Defendant will apply to the Clerk of the Court for issuance of subpoena directed to:

UAB Health Information Management
1201 11th Avenue South
Birmingham, AL 35205

to produce the documents or things at the time and place specified in the subpoena.

/s/ *Sara Elizabeth Delisle*
Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Anna Saunders (SAU019)
Attorneys for Defendant FedEx Freight

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057
E-mail:       lrichmond@carrallison.com
              sbdelisle@carrallison.com
              asaunders@carrallison.com

{DOC# 00733181}

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this the 3rd day of June 2021, I served a copy of the above and

foregoing on the following by:

|  |  |
|---|---|
| \_\_\_\_\_ | Facsimile transmission; |
| \_\_\_\_\_ | Hand Delivery; |
| \_\_\_\_\_ | Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or |
| \_\_x\_\_ | Using the Alafile or CM/ECF system which will send notifications of such to the following: |

Carson S. Hale
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830

/s/ *Sara Elizabeth DeLisle*
OF COUNSEL

{DOC# 00733181}

ELECTRONICALLY FILED
6/3/2021 8:53 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   **Civil Action No.:  CV-2021-900009** |
| | ) |
| **ERIKA GILMORE, KEITH AVENT, FEDEX** | ) |
| **FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

### CIVIL SUBPOENA TO APPEAR AND FOR PRODUCTION OF DOCUMENTS
### UNDER RULE 45

---

TO:   UAB Health Information Management
       ATTN: Release of Information
       1201 11th Ave. South
       Birmingham, AL 35205

You are hereby commanded, at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED COPY** of your entire file, including but not limited to, all insurance records, hospital records, pharmacy records, physical therapy notes/records, office notes, S.O.A.P. notes, digital copies of all imaging (no actual films) and all imaging reports, consultation reports, copies of correspondence to or from attorneys or other physicians or other written material contained in your file, billing and insurance codes on the care and treatment of: **CORNEILUS ROSS; Date of Birth: **/**/1987; Social Security No.: ***-**-*075;** together with copies of **ALL ITEMIZED BILLING FOR SERVICES RENDERED** to said patient, showing the dates of treatment, amount(s) charged, payment(s) made and by whom, and any adjustments/ write-offs made.

**(Please return a copy of the subpoena with records)**

**\*\*\*This subpoena is continuing until the conclusion of litigation\*\*\***

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing issuance of this subpoena of the reasonable costs of making such copies.** The said party agrees to pay all reasonable

expenses incurred by you at the aforementioned time and place or upon receipt of said documents. **Please advise us if the reasonable copying cost will be over $100.00.**

Should you choose to mail legible copies of the records requested, **please deliver or mail them to Kimberly Frazier c/o Carr Allison**, 100 Vestavia Parkway, Birmingham, AL 35216 within **15 days** of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)      Protection of Persons Subject to Subpoenas:

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production      or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance.

(ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more

than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

**CIRCUIT CLERK:**

By: _____

Date: _____


**<u>RETURN ON SERVICE</u>**

     I, _____, served this subpoena on _____ on the day of _____, 2021.

_____
PROCESS SERVER



AlaFile E-Notice

35-CV-2021-900009.00

To: SARA ELIZABETH DELISLE
sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 8:53:09 AM

Notice Date:     6/3/2021 8:53:09 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  GILMORE ERIKA (PRO SE)
     203 PICKENS ST.
     EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 8:53:09 AM

Notice Date:     6/3/2021 8:53:09 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 8:53:09 AM

Notice Date:      6/3/2021 8:53:09 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 8:53:09 AM

Notice Date:     6/3/2021 8:53:09 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 8:53:09 AM

Notice Date:      6/3/2021 8:53:09 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: SAUNDERS ANNA CERISE
asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 8:53:09 AM

Notice Date:      6/3/2021 8:53:09 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
6/3/2021 9:04 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   **Civil Action No.:  CV-2021-900009** |
| | ) |
| **ERIKA GILMORE, KEITH AVENT, FEDEX** | ) |
| **FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF INTENT TO SERVE SUBPOENA UPON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice that the Defendant will apply to the Clerk of the Court for issuance of subpoena directed to:

Regional Paramedical Services
PO Box 11407
Dept 1633
Birmingham, AL 35246

to produce the documents or things at the time and place specified in the subpoena.

/s/ *Sara Elizabeth Delisle*
Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Anna Saunders (SAU019)
Attorneys for Defendant FedEx Freight

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:     (205) 822-2006
Facsimile:      (205) 822-2057
E-mail:          lrichmond@carrallison.com
                    sbdelisle@carrallison.com
                    asaunders@carrallison.com

{DOC# 00733187}

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this the 3rd day of June 2021, I served a copy of the above and

foregoing on the following by:

|       |                                                                                                      |
|-------|------------------------------------------------------------------------------------------------------|
| \_\_\_\_\_ | Facsimile transmission;                                                                          |
| \_\_\_\_\_ | Hand Delivery;                                                                                   |
| \_\_\_\_\_ | Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or |
| x     | Using the Alafile or CM/ECF system which will send notifications of such to the following:          |

Carson S. Hale
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830

/s/ *Sara Elizabeth DeLisle*
OF COUNSEL

{DOC# 00733187}

DOCUMENT 32


ELECTRONICALLY FILED
6/3/2021 9:04 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

**IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA**

CORNELIUS ROSS, )
)
**Plaintiff,** )
v. )                    Civil Action No.:  CV-2021-900009
)
ERIKA GILMORE, KEITH AVENT, FEDEX )
FREIGHT, INC., et al. )
)
**Defendants.** )

---

### CIVIL SUBPOENA TO APPEAR AND FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:   Regional Paramedical Services
PO Box 11407
Dept 1633
Birmingham, AL 35246

You are hereby commanded, at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED COPY** of your entire file, including but not limited to, all insurance records, hospital records, pharmacy records, physical therapy notes/records, office notes, S.O.A.P. notes, digital copies of all imaging (no actual films) and all imaging reports, consultation reports, copies of correspondence to or from attorneys or other physicians or other written material contained in your file, billing and insurance codes on the care and treatment of: **CORNEILUS ROSS; Date of Birth: **/**/1987; Social Security No.: ***-**-*075;** together with copies of **ALL ITEMIZED BILLING FOR SERVICES RENDERED** to said patient, showing the dates of treatment, amount(s) charged, payment(s) made and by whom, and any adjustments/ write-offs made.

**(Please return a copy of the subpoena with records)**

**\*\*\*This subpoena is continuing until the conclusion of litigation\*\*\***

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing issuance of this subpoena of the reasonable costs of making such copies.** The said party agrees to pay all reasonable

expenses incurred by you at the aforementioned time and place or upon receipt of said documents. **Please advise us if the reasonable copying cost will be over $100.00.**

Should you choose to mail legible copies of the records requested, **please deliver or mail them to Kimberly Frazier c/o Carr Allison**, 100 Vestavia Parkway, Birmingham, AL 35216 within **15 days** of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)      Protection of Persons Subject to Subpoenas:

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production        or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance.

(ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more

than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

**CIRCUIT CLERK:**

By: _____

Date: _____

**<u>RETURN ON SERVICE</u>**

I, _____, served this subpoena on _____ on the day of _____, 2021.

_____
PROCESS SERVER



AlaFile E-Notice

35-CV-2021-900009.00

To:   SARA ELIZABETH DELISLE
      sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 9:04:46 AM

Notice Date:      6/3/2021 9:04:46 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   GILMORE ERIKA (PRO SE)
      203 PICKENS ST.
      EUTAW, AL, 35462-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 9:04:46 AM

Notice Date:      6/3/2021 9:04:46 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 9:04:46 AM

Notice Date:      6/3/2021 9:04:46 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 9:04:46 AM

Notice Date:     6/3/2021 9:04:46 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 9:04:46 AM

Notice Date:     6/3/2021 9:04:46 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  SAUNDERS ANNA CERISE
     asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/3/2021 9:04:46 AM

Notice Date:      6/3/2021 9:04:46 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



ELECTRONICALLY FILED
6/10/2021 1:13 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   **Civil Action No.:  CV-2021-900009** |
| | ) |
| **ERIKA GILMORE, KEITH AVENT, FEDEX** | ) |
| **FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

### NOTICE OF INTENT TO SERVE SUBPOENA UPON NON-PARTY

---

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice that the Defendant will apply to the Clerk of the Court for issuance of subpoena directed to:

USAA Casualty Insurance
and/or USAA General Indemnity Company
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

to produce the documents or things at the time and place specified in the subpoena.

/s/ *Sara Elizabeth Delisle*
Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Anna Saunders (SAU019)
Attorneys for Defendant FedEx Freight

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057
E-mail:    lrichmond@carrallison.com
             sbdelisle@carrallison.com
             asaunders@carrallison.com

{DOC# 00734984}

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 10th day of June 2021, I served a copy of the above and

foregoing on the following by:

\_\_\_\_\_ Facsimile transmission;
\_\_\_\_\_ Hand Delivery;
\_\_\_\_\_ Placing a copy of same in the United States Mail, properly addressed and first
          class postage prepaid to; and/or
\_\_x\_\_ Using the Alafile or CM/ECF system which will send notifications of such to the
          following:

Carson S. Hale
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830

                                                  /s/ *Sara Elizabeth DeLisle*
                                                  OF COUNSEL

{DOC# 00734984}

ELECTRONICALLY FILED
6/10/2021 1:13 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| CORNELIUS ROSS, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )   Civil Action No.:  CV-2021-900009 |
| | ) |
| ERIKA GILMORE, KEITH AVENT, FEDEX | ) |
| FREIGHT, INC., et al. | ) |
| | ) |
| **Defendants.** | ) |

---

### CIVIL SUBPOENA TO APPEAR AND FOR PRODUCTION OF DOCUMENTS
### UNDER RULE 45

---

TO:     USAA Casualty Insurance
and/or USAA General Indemnity Company
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

You are hereby commanded, at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED COPY OF:** The complete claims file pertaining to an insured motorist automobile claim for monetary benefits for property damages and injuries arising from a collision that occurred on or about April 3, 2020, including but not limited to, **current location of vehicle**, claims forms, repair estimates or vehicle valuation reports, billing statements, adjuster notes, investigative file, photographs, witness statements, audio interviews, medical bills, invoices, payments made, disability or lost wage payments, computer data, compilations or reports, copies of any litigation records, pleadings, discovery responses, records production, settlement agreements, all other forms of documents, correspondence, letters, writings, and/or any other written material contained in your file, in your possession or under your control which relates to insurance coverage of: **Erika Monique Gilmore; Date of Birth: \*\*/\*\*/1990; Social Security No.: \*\*\*-\*\*-\*\*\*\*; Policy No.: 0378621257101**.

**(Please return a copy of the subpoena with records)**

**\*\*\*This subpoena is continuing until the conclusion of litigation\*\*\***

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing issuance of this subpoena of the reasonable costs of making such copies.**  The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.  **Please advise us if the reasonable copying cost will be over $100.00.**

Should you choose to mail legible copies of the records requested, **please deliver or mail them to Kimberly Frazier c/o Carr Allison**, 100 Vestavia Parkway, Birmingham, AL 35216 within **15 days** of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)     Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production          or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or

regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to

the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____ day of _____, 2020.

**CIRCUIT CLERK:**

By: _____

Date: _____

## **RETURN ON SERVICE**

I, _____, served this subpoena on _____
on the _____ day of _____, 2020.

_____
PROCESS SERVER



AlaFile E-Notice

35-CV-2021-900009.00

To:  SARA ELIZABETH DELISLE
      sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/10/2021 1:14:02 PM

Notice Date:      6/10/2021 1:14:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  GILMORE ERIKA (PRO SE)
203 PICKENS ST.
EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/10/2021 1:14:02 PM

Notice Date:      6/10/2021 1:14:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/10/2021 1:14:02 PM

Notice Date:      6/10/2021 1:14:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/10/2021 1:14:02 PM

Notice Date:     6/10/2021 1:14:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/10/2021 1:14:02 PM

Notice Date:     6/10/2021 1:14:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  SAUNDERS ANNA CERISE
     asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/10/2021 1:14:02 PM

Notice Date:     6/10/2021 1:14:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
6/10/2021 3:48 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   Civil Action No.:  **CV-2021-900009** |
| | ) |
| **ERIKA GILMORE, KEITH AVENT, FEDEX** | ) |
| **FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

### AMENDED NOTICE OF INTENT TO SERVE SUBPOENA UPON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice that the Defendant will apply to the Clerk of the Court for issuance of subpoena directed to:

USAA Casualty Insurance
and/or USAA General Indemnity Company
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

to produce the documents or things at the time and place specified in the subpoena.

/s/ *Sara Elizabeth Delisle*
Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Anna Saunders (SAU019)
Attorneys for Defendant FedEx Freight

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057
E-mail:        lrichmond@carrallison.com
                sbdelisle@carrallison.com
                asaunders@carrallison.com

{DOC# 00734984}

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 10th day of June 2021, I served a copy of the above and

foregoing on the following by:

    \_\_\_\_\_   Facsimile transmission;
    \_\_\_\_\_   Hand Delivery;
    \_\_\_\_\_   Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
    \_\_x\_\_   Using the Alafile or CM/ECF system which will send notifications of such to the following:

Carson S. Hale
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830

                               */s/ Sara Elizabeth DeLisle*
                                 OF COUNSEL

ELECTRONICALLY FILED
6/10/2021 3:48 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| CORNELIUS ROSS, | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   Civil Action No.:  CV-2021-900009 |
| | ) |
| ERIKA GILMORE, KEITH AVENT, FEDEX | ) |
| FREIGHT, INC., et al. | ) |
| | ) |
| **Defendants.** | ) |

## CIVIL SUBPOENA TO APPEAR AND FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

TO:     USAA Casualty Insurance
        and/or USAA General Indemnity Company
        c/o Corporation Service Company, Inc.
        641 South Lawrence Street
        Montgomery, AL 36104

You are hereby commanded, at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED COPY OF:** The complete claims file pertaining to an insured motorist automobile claim for monetary benefits for property damages and injuries arising from a collision that occurred on or about April 3, 2020, including but not limited to, **current location of vehicle**, claims forms, repair estimates or vehicle valuation reports, billing statements, adjuster notes, investigative file, photographs, witness statements, audio interviews, medical bills, invoices, payments made, disability or lost wage payments, computer data, compilations or reports, copies of any litigation records, pleadings, discovery responses, records production, settlement agreements, all other forms of documents, correspondence, letters, writings, and/or any other written material contained in your file, in your possession or under your control which relates to insurance coverage of: **Erika Monique Gilmore; Date of Birth: \*\*/\*\*/1990; Social Security No.: \*\*\*-\*\*-\*\*\*\*; Policy No.: 0378621257101; Vehicle: 2018 Honda Accord; VIN #: 1HGCV1F39JA220305**.

**(Please return a copy of the subpoena with records)**

**\*\*\*This subpoena is continuing until the conclusion of litigation\*\*\***

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing issuance of this subpoena of the reasonable costs of making such copies.**  The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.  **Please advise us if the reasonable copying cost will be over $100.00.**

Should you choose to mail legible copies of the records requested, **please deliver or mail them to Kimberly Frazier c/o Carr Allison**, 100 Vestavia Parkway, Birmingham, AL 35216 within **15 days** of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)     Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production              or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or

regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to

the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____ day of _____, 2021.

**CIRCUIT CLERK:**

By:   _____

Date:   _____

## **RETURN ON SERVICE**

I, _____, served this subpoena on _____

on the _____ day of _____, 2021.

_____
PROCESS SERVER



AlaFile E-Notice

35-CV-2021-900009.00

To:  SARA ELIZABETH DELISLE
     sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/10/2021 3:48:53 PM

Notice Date:     6/10/2021 3:48:53 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   GILMORE ERIKA (PRO SE)
      203 PICKENS ST.
      EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/10/2021 3:48:53 PM

Notice Date:      6/10/2021 3:48:53 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  AVENT KEITH (PRO SE)
     6400 YAGER DR.
     MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/10/2021 3:48:53 PM

Notice Date:     6/10/2021 3:48:53 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/10/2021 3:48:53 PM

Notice Date:      6/10/2021 3:48:53 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/10/2021 3:48:53 PM

Notice Date:     6/10/2021 3:48:53 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  SAUNDERS ANNA CERISE
     asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/10/2021 3:48:53 PM

Notice Date:     6/10/2021 3:48:53 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



ELECTRONICALLY FILED
6/16/2021 11:32 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )     **Civil Action No.:  CV-2021-900009** |
| | ) |
| **ERIKA GILMORE, KEITH AVENT, FEDEX** | ) |
| **FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

### AMENDED NOTICE OF INTENT TO SERVE SUBPOENA UPON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice that the Defendant will apply to the Clerk of the Court for issuance of subpoena directed to:

> Copart – Birmingham
> Post Office Box 3533
> Hueytown, Alabama 35023

to produce the documents or things at the time and place specified in the subpoena.

/s/ *Sara Elizabeth Delisle*

Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Anna Saunders (SAU019)
Attorneys for Defendant FedEx Freight

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057
E-mail:        lrichmond@carrallison.com
                sbdelisle@carrallison.com
                asaunders@carrallison.com

{DOC# 00736676}

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 16th day of June 2021, I served a copy of the above and

foregoing on the following by:

    \_\_\_\_\_ Facsimile transmission;
    \_\_\_\_\_ Hand Delivery;
    \_\_\_\_\_ Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
    \_\_x\_\_ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Carson S. Hale
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830

                 */s/ Sara Elizabeth DeLisle*
                 OF COUNSEL



ELECTRONICALLY FILED
6/16/2021 11:32 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | | |
|---|---|---|
| **CORNELIUS ROSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.:  CV-2021-900009** |
| | ) | |
| **ERIKA GILMORE, KEITH AVENT, FEDEX** | ) | |
| **FREIGHT, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### CIVIL SUBPOENA TO APPEAR AND FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:     ATTN:  Custodian of Records
        Copart – Birmingham
        Post Office Box 3533
        Hueytown, Alabama 35023

You are hereby commanded, at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED COPY** of any and all records relating to the auction or sale of a 2018 Honda Accord (VIN 1HGCV1F39JA220305) which was auctioned/sold from the Birmingham Copart on May 26, 2020, including information for the buyer.

#### (Please return a copy of the subpoena with records)

#### ***This subpoena is continuing until the conclusion of litigation***

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing issuance of this subpoena of the reasonable costs of making such copies.**  The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. **Please advise us if the reasonable copying cost will be over $100.00.**

Should you choose to mail legible copies of the records requested, **please deliver or mail them to Kimberly Frazier c/o Carr Allison**, 100 Vestavia Parkway, Birmingham, AL 35216 within **15 days** of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)      Protection of Persons Subject to Subpoenas:

      (1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

      (2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

              (B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

      (3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

              (i)      fails to allow reasonable time for compliance.

              (ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv)  subjects a person to undue burden.

(B)     If a subpoena

      (i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii)     requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

**CIRCUIT CLERK:**

By:    _____

Date:  _____


## <u>RETURN ON SERVICE</u>

     I, _____, served this subpoena on _____ on the day of _____, 2021.

                                            _____
                                            PROCESS SERVER



AlaFile E-Notice

35-CV-2021-900009.00

To:   SARA ELIZABETH DELISLE
      sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/16/2021 11:32:26 AM

Notice Date:     6/16/2021 11:32:26 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  GILMORE ERIKA (PRO SE)
     203 PICKENS ST.
     EUTAW, AL, 35462-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/16/2021 11:32:26 AM

Notice Date:     6/16/2021 11:32:26 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/16/2021 11:32:26 AM

Notice Date:      6/16/2021 11:32:26 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/16/2021 11:32:26 AM

Notice Date:      6/16/2021 11:32:26 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/16/2021 11:32:26 AM

Notice Date:    6/16/2021 11:32:26 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  SAUNDERS ANNA CERISE
     asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 6/16/2021 11:32:26 AM

Notice Date:     6/16/2021 11:32:26 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  CARSON SCOTT HALE
     chale@slocumblaw.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter is SET FOR VIRTUAL HEARING

PRETRIAL CONFERENCE
6/28/2021 10:04:48 AM

Hearing Date:    08/17/2021
Hearing Time:    09:00:00 AM              Central Time
Location:        Virtual Hearing

Notice Date:     6/28/2021 10:04:48 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  SARA ELIZABETH DELISLE
     sbdelisle@carrallison.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter is SET FOR VIRTUAL HEARING

PRETRIAL CONFERENCE

6/28/2021 10:04:48 AM

Hearing Date:    08/17/2021
Hearing Time:    09:00:00 AM            Central Time
Location:        Virtual Hearing

Notice Date:     6/28/2021 10:04:48 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   LEA RICHMOND IV
       lrichmond@carrallison.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter is SET FOR VIRTUAL HEARING

PRETRIAL CONFERENCE

6/28/2021 10:04:48 AM

Hearing Date:      08/17/2021
Hearing Time:      09:00:00 AM                    Central Time
Location:          Virtual Hearing

Notice Date:       6/28/2021 10:04:48 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  ANNA CERISE SAUNDERS
     asaunders@carrallison.com

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter is SET FOR VIRTUAL HEARING

PRETRIAL CONFERENCE

6/28/2021 10:04:48 AM

Hearing Date:      08/17/2021
Hearing Time:      09:00:00 AM              Central Time
Location:          Virtual Hearing

Notice Date:       6/28/2021 10:04:48 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: GILMORE ERIKA (PRO SE)
203 PICKENS ST.
EUTAW, AL, 35462-0000

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter is SET FOR VIRTUAL HEARING

PRETRIAL CONFERENCE
6/28/2021 10:04:48 AM

Hearing Date:     08/17/2021
Hearing Time:     09:00:00 AM           Central Time
Location:         Virtual Hearing

Notice Date:      6/28/2021 10:04:48 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

---

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter is SET FOR VIRTUAL HEARING

PRETRIAL CONFERENCE
6/28/2021 10:04:48 AM

Hearing Date:     08/17/2021
Hearing Time:     09:00:00 AM            Central Time
Location:         Virtual Hearing

Notice Date:      6/28/2021 10:04:48 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
6/28/2021 3:41 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

# IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

ROSS CORNELIUS,                    )
Plaintiff,                         )
                                   )
V.                                 )  Case No.:    CV-2021-900009.00
                                   )
GILMORE ERIKA,                     )
AVENT KEITH,                       )
FEDEX FREIGHT, INC.,               )
Defendants.                        )

## HIPPA PROTECTIVE ORDER

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any *pro se* parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual.  <u>This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.</u>

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure.  Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the

patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

DONE this 28th day of June, 2021.

/s/ HON. EDDIE HARDAWAY
CIRCUIT JUDGE



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/28/2021 3:41:18 PM

Notice Date:    6/28/2021 3:41:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  DELISLE SARA ELIZABETH
     sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/28/2021 3:41:18 PM

Notice Date:     6/28/2021 3:41:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: RICHMOND LEA IV
    lrichmond@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/28/2021 3:41:18 PM

Notice Date:    6/28/2021 3:41:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  SAUNDERS ANNA CERISE
     asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/28/2021 3:41:18 PM

Notice Date:     6/28/2021 3:41:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  GILMORE ERIKA (PRO SE)
203 PICKENS ST.
EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/28/2021 3:41:18 PM

Notice Date:     6/28/2021 3:41:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 6/28/2021 3:41:18 PM

Notice Date:      6/28/2021 3:41:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
6/30/2021 1:46 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

| State of Alabama Unified Judicial System Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR (SUBPOENA) | Cas 35-( |
|---|---|---|

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of _____
☑ CORNELIUS ROSS V. ERIKA GILMORE ET AL
(For Juvenile cases only):
☐ In the Matter of _____

USAA CASUALTY INSURANCE

C/O CORPORATION SERVICE C
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  SARA ELIZABETH DELISLE 100 Vestavia Parkway Birmingham, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | ADDITIONAL INSTRUCTIONS |
|---|---|---|

Any inspection or production of documents or records must be completed within 15 days

**DATE:** 07/15/2021 10:00 AM
**ROOM:** c/o Kimberly Frazier
**ADDRESS:** Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
**DATE ISSUED:** 6/30/2021

Please see attached civil subpoena.  You may contact paralegal, Kimberly Frazier, at kfrazier@carrallison.com with any questions.

/s/ VERONICA MORTON-JONES
Signature of Court Clerk                    Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                 court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to
_____ on _____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                      Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
6/30/2021 1:46 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| CORNELIUS ROSS, | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   Civil Action No.:  CV-2021-900009 |
| | ) |
| ERIKA GILMORE, KEITH AVENT, FEDEX | ) |
| FREIGHT, INC., et al. | ) |
| | ) |
| **Defendants.** | ) |

---

### CIVIL SUBPOENA TO APPEAR AND FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:   USAA Casualty Insurance
        and/or USAA General Indemnity Company
        c/o Corporation Service Company, Inc.
        641 South Lawrence Street
        Montgomery, AL 36104

You are hereby commanded, at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED COPY OF:** The complete claims file pertaining to an insured motorist automobile claim for monetary benefits for property damages and injuries arising from a collision that occurred on or about April 3, 2020, including but not limited to, **current location of vehicle**, claims forms, repair estimates or vehicle valuation reports, billing statements, adjuster notes, investigative file, photographs, witness statements, audio interviews, medical bills, invoices, payments made, disability or lost wage payments, computer data, compilations or reports, copies of any litigation records, pleadings, discovery responses, records production, settlement agreements, all other forms of documents, correspondence, letters, writings, and/or any other written material contained in your file, in your possession or under your control which relates to insurance coverage of: **Erika Monique Gilmore; Date of Birth: \*\*/\*\*/1990; Social Security No.: \*\*\*-\*\*-\*\*\*\*; Policy No.: 0378621257101; Vehicle: 2018 Honda Accord; VIN #: 1HGCV1F39JA220305**.

**(Please return a copy of the subpoena with records)**

**\*\*\*This subpoena is continuing until the conclusion of litigation\*\*\***

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing issuance of this subpoena of the reasonable costs of making such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. **Please advise us if the reasonable copying cost will be over $100.00.**

Should you choose to mail legible copies of the records requested, **please deliver or mail them to Kimberly Frazier c/o Carr Allison**, 100 Vestavia Parkway, Birmingham, AL 35216 within **15 days** of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)     Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production           or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or

regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to

the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____ day of _____, 2021.

**CIRCUIT CLERK:**

By: _____

Date: _____

## <u>RETURN ON SERVICE</u>

I, _____, served this subpoena on _____
on the _____ day of _____, 2021.

_____
PROCESS SERVER



ELECTRONICALLY FILED
6/28/2021 3:41 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

# IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

ROSS CORNELIUS,          )
Plaintiff,             )
                     )
V.                 )  Case No.:   CV-2021-900009.00
                     )
GILMORE ERIKA,       )
AVENT KEITH,         )
FEDEX FREIGHT, INC.,   )
Defendants.          )

## HIPPA PROTECTIVE ORDER

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any *pro se* parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual.  <u>This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.</u>

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure.  Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the

patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

**DONE this 28th day of June, 2021.**

**/s/ HON. EDDIE HARDAWAY**

**CIRCUIT JUDGE**



AlaFile E-Notice

35-CV-2021-900009.00

To:   SARA ELIZABETH DELISLE
       sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:46:29 PM

Notice Date:      6/30/2021 1:46:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: USAA CASUALTY INSURANCE
C/O CORPORATION SERVICE C
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:46:29 PM

Notice Date:     6/30/2021 1:46:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  GILMORE ERIKA (PRO SE)
     203 PICKENS ST.
     EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:46:29 PM

Notice Date:     6/30/2021 1:46:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:46:29 PM

Notice Date:      6/30/2021 1:46:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:46:29 PM

Notice Date:     6/30/2021 1:46:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
      lrichmond@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:46:29 PM

Notice Date:     6/30/2021 1:46:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   SAUNDERS ANNA CERISE
      asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:46:29 PM

Notice Date:      6/30/2021 1:46:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
6/30/2021 1:49 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Case<br>35-C... |
|---|---|---|

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☒ **CORNELIUS ROSS V. ERIKA GILMORE ET AL**

  **(For Juvenile cases only):**

☐ **In the Matter of** _____

REGIONAL PARAMEDICAL SERVICES, INC.

POST OFFICE BOX 11407
DEPT 1633
BIRMINGHAM, AL 35246

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☒ Defendant
3. ☐ Grand Jury
B.  Special Instructions
  You are ordered to:
1. ☐ Appear at trial
2. ☒ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  SARA ELIZABETH DELISLE 100 Vestavia Parkway Birmingham, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | **ADDITIONAL INSTRUCTIONS** |
|---|---|---|
| **DATE:** | 07/15/2021 10:00 AM | Any inspection or production of documents or records<br>must be completed within 15 days |
| **ROOM:** | c/o Kimberly Frazier | |
| **ADDRESS:** | Carr Allison | Please see attached civil subpoena.  You may contact paralegal,<br>Kimberly Frazier, at kfrazier@carrallison.com with any questions. |
| | 100 Vestavia Parkway | |
| | Birmingham, AL 35216 | |
| **DATE ISSUED:** | 6/30/2021 | |

/s/ VERONICA MORTON-JONES

Signature of Court Clerk                    Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA**  You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                  court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order
to
_____ on _____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                        Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
| --- | --- |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
6/30/2021 1:49 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   **Civil Action No.:  CV-2021-900009** |
| | ) |
| **ERIKA GILMORE, KEITH AVENT, FEDEX** | ) |
| **FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

### CIVIL SUBPOENA TO APPEAR AND FOR PRODUCTION OF DOCUMENTS
### UNDER RULE 45

---

TO:   Regional Paramedical Services
PO Box 11407
Dept 1633
Birmingham, AL 35246

You are hereby commanded, at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED COPY** of your entire file, including but not limited to, all insurance records, hospital records, pharmacy records, physical therapy notes/records, office notes, S.O.A.P. notes, digital copies of all imaging (no actual films) and all imaging reports, consultation reports, copies of correspondence to or from attorneys or other physicians or other written material contained in your file, billing and insurance codes on the care and treatment of: **CORNEILUS ROSS; Date of Birth: \*\*/\*\*/1987; Social Security No.: \*\*\*-\*\*-\*075;** together with copies of **ALL ITEMIZED BILLING FOR SERVICES RENDERED** to said patient, showing the dates of treatment, amount(s) charged, payment(s) made and by whom, and any adjustments/ write-offs made.

#### (Please return a copy of the subpoena with records)

#### \*\*\*This subpoena is continuing until the conclusion of litigation\*\*\*

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing issuance of this subpoena of the reasonable costs of making such copies.** The said party agrees to pay all reasonable

expenses incurred by you at the aforementioned time and place or upon receipt of said documents. **Please advise us if the reasonable copying cost will be over $100.00.**

Should you choose to mail legible copies of the records requested, **please deliver or mail them to Kimberly Frazier c/o Carr Allison**, 100 Vestavia Parkway, Birmingham, AL 35216 within **15 days** of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)　　Protection of Persons Subject to Subpoenas:

(1)　　A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)　　(A)　　A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production    or inspection unless commanded to appear for deposition, hearing or trial.

(B)　　Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)　　(A)　　On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)　　fails to allow reasonable time for compliance.

(ii)　　requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more

than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

**CIRCUIT CLERK:**

By: _____

Date: _____

## **<u>RETURN ON SERVICE</u>**

     I, _____, served this subpoena on _____ on the day of _____, 2021.

_____
PROCESS SERVER

ELECTRONICALLY FILED
6/28/2021 3:41 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

**IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA**

| | | |
|---|---|---|
| ROSS CORNELIUS,<br>Plaintiff, | ) | |
| V. | ) | Case No.: CV-2021-900009.00 |
| GILMORE ERIKA,<br>AVENT KEITH,<br>FEDEX FREIGHT, INC.,<br>Defendants. | ) | |

**HIPPA PROTECTIVE ORDER**

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any *pro se* parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual. This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the

patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

DONE this 28th day of June, 2021.

/s/ HON. EDDIE HARDAWAY
CIRCUIT JUDGE



AlaFile E-Notice

35-CV-2021-900009.00

To:  SARA ELIZABETH DELISLE
     sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:50:02 PM

Notice Date:     6/30/2021 1:50:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: REGIONAL PARAMEDICAL SERVICES, INC.
POST OFFICE BOX 11407
DEPT 1633
BIRMINGHAM, AL, 35246

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:50:02 PM

Notice Date:     6/30/2021 1:50:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  GILMORE ERIKA (PRO SE)
     203 PICKENS ST.
     EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:50:02 PM

Notice Date:     6/30/2021 1:50:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:50:02 PM

Notice Date:    6/30/2021 1:50:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:50:02 PM

Notice Date:      6/30/2021 1:50:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:50:02 PM

Notice Date:     6/30/2021 1:50:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  SAUNDERS ANNA CERISE
     asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:50:02 PM

Notice Date:     6/30/2021 1:50:02 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>35-( |
|---|---|---|

ELECTRONICALLY FILED<br>6/30/2021 1:54 PM<br>35-CV-2021-900009.00<br>CIRCUIT COURT OF<br>GREENE COUNTY, ALABAMA<br>VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☒ **CORNELIUS ROSS V. ERIKA GILMORE ET AL**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

UAB HEALTH INFORMATION MANAGEMENT

1201 11TH AVENUE SOUTH
BIRMINGHAM, AL 35205

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☒ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☐ Appear at trial
2. ☒ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  SARA ELIZABETH DELISLE 100 Vestavia Parkway Birmingham, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | **ADDITIONAL INSTRUCTIONS** |
|---|---|---|

**DATE:** 07/15/2021 10:00 AM
**ROOM:** c/o Kimberly Frazier
**ADDRESS:** Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
**DATE ISSUED:** 6/30/2021

Any inspection or production of documents or records
must be completed within 15 days

Please see attached civil subpoena.  You may contact paralegal,
Kimberly Frazier, at kfrazier@carrallison.com with any questions.

/s/ VERONICA MORTON-JONES
_____
Signature of Court Clerk            Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**            court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to
_____ on _____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                    Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
6/30/2021 1:54 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS,           )
                              )

Plaintiff,               )

v.                        )       Civil Action No.:  CV-2021-900009
                              )

ERIKA GILMORE, KEITH AVENT, FEDEX )
FREIGHT, INC., et al.           )
                              )

Defendants.             )

---

### CIVIL SUBPOENA TO APPEAR AND FOR PRODUCTION OF DOCUMENTS
### UNDER RULE 45

---

TO:    UAB Health Information Management
        ATTN: Release of Information
        1201 11th Ave. South
        Birmingham, AL 35205

You are hereby commanded, at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED COPY** of your entire file, including but not limited to, all insurance records, hospital records, pharmacy records, physical therapy notes/records, office notes, S.O.A.P. notes, digital copies of all imaging (no actual films) and all imaging reports, consultation reports, copies of correspondence to or from attorneys or other physicians or other written material contained in your file, billing and insurance codes on the care and treatment of: <u>**CORNEILUS ROSS; Date of Birth: \*\*/\*\*/1987; Social Security No.: \*\*\*-\*\*-\*075;**</u> together with copies of **ALL ITEMIZED BILLING FOR SERVICES RENDERED** to said patient, showing the dates of treatment, amount(s) charged, payment(s) made and by whom, and any adjustments/ write-offs made.

#### (Please return a copy of the subpoena with records)

#### \*\*\*This subpoena is continuing until the conclusion of litigation\*\*\*

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing issuance of this subpoena of the reasonable costs of making such copies.** The said party agrees to pay all reasonable

expenses incurred by you at the aforementioned time and place or upon receipt of said documents.  **Please advise us if the reasonable copying cost will be over $100.00.**

Should you choose to mail legible copies of the records requested, **please deliver or mail them to Kimberly Frazier c/o Carr Allison**, 100 Vestavia Parkway, Birmingham, AL 35216 within **15 days** of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)     Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production           or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more

than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

**CIRCUIT CLERK:**

By: _____

Date: _____

## **RETURN ON SERVICE**

     I, _____, served this subpoena on _____ on the day of _____, 2021.

                                       _____
                                       PROCESS SERVER


ELECTRONICALLY FILED
6/28/2021 3:41 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| ROSS CORNELIUS, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:   CV-2021-900009.00 |
| | ) |
| GILMORE ERIKA, | ) |
| AVENT KEITH, | ) |
| FEDEX FREIGHT, INC., | ) |
| Defendants. | ) |

## HIPPA PROTECTIVE ORDER

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any *pro se* parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual.  <u>This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.</u>

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure.  Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the

patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

DONE this 28th day of June, 2021.

/s/ HON. EDDIE HARDAWAY
CIRCUIT JUDGE



AlaFile E-Notice

35-CV-2021-900009.00

To:  SARA ELIZABETH DELISLE
     sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:54:14 PM

Notice Date:     6/30/2021 1:54:14 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: UAB HEALTH INFORMATION MANAGEMENT
1201 11TH AVENUE SOUTH
BIRMINGHAM, AL, 35205

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:54:14 PM

Notice Date:     6/30/2021 1:54:14 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   GILMORE ERIKA (PRO SE)
      203 PICKENS ST.
      EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:54:14 PM

Notice Date:     6/30/2021 1:54:14 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  AVENT KEITH (PRO SE)
     6400 YAGER DR.
     MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:54:14 PM

Notice Date:      6/30/2021 1:54:14 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   HALE CARSON SCOTT
       chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:54:14 PM

Notice Date:      6/30/2021 1:54:14 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   RICHMOND LEA IV
      lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:54:14 PM

Notice Date:      6/30/2021 1:54:14 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: SAUNDERS ANNA CERISE
asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 6/30/2021 1:54:14 PM

Notice Date:     6/30/2021 1:54:14 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>35-C |
|---|---|---|

ELECTRONICALLY FILED<br>7/1/2021 7:43 AM<br>35-CV-2021-900009.00<br>CIRCUIT COURT OF<br>GREENE COUNTY, ALABAMA<br>VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☒ **CORNELIUS ROSS V. ERIKA GILMORE ET AL**
   **(For Juvenile cases only):**
☐ **In the Matter of** _____

COPART - BIRMINGHAM

POST OFFICE BOX 3533
HUEYTOWN, AL 35023

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☒ Defendant
3. ☐ Grand Jury
B.  Special Instructions
    You are ordered to:
1. ☐ Appear at trial
2. ☒ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  SARA ELIZABETH DELISLE 100 Vestavia Parkway Birmingham, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | **ADDITIONAL INSTRUCTIONS** |
|---|---|---|

**DATE:** 07/16/2021 10:00 AM
**ROOM:** c/o Kimberly Frazier
**ADDRESS:** Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
**DATE ISSUED:** 7/1/2021

Any inspection or production of documents or records must be completed within 15 days

Please see attached Civil Subpoena.  You may contact paralegal, Kimberly Frazier, at kfrazier@carrallison.com.

/s/ VERONICA MORTON-JONES
Signature of Court Clerk                    Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to
_____ on _____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                                    Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service, or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
7/1/2021 7:43 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   **Civil Action No.:  CV-2021-900009** |
| | ) |
| **ERIKA GILMORE, KEITH AVENT, FEDEX** | ) |
| **FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

### CIVIL SUBPOENA TO APPEAR AND FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

TO:   ATTN:  Custodian of Records
Copart – Birmingham
Post Office Box 3533
Hueytown, Alabama 35023

You are hereby commanded, at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED COPY** of any and all records relating to the auction or sale of a 2018 Honda Accord (VIN 1HGCV1F39JA220305) which was auctioned/sold from the Birmingham Copart on May 26, 2020, including information for the buyer.

**(Please return a copy of the subpoena with records)**

**\*\*\*This subpoena is continuing until the conclusion of litigation\*\*\***

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing issuance of this subpoena of the reasonable costs of making such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. **Please advise us if the reasonable copying cost will be over $100.00.**

Should you choose to mail legible copies of the records requested, **please deliver or mail them to Kimberly Frazier c/o Carr Allison**, 100 Vestavia Parkway, Birmingham, AL 35216 within **15 days** of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)      Protection of Persons Subject to Subpoenas:

     (1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

     (2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production     or inspection unless commanded to appear for deposition, hearing or trial.

                (B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

     (3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

                (i)     fails to allow reasonable time for compliance.

                (ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)      requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)      If a subpoena

(i)      requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)      requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)      requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      Duties in Responding to Subpoena:

(1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)      When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

**CIRCUIT CLERK:**

By:    _____

Date:   _____

<u>**RETURN ON SERVICE**</u>

      I, _____, served this subpoena on _____ on the day of _____, 2021.

                                   _____
                                   PROCESS SERVER


ELECTRONICALLY FILED
6/28/2021 3:41 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| ROSS CORNELIUS, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:   CV-2021-900009.00 |
| | ) |
| GILMORE ERIKA, | ) |
| AVENT KEITH, | ) |
| FEDEX FREIGHT, INC., | ) |
| Defendants. | ) |

## HIPPA PROTECTIVE ORDER

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any *pro se* parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual.  <u>This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.</u>

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure.  Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the

patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

DONE this 28th day of June, 2021.

/s/ HON. EDDIE HARDAWAY
CIRCUIT JUDGE



AlaFile E-Notice

35-CV-2021-900009.00

To:  SARA ELIZABETH DELISLE
     sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 7/1/2021 7:44:02 AM

Notice Date:     7/1/2021 7:44:02 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: COPART - BIRMINGHAM
POST OFFICE BOX 3533
HUEYTOWN, AL, 35023

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 7/1/2021 7:44:02 AM

Notice Date:     7/1/2021 7:44:02 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  GILMORE ERIKA (PRO SE)
     203 PICKENS ST.
     EUTAW, AL, 35462-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 7/1/2021 7:44:02 AM

Notice Date:     7/1/2021 7:44:02 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 7/1/2021 7:44:02 AM

Notice Date:     7/1/2021 7:44:02 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 7/1/2021 7:44:02 AM

Notice Date:     7/1/2021 7:44:02 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 7/1/2021 7:44:02 AM

Notice Date:     7/1/2021 7:44:02 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  SAUNDERS ANNA CERISE
     asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 7/1/2021 7:44:02 AM

Notice Date:     7/1/2021 7:44:02 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



ELECTRONICALLY FILED
7/29/2021 3:56 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   **Civil Action No.:  CV-2021-900009** |
| | ) |
| **ERIKA GILMORE, KEITH AVENT, FEDEX** | ) |
| **FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

### NOTICE OF INTENT TO SERVE SUBPOENA UPON NON-PARTY

---

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice that the Defendant will apply to the Clerk of the Court for issuance of subpoena directed to:

Adamsville Police Department
ATTN: Lynn Lindsey
4911 Main Street
Adamsville, AL 35005

to produce the documents or things at the time and place specified in the subpoena.

/s/ *Sara Elizabeth Delisle*
Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Anna Saunders (SAU019)
Attorneys for Defendant FedEx Freight

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:    (205) 822-2057
E-mail:        lrichmond@carrallison.com
                  sbdelisle@carrallison.com
                  asaunders@carrallison.com

{DOC# 00745590}

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 29th day of July 2021, I served a copy of the above and

foregoing on the following by:

_____   Facsimile transmission;
_____   Hand Delivery;
_____   Placing a copy of same in the United States Mail, properly addressed and first
            class postage prepaid to; and/or
\_\_x\_\_   Using the Alafile or CM/ECF system which will send notifications of such to the
            following:

Carson S. Hale
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830

                                        /s/ *Sara Elizabeth DeLisle*
                                        OF COUNSEL

ELECTRONICALLY FILED
7/29/2021 3:56 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   **Civil Action No.:  CV-2021-900009** |
| | ) |
| **ERIKA GILMORE, KEITH AVENT, FEDEX** | ) |
| **FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

_____

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULE 45

_____

TO:   Adamsville Police Department
       ATTN: Lynn Lindsey
       4911 Main Street
       Adamsville, AL 35005

You are hereby commanded, at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

Any and all documents pertaining to **Erika Monique Gilmore (DOB: 11/9/1990)** and/or **Keith Edward Avent (DOB: 5/2/1973)**, including but not limited to, ROAD Call Log, dispatch records, dispatch notes, run reports incident or accident reports, notes, memoranda, video or digital recordings, statements (oral or written), body and/or dash cam audio and video, investigation documents or reports, billing and any other documents prepared at any time regarding an incident(s) on or about **April 3, 2020 on US-78 at Galsgow Hollow Road in the city of Adamsville, Jefferson County, Alabama (Local Case Number 200400001999; Crash Report Number 0638140)**.

#### (Please return a copy of the subpoena with records)

#### ***This subpoena is continuing until the conclusion of litigation***

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to this action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing issuance of this subpoena of the reasonable costs of making such copies.**   The said party agrees to pay all reasonable

{DOC# 00745589}

expenses incurred by you at the aforementioned time and place or upon receipt of said documents. **Please advise us if the reasonable copying cost will be over $100.00.**

Should you choose to mail legible copies of the records requested, please deliver or mail them, within **15 days** of service of this subpoena, to:

*Kimberly Frazier, Paralegal*
*c/o Carr Allison, Pugh, Howard, Oliver & Sisson, P.C.*
*100 Vestavia Parkway*
*Birmingham, AL 35216*

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents provides in sections (c.) and (d) as follows:

**(c.) Protection of Persons Subject to Subpoenas:**

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed

{DOC# 00745589}

or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(I)   requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena:**

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**(e) HIPAA RULES**

In compliance with 145 CFR 164.512(e) (1) (ii), (iii), the undersigned states as follows:

1.   The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena. The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena. The attorney for the patient has received this notice.

2.   The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought. This

notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection before the court.

3.      That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You have the right object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____ day of _____, 2021.


_____
CIRCUIT COURT CLERK

DATE OF ISSUE:  _____



**RETURN ON SERVICE**

Received this subpoena on _____and served it on the within named

on the_____ day of _____, 2021.


_____
PROCESS SERVER

{DOC# 00745589}



AlaFile E-Notice

35-CV-2021-900009.00

To:   SARA ELIZABETH DELISLE
      sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 7/29/2021 3:56:36 PM

Notice Date:     7/29/2021 3:56:36 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  GILMORE ERIKA (PRO SE)
     203 PICKENS ST.
     EUTAW, AL, 35462-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 7/29/2021 3:56:36 PM

Notice Date:     7/29/2021 3:56:36 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 7/29/2021 3:56:36 PM

Notice Date:     7/29/2021 3:56:36 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 7/29/2021 3:56:36 PM

Notice Date:      7/29/2021 3:56:36 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   RICHMOND LEA IV
      lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 7/29/2021 3:56:36 PM

Notice Date:     7/29/2021 3:56:36 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   SAUNDERS ANNA CERISE
      asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 7/29/2021 3:56:36 PM

Notice Date:     7/29/2021 3:56:36 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
8/4/2021 4:52 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

**STATE OF ALABAMA**                    Revised 3/5/08                    Cas...

Unified Judicial System

35-GREENE        ☐ District Court    ☑ Circuit Court        CV2...

**CIVIL MOTION COVER SHEET**

CORNELIUS ROSS V. ERIKA GILMORE ET AL

*Name of Filing Party:*D001 - GILMORE ERIKA

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JAMES LAURENS PATTILLO

505 20th Street North, Suite 1800

BIRMINGHAM, AL 35203

*Attorney Bar No.:* PAT061

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $  0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>8/4/2021 4:51:42 PM | Signature of Attorney or Party<br>/s/ JAMES LAURENS PATTILLO |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.


ELECTRONICALLY FILED
8/4/2021 4:52 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil Action No.: 35-CV-2021-900009** |
| | ) |
| | ) |
| **ERIKA GILMORE, KEITH AVENT,** | ) |
| **FEDEX FREIGHT, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MOTION TO DISMISS

---

**COMES NOW** the Defendant, Erika Gilmore (hereinafter "Gilmore"), pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure and moves to dismiss all claims. In support thereof, this defendant states as follows:

1. The Complaint alleges "Plaintiff was occupying a vehicle owned and operated by Defendant Gilmore in Jefferson County, Alabama." (See Complaint at par. 8).

2. The Complaint contains no factual allegations that would support any allegation of wantonness against Gilmore. The only factual allegation is that "Defendant Gilmore failed to yield the right of way to Defendant Avent's vehicle, and allowed and/or caused their vehicle to collide with the Defendant Avent's vehicle." There is no factual allegation that any action by Gilmore is proximately related to any damages suffered by the plaintiff.

3. The Complaint alleges the following causes of action against Gilmore: Count One – Negligence; Count Two – Negligence Per Se; Count Three – Reckless and Wantonness.

4. Count One – Negligence and Count Two – Negligence Per Se are barred by the Alabama Guest Passenger Statute:

> The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of the motor vehicle.

Ala. Code 32-1-2 (1975).

5.      The Complaint contains no allegations that would circumvent the Alabama Guest Passenger Statute.  It also contains no allegations that would connect any wantonness by Defendant Gilmore to any injury suffered by the plaintiff.

6.      Defendant Gilmore is filing a joinder in the co-defendant's Motion to Transfer. Defendant Gilmore requests this Court to rule on the Motion to Transfer before ruling on this Motion to Dismiss.

WHEREFORE, PREMISES CONSIDERED, Defendant Gilmore moves to dismiss all claims against her with prejudice.


s/ *James L. Pattillo*
James L. Pattillo (PAT061)
Attorney for Defendant Gilmore


**OF COUNSEL**:

CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone:  (205) 795-6588
Facsimile:  (205) 328-7234
Email: JLP@csattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

Unless otherwise serve by the Alafile system, I do hereby certify that a copy of the above and foregoing instrument was served on the following by placing a copy of same in the United States Mail, first class postage pre-paid and properly addressed on August 4, 2021:

Carson S. Hale, Esq.
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave, Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com
*Attorney for Plaintiff*

Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
*Attorneys for Defendant FedEx Freight*

*s/ James L. Pattillo*
OF COUNSEL



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   JAMES LAURENS PATTILLO
      jlp@csattorneys.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 4:52:59 PM

D001 GILMORE ERIKA
MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: PATTILLO JAMES LAURENS]

Notice Date:      8/4/2021 4:52:59 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  GILMORE ERIKA (PRO SE)
     203 PICKENS ST.
     EUTAW, AL, 35462-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 4:52:59 PM

D001 GILMORE ERIKA
MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     8/4/2021 4:52:59 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 4:52:59 PM

D001 GILMORE ERIKA
MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     8/4/2021 4:52:59 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 4:52:59 PM

D001 GILMORE ERIKA
MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     8/4/2021 4:52:59 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  DELISLE SARA ELIZABETH
     sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 4:52:59 PM

D001 GILMORE ERIKA
MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: PATTILLO JAMES LAURENS]

Notice Date:      8/4/2021 4:52:59 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   RICHMOND LEA IV
      lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 4:52:59 PM

D001 GILMORE ERIKA
MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: PATTILLO JAMES LAURENS]

Notice Date:      8/4/2021 4:52:59 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: SAUNDERS ANNA CERISE
asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 4:52:59 PM

D001 GILMORE ERIKA
MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     8/4/2021 4:52:59 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
8/4/2021 5:20 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

**STATE OF ALABAMA**
Unified Judicial System

35-GREENE

☐ District Court   ☑ Circuit Court

Cas...

CV2...

CORNELIUS ROSS V. ERIKA GILMORE ET AL

Revised 3/5/08

### CIVIL MOTION COVER SHEET

*Name of Filing Party:* D001 - GILMORE ERIKA

---

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JAMES LAURENS PATTILLO

505 20th Street North, Suite 1800

BIRMINGHAM, AL 35203

*Attorney Bar No.:* PAT061

☐ Oral Arguments Requested

---

### TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☑ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $  0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

---

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)   ☐

Date:
8/4/2021 5:18:18 PM

Signature of Attorney or Party
/s/ JAMES LAURENS PATTILLO

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
8/4/2021 5:20 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS,          )
                         )
    Plaintiff,            )
                         )
vs.                      )          Civil Action No.: 35-CV-2021-900009
                         )
                         )
ERIKA GILMORE, KEITH AVENT,   )
FEDEX FREIGHT, INC.,     )
                         )
    Defendants.           )

## MOTION FOR JOINDER IN MOTION TO TRANSFER

    **COMES NOW** the Defendant, **Erika Gilmore (hereinafter "Gilmore"),** and joins in Defendant Fedex Freight, Inc.'s Motion to Transfer (Doc. 13). In support thereof, this Defendant states as follows:

    1. In joining this motion, Defendant Gilmore adopts and incorporates all arguments made in the motion as set out fully herein.

    2. Pursuant to Ala. Cod. 6-3-21.1 and in the interest of justice and the convenience of all parties, this matter should properly be litigated in Jefferson County, Alabama.

    WHEREFORE, PREMISES CONSIDERED, Defendant Gilmore moves to transfer this case to the Circuit Court of Jefferson County.

Respectfully submitted,

s/ *James L. Pattillo*
James L. Pattillo (PAT061)
Attorney for Defendant Gilmore

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone:  (205) 795-6588
Facsimile:  (205) 328-7234
Email: JLP@csattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

Unless otherwise serve by the Alafile system, I do hereby certify that a copy of the above and foregoing instrument was served on the following by placing a copy of same in the United States Mail, first class postage pre-paid and properly addressed on August 4, 2021:

Carson S. Hale, Esq.
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave, Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com
*Attorney for Plaintiff*

Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
*Attorneys for Defendant FedEx Freight*

*s/ James L. Pattillo*
OF COUNSEL



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   JAMES LAURENS PATTILLO
      jlp@csattorneys.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 5:20:34 PM

D001 GILMORE ERIKA
MOTION FOR JOINDER
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     8/4/2021 5:20:34 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  GILMORE ERIKA (PRO SE)
     203 PICKENS ST.
     EUTAW, AL, 35462-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 5:20:34 PM

D001 GILMORE ERIKA
MOTION FOR JOINDER
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     8/4/2021 5:20:34 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 5:20:34 PM

D001 GILMORE ERIKA
MOTION FOR JOINDER
[Filer: PATTILLO JAMES LAURENS]

Notice Date:      8/4/2021 5:20:34 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 5:20:34 PM

D001 GILMORE ERIKA
MOTION FOR JOINDER
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     8/4/2021 5:20:34 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  DELISLE SARA ELIZABETH
     sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 5:20:34 PM

D001 GILMORE ERIKA
MOTION FOR JOINDER
[Filer: PATTILLO JAMES LAURENS]

Notice Date:      8/4/2021 5:20:34 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 5:20:34 PM

D001 GILMORE ERIKA
MOTION FOR JOINDER
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     8/4/2021 5:20:34 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   SAUNDERS ANNA CERISE
      asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 5:20:34 PM

D001 GILMORE ERIKA
MOTION FOR JOINDER
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     8/4/2021 5:20:34 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
8/13/2021 9:22 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>35-( |
|---|---|---|

# IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **CORNELIUS ROSS V. ERIKA GILMORE ET AL**

   **(For Juvenile cases only):**

☐ **In the Matter of** _____

ADAMSVILLE POLICE DEPARTMENT

4911 MAIN STREET
ADAMSVILLE, AL 35005

A.  Issued at the request of :

1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B.  Special Instructions
    You are ordered to:

1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  SARA ELIZABETH DELISLE 100 Vestavia Parkway Birmingham, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | | **ADDITIONAL INSTRUCTIONS** |
|---|---|---|

Any inspection or production of documents or records must be completed within 15 days

**DATE:**  08/30/2021 10:00 AM

**ROOM:**  c/o Kimberly Frazier

**ADDRESS:**  Carr Allison

100 Vestavia Parkway

Birmingham, AL 35216

**DATE ISSUED:**  8/13/2021

Please see attached Civil Subpoena.  You may contact paralegal, Kimberly Frazier, at kfrazier@carrallison.com.

/s/ VERONICA MORTON-JONES

Signature of Court Clerk                    Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this **OR ANY AUTHORIZED PERSON:** court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order
to _____

_____   on   _____

_____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____

Date Mailed

_____

Sheriff                                        Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena is issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
8/13/2021 9:22 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   **Civil Action No.:  CV-2021-900009** |
| | ) |
| **ERIKA GILMORE, KEITH AVENT, FEDEX** | ) |
| **FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULE 45

---

TO:   Adamsville Police Department
      ATTN: Lynn Lindsey
      4911 Main Street
      Adamsville, AL 35005

You are hereby commanded, at the instance of the Defendant within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

Any and all documents pertaining to **Erika Monique Gilmore (DOB: 11/9/1990)** and/or **Keith Edward Avent (DOB: 5/2/1973)**, including but not limited to, ROAD Call Log, dispatch records, dispatch notes, run reports incident or accident reports, notes, memoranda, video or digital recordings, statements (oral or written), <u>body and/or dash cam audio and video</u>, investigation documents or reports, billing and any other documents prepared at any time regarding an incident(s) on or about **April 3, 2020 on US-78 at Galsgow Hollow Road in the city of Adamsville, Jefferson County, Alabama (Local Case Number 200400001999; Crash Report Number 0638140)**.

**(Please return a copy of the subpoena with records)**

**\*\*\*This subpoena is continuing until the conclusion of litigation\*\*\***

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to this action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing issuance of this subpoena of the reasonable costs of making such copies.**   The said party agrees to pay all reasonable

{DOC# 00745589}

expenses incurred by you at the aforementioned time and place or upon receipt of said documents. **Please advise us if the reasonable copying cost will be over $100.00.**

Should you choose to mail legible copies of the records requested, please deliver or mail them, within **15 days** of service of this subpoena, to:

*Kimberly Frazier, Paralegal*
*c/o Carr Allison, Pugh, Howard, Oliver & Sisson, P.C.*
*100 Vestavia Parkway*
*Birmingham, AL 35216*

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents provides in sections (c.) and (d) as follows:

**(c.) Protection of Persons Subject to Subpoenas:**

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)      fails to allow reasonable time for compliance.

(ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed

{DOC# 00745589}

or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(I)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**(e) HIPAA RULES**

In compliance with 145 CFR 164.512(e) (1) (ii), (iii), the undersigned states as follows:

1.    The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

2.    The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This

{DOC# 00745589}

notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection before the court.

3.      That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You have the right object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____ day of _____, 2021.


_____
CIRCUIT COURT CLERK

DATE OF ISSUE:  _____


**RETURN ON SERVICE**

Received this subpoena on _____and served it on the within named

on the_____ day of _____, 2021.


_____
PROCESS SERVER

---



ELECTRONICALLY FILED
6/28/2021 3:41 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

# IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

ROSS CORNELIUS,                         )
Plaintiff,                              )
                                        )
V.                                      )  Case No.:   CV-2021-900009.00
                                        )
GILMORE ERIKA,                          )
AVENT KEITH,                            )
FEDEX FREIGHT, INC.,                    )
Defendants.                             )

## HIPPA PROTECTIVE ORDER

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any *pro se* parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual.  This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure.  Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the

patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

DONE this 28th day of June, 2021.

/s/ HON. EDDIE HARDAWAY
CIRCUIT JUDGE



AlaFile E-Notice

35-CV-2021-900009.00

To:  SARA ELIZABETH DELISLE
     sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 8/13/2021 9:22:04 AM

Notice Date:     8/13/2021 9:22:04 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  ADAMSVILLE POLICE DEPARTMENT
     4911 MAIN STREET
     ADAMSVILLE, AL, 35005

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 8/13/2021 9:22:04 AM

Notice Date:     8/13/2021 9:22:04 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 8/13/2021 9:22:04 AM

Notice Date:     8/13/2021 9:22:04 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 8/13/2021 9:22:04 AM

Notice Date:      8/13/2021 9:22:04 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: PATTILLO JAMES LAURENS
    jlp@csattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 8/13/2021 9:22:04 AM

Notice Date:     8/13/2021 9:22:04 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 8/13/2021 9:22:04 AM

Notice Date:     8/13/2021 9:22:04 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   SAUNDERS ANNA CERISE
      asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following subpoena was FILED on 8/13/2021 9:22:04 AM

Notice Date:     8/13/2021 9:22:04 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov


ELECTRONICALLY FILED
8/13/2021 6:40 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT FOR GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| *v.* | *    **Case No.:  CV - 2021 - _____** |
| | * |
| **ERIKA GILMORE, KEITH AVENT,** | *    **JURY TRIAL DEMANDED** |
| **FEDEX FREIGHT, INC., and** | * |
| **Fictitious Defendants "A," "B," and** | * |
| **"C," whether singular or plural, those** | * |
| **other persons, corporations, firms or** | * |
| **other entities whose wrongful conduct** | * |
| **caused or contributed to cause the** | * |
| **injuries and damages to Plaintiff, all of** | * |
| **whose true and correct names are** | * |
| **unknown to Plaintiff at this time, but** | * |
| **will be added by amendment when** | * |
| **ascertained,** | * |
| | * |
| **Defendants.** | * |
| | * |

---

## COMPLAINT

---

This is an action by Plaintiff, Cornelius Ross (herein after referred to as "Plaintiff"), against Defendants, Erika Gilmore (herein after referred to as "Defendant Gilmore"), Keith Avent (herein after referred to as "Defendant Avent"), and FedEx Freight, Inc., (herein after referred to as "Defendant FedEx") for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about April 3, 2020.

### PARTIES, JURISDICTION, VENUE

1)     Plaintiff was a resident and citizen of Jefferson County, Alabama at all times material to the issues in this case.

2)     Upon information and belief, Defendant Gilmore was a resident and citizen of Greene County, Alabama at all times material to the issues in this case.

3)      Upon information and belief, Defendant FedEx is a foreign Corporation, doing business in Greene County, Alabama at all times material to the issues in this case.  Defendant FedEx may be served through its registered agent, CT Corporation Systems, at 2 North Jackson St., Suite 605, Montgomery, AL 36104.

4)      Upon information and belief, Defendant Avent is a resident and citizen of Fayette County, Tennessee all times material to the issues in this case,  and an employee and/or agent of Defendant FedEx, and was doing business for said Defendant FedEx at all times material to the issues in this case.  Defendant Avent is being sued in both their official and individual capacities.

5)      Fictitious Defendant "A", "B", and "C", are those persons or entities whose names will be substituted upon learning their true identities.

6)      The motor vehicle accident that gives rise to this complaint occurred in Jefferson County, Alabama.

7)      Venue is proper in Greene County, Alabama.

## FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

8)      On or about April 3, 2020, Plaintiff was occupying a vehicle owned and operated by Defendant Gilmore in Jefferson County, Alabama.

9)      At said time and place, the Defendant Gilmore was traveling southbound on Glasgow Hollow Rd crossing the intersection of Glasgow Hollow Rd and US-78.

10)     At said time and place, the Defendant Avent was traveling eastbound on US-78 in Jefferson County, Alabama approaching the intersection of Glasgow Hollow Rd and US-78.

11)     At said time and place, Defendant Gilmore failed to yield the right of way to the Defendant Avent's vehicle, and allowed and/or caused their vehicle to collide with the Defendant Avent's vehicle.

2

12)   At said time and place, Defendant Avent was not paying attention, and allowed and/or caused their vehicle to collide with the Defendant Gilmore's vehicle.

13)   At the time of the collision, Defendant Avent was an employee and/or agent of Defendant FedEx and was operating under the appropriate scope and authority of his employment and/or agency of said Defendant FedEx, at all times material to the issues in this cause of action.

14)   Plaintiff suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendant Gilmore, Defendant Avent, and/or Fictitious Defendants.

## COUNT ONE - NEGLIGENCE

15)   The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant Gilmore.

16)   Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

17)   At all times material to this action, Defendant Gilmore owed a duty of reasonable care in the ownership, operation and use of said vehicle.

18)   At said time and place, Defendant Gilmore operated said vehicle in such a negligent manner as to:

(a)   cause said vehicle, in which passengers were occupying, to collide with another;

(b)   cause serious injuries to Plaintiff.

19)   In causing said vehicle to crash into another vehicle, Defendant Gilmore:

(a)   Negligently failed to exercise ordinary care.

(b)   Negligently failed to keep proper look out.

(c)   Negligently failed to maintain proper control of the vehicle.

(d)   Negligently failed to yield to the other vehicle.

(e)     Otherwise acted in negligent disregard of the rights and safety of Plaintiff and others traveling on said public highway at said time and place.

20)     As a direct and proximate result of the Defendant Gilmore's negligence, Defendant Gilmore collided with another vehicle, causing said Plaintiff to sustain personal injuries, pain, suffering, property damage and other damages.

21)     Plaintiff avers that the acts and conduct of Defendant Gilmore, on said occasion, constitutes common law negligence and violates the Rules of the Road for the State of Alabama.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT TWO –NEGLIGENCE PER SE

22)     The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant Gilmore.

23)     Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

24)     At said place and time, there were in force certain laws, statutes and/or ordinances that were designed to prevent the injuries sustained by Plaintiff, specifically § 32-5A-191 of the Code of Alabama.

25)     Defendant Gilmore violated said laws, statutes and/or ordinances, in the operation of the vehicle that directly resulted to the injuries sustained by Plaintiff.

26)     Plaintiff is included in the class of people the laws, statutes, and/or ordinances were intended to protect.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT THREE – RECKLESSNESS AND WANTONNESS

27)   The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant Gilmore.

28)   Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

29)   At said place and time, Defendant Gilmore operated said vehicle in such a reckless and wanton manner as to:

   (a)   cause said vehicle, in which the Plaintiff was occupying, to collide with another vehicle;

   (b)   cause damage to said vehicle; and

   (c)   cause substantial injuries to Plaintiff.

30)   In causing said vehicle to collide with the other vehicle, Defendant Gilmore:

   (a)   Recklessly and Wantonly failed to exercise ordinary care.

   (b)   Recklessly and Wantonly failed to keep a proper look out.

   (c)   Recklessly and Wantonly failed to maintain proper control of said vehicle.

   (d)   Recklessly and Wantonly failed to yield to another vehicle.

   (e)   Otherwise acted in reckless and wanton disregard of the rights and safety of Plaintiff and others traveling on said public highway at said time and place.

31)     Plaintiff avers that the acts and conduct of Defendant Gilmore, at said time and place, were in violation of the statutes of State of Alabama which constitute statutory recklessness and wantonness

32)     Plaintiff sustained substantial injuries as the proximate result of said recklessness and wantonness of Defendant Gilmore in violating said statutes and in colliding with another vehicle.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FOUR – NEGLIGENCE

33)     The Plaintiff in this Count is Plaintiff. The Defendants in this Count are Defendant FedEx and Defendant Avent, individually.

34)     Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

35)     At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant FedEx, Defendant Avent operated said vehicle in such a negligent manner as to (a) cause said vehicle to collide with the vehicle in which Plaintiff was occupying, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the Plaintiff.

36)     In causing said vehicle to crash into the vehicle in which Plaintiff was occupying, Defendant FedEx's agent and/or employee, Defendant Avent:

(a) Negligently failed to exercise ordinary care.

(b) Negligently failed to keep a proper look out.

(c)  Negligently failed to maintain proper control of said vehicle.

(d)  Negligently failed to yield the motor vehicle in which Plaintiff was occupying.

(e)  Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

37)    The Plaintiff avers that the acts and conduct of Defendant FedEx's agent and/or employee, Defendant Avent on said occasion constitutes common law negligence.  The Plaintiff further avers that the acts and conduct of the said Defendant Avent on said occasion were in violation of one or more of the Rules of the Road for the State of Alabama.

38)    As the proximate consequence of said negligence, Defendant FedEx's agent and/or employee, Defendant Avent**,** (a) in violating said statutes, and (b) in colliding with the vehicle in which Plaintiff was occupying, Plaintiff was caused to sustain serious injuries.

39)    The Plaintiff avers that said negligent acts and conduct of the said Defendant Avent on said occasion are imputed to Defendant FedEx, and Defendant FedEx and Defendant Avent, are jointly and severally liable for the serious injuries of the Plaintiff, as a result of said negligent acts and conduct of the said Defendant Avent.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## **COUNT FIVE - RECKLESSNESS AND WANTONESS**

40)    The Plaintiff in this Count is Plaintiff. The Defendants in this Count are Defendant FedEx and Defendant Avent, individually.

7

41)     Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

42)     At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant FedEx, Defendant Avent operated said vehicle in such a reckless and wanton manner as to (a) cause said vehicle to collide with the vehicle which Plaintiff was occupying, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the Plaintiff.

43)     In causing said vehicle to crash into the vehicle in which Plaintiff was occupying, Defendant FedEx's agent and/or employee, Defendant Avent:

      (a) Recklessly and Wantonly failed to exercise ordinary care.

      (b) Recklessly and Wantonly failed to keep a proper look out.

      (c) Recklessly and Wantonly failed to maintain proper control of said vehicle.

      (d) Recklessly and Wantonly failed to yield to the motor vehicle in which Plaintiff was occupying.

      (e) Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

44)     The Plaintiff avers that the acts and conduct of Defendant FedEx's agent and/or employee, Defendant Avent on said occasion constitute statutory recklessness and wantonness.  The Plaintiff further avers that the acts and conduct of the said Defendant Avent on said occasion were in violation of one or more of the Rules of the Road for the State of Alabama.

45) As the proximate consequence of said recklessness and wantonness of Defendant FedEx's agent and/or employee, Defendant Avent, (a) in violating said statutes, and (b) in colliding with the vehicle in which Plaintiff was occupying, Plaintiff was caused to sustain serious injuries.

46) The Plaintiff avers that said reckless and wanton acts and conduct of the said Defendant Avent**,** on said occasion, are imputed to Defendant FedEx, and Defendant FedEx and Defendant Avent, are jointly and severally liable to for the serious injuries, as a result of said reckless and wanton acts and conduct of the said Defendant Avent.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT SIX- NEGLIGENT AND WANTON ENTRUSTMENT

47) The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant FedEx.

48) Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

49) The Plaintiff avers that on the occasion made the basis of this case, Defendant FedEx negligently, recklessly and wantonly entrusted said vehicle to the said Defendant Avent; that the said Defendant Avent; was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said vehicle entrusted to him; and that Defendant FedEx knew, or by the exercise of reasonable care should have known, that the said Defendant Avent; was unsuitable to have said vehicle entrusted to them.

50) The Plaintiff further avers that said negligent and wanton entrustment of said vehicle to

9

the said Defendant Avent; (a) is combined with the negligent, reckless and wanton acts and conduct of the said Defendant Avent; and (b) is a concurrent, proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT SEVEN –NEGLIGENT AND WANTON HIRING, TRAINING, RETENTION, AND SUPERVISION

51)     The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant FedEx.

52)      Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

53)     The Plaintiff avers that Defendant FedEx, hired, trained, retained and supervised Defendant Avent**,** as a driver for a commercial vehicle.

54) The Plaintiff avers that the Defendant FedEx:

(a) Acted  in a negligent, reckless and wanton manner in  hiring Defendant Avent**,** as a commercial vehicle driver,

(b) Acted in a negligent, reckless and wanton manner in retaining Defendant Avent**,** as a commercial vehicle driver,

(c) Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Defendant Avent**,** as a commercial vehicle driver, and

(d) Acted in a negligent, reckless and wanton manner in failing to instill in

Defendant Avent qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant FedEx entrusted to Defendant Avent**,** as a commercial vehicle driver on the public highways of Alabama and other states.

55)    The Plaintiff further avers that the serious injuries of the Plaintiff are the proximate results of said negligence and wantonness of Defendant FedEx in the hiring, training, retention, monitoring, and supervision of the said Defendant Avent as a commercial vehicle driver on the public highways of Alabama and other states.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

### COUNT EIGHT- FICTICIOUS DEFENDANTS

56)    The Plaintiff in this Count is Plaintiff.

57)    Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

58)    Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the serious injuries of the plaintiff, of all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to

which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS**

This February 17, 2021.

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

**(the rest of this page left blank intentionally)**

12

## <u>REQUEST FOR SERVICE OF PROCESS</u>

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

Erika Gilmore
203 Pickens St.
Eutaw, AL 35462

Keith Avent
6400 Yager Dr.
Moscow, TN 38057

FedEx Freight, Inc.
Registered Agent: CT Corporation Systems
2 North Jackson St., Suite 605
Montgomery, AL 36104

<div align="center">

/s/ <u>*Carson S. Hale*</u>
CARSON S. HALE
OF COUNSEL

</div>

**(the rest of this page left blank intentionally)**



AlaFile E-Notice

35-CV-2021-900009.00

To: CARSON SCOTT HALE
chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following alias summons was FILED on 8/13/2021 6:40:45 PM

Notice Date:     8/13/2021 6:40:45 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   ERIKA GILMORE
      203 PICKENS ST.
      EUTAW, AL, 35462

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following alias summons was FILED on 8/13/2021 6:40:45 PM

Notice Date:      8/13/2021 6:40:45 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  KEITH AVENT
     6400 YAGER DR.
     MOSCOW, TN, 38057

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following alias summons was FILED on 8/13/2021 6:40:45 PM

Notice Date:     8/13/2021 6:40:45 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  PATTILLO JAMES LAURENS
     jlp@csattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following alias summons was FILED on 8/13/2021 6:40:45 PM

Notice Date:     8/13/2021 6:40:45 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  DELISLE SARA ELIZABETH
     sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following alias summons was FILED on 8/13/2021 6:40:45 PM

Notice Date:      8/13/2021 6:40:45 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following alias summons was FILED on 8/13/2021 6:40:45 PM

Notice Date:     8/13/2021 6:40:45 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  SAUNDERS ANNA CERISE
     asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following alias summons was FILED on 8/13/2021 6:40:45 PM

Notice Date:     8/13/2021 6:40:45 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>35-CV-2021-900009.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA**
**CORNELIUS ROSS V. ERIKA GILMORE ET AL**

**NOTICE TO:** ERIKA GILMORE, 203 PICKENS ST., EUTAW, AL 35462

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CARSON SCOTT HALE

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 145 E. MAGNOLIA AVE.  SUITE 201, AUBURN, AL 36830

.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 08/13/2021 | /s/ VERONICA MORTON-JONES | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____ .

*(Date)*

[ ] I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)* *(Name of County)*

Alabama on _____ .

*(Date)*

_____   _____   _____

*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

_____   _____

*(Server's Printed Name)*   *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>35-CV-2021-900009.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA**
**CORNELIUS ROSS V. ERIKA GILMORE ET AL**

**NOTICE TO:** KEITH AVENT, 6400 YAGER DR., MOSCOW, TN 38057

<div align="center">

*(Name and Address of Defendant)*
</div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CARSON SCOTT HALE                                                                                          ,

<div align="center">

*[Name(s) of Attorney(s)]*
</div>

WHOSE ADDRESS(ES) IS/ARE: 145 E. MAGNOLIA AVE.  SUITE 201, AUBURN, AL 36830                          .

<div align="center">

*[Address(es) of Plaintiff(s) or Attorney(s)]*
</div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

<div align="center">

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**
</div>

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ROSS CORNELIUS

pursuant to the Alabama Rules of the Civil Procedure.

| 08/13/2021 | /s/ VERONICA MORTON-JONES | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ CARSON SCOTT HALE

<div align="center">

*(Plaintiff's/Attorney's Signature)*
</div>

<div align="center">

**RETURN ON SERVICE**
</div>

☐ Return receipt of certified mail received in this office on _____ .

<div align="center">

*(Date)*
</div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<div align="center">

*(Name of Person Served)*          *(Name of County)*
</div>

Alabama on _____ .

<div align="center">

*(Date)*
</div>

_____        _____        _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____        _____

*(Server's Printed Name)*          *(Phone Number of Server)*


ELECTRONICALLY FILED
8/15/2021 11:45 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

### IN THE CIRCUIT COURT FOR GREENE COUNTY, ALABAMA

| | | |
|---|---|---|
| **CORNELIUS ROSS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No.:  CV - 2021 - 900009** |
| *v.* | * | |
| | * | |
| **ERIKA  GILMORE,  KEITH  AVENT,** | * | |
| **AND FEDEX FREIGHT, INC.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

---

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FEDEX'S MOTION TO TRANSFER VENUE

---

COMES NOW the Plaintiff, by and through undersigned counsel of record, and files his response in opposition to Defendant FedEx's Motion to Transfer Venue.  Plaintiff respectfully requests this Honorable Court to enter an order DENYING Defendant FedEx's Motion to Transfer Venue.  As grounds in support of his response, Plaintiff states as follows:

### I.    INTRODUCTION

1. The incident giving rise to this action was a collision between automobiles being driven by Defendants Gilmore and Avent.  Plaintiff was a passenger in the vehicle being driven by Defendant Gilmore.

2. Upon information and belief, Defendant Gilmore was a resident and citizen of Greene County, Alabama at all times material to the issues in this case.

3. Upon information and belief, Defendant FedEx is a foreign Corporation, doing business in Greene County, Alabama at all times material to the issues in this case.

4. Upon information and belief, Defendant Avent is a resident and citizen of Fayette County, Tennessee all times material to the issues in this case.

1

5. The motor vehicle accident that gives rise to this complaint occurred in Jefferson County, Alabama.

6. Venue is proper in Greene County, Alabama.

7. On March 22, 2021, Defendant FedEx filed a Motion to Transfer Venue.

8. On March 23, 2021, Defendant FedEx filed a Supplement to the previously filed Motion to Transfer Venue.

9. On August 4, 2021, Defendant Gilmore filed a Motion for Joinder in Defendant FedEx's Motion to Transfer Venue.

10. Plaintiff now responds, in opposition, to the aforementioned Motion to Transfer Venue.

## II.   LEGAL STANDARD

### A.   STANDARD OF REVIEW UNDER ALABAMA CODE 1975, § 6-3-21.1.(a)

The <u>forum non conveniens</u> statute, Ala. Code 1975, § 6-3-21.1.(a), provides, in relevant part: "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."

## III.   ARGUMENT

### A.   Interests of Justice

Alabama case law does not allow for the transfer of an action from a proper venue to another venue simply because the requested venue has an arguably stronger connection to the action.  Rather, the Alabama Supreme Court has stated that the transferee county must "have a <u>significantly stronger connection</u> to the case to justify a transfer of this case under the interest-of-justice prong of § 6–3–21.1."  <u>Ex parte Elliott</u>, 254 So. 3d 882, 887 (Ala. 2017) (emphasis

2

added). Furthermore, it must be noted that "'[w]hen venue is appropriate in more than one county, the plaintiff's choice of venue is generally given great deference.'"  Ex parte J & W Enters., LLC, 150 So. 3d at 194 (quoting Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala. 2003)).

By statute, Greene County is a proper venue for this case.  See Ala. Code 1975, § 6-3-2(a)(3) ("In proceedings of a legal nature against individuals: All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred.").

Defendant FedEx contends that this action should be transferred from Greene County to Jefferson County because the collision occurred in Jefferson County, and the collision was investigated in Jefferson County. These assertions are the only factual support provided by Defendant FedEx in arguing that the action should be transferred because Jefferson County has a stronger "connection" to this case than does Greene County, Defendant Gilmore's county of residence and, as noted, a statutorily proper venue for this case.

Elliott is quite instructive on this issue.  In Elliott, the plaintiff filed his complaint in Lowndes County, which was undisputedly a proper venue for his action.  The defendant successfully moved, pursuant to the "interest of justice" prong of the doctrine of forum non conveniens, to have the action transferred to Montgomery County, which was also undisputedly a proper venue for the action.  The plaintiff petitioned the Supreme Court of Alabama for a writ of mandamus, seeking an order requiring the Lowndes Circuit Court to vacate its order transferring the action to the Montgomery Circuit Court.  In granting the plaintiff's petition, the Court notably found that "the location of the accident is not the sole factor to be considered in

3

the interest-of-justice analysis and that there will be circumstances … where the interest of justice will not compel the case to be heard in the venue where the accident occurred." Elliott, 254 So. 3d at 887 (citing Ex parte J & W Enters., LLC, 150 So. 3d 190 (Ala. 2014)).

Plaintiff has filed this current action in Greene County, a decision that is due significant deference. (Ex Parte J&W Enters., LLC).  Although the incident giving rise to this claim occurred in Jefferson County, and the treatment was largely received in Jefferson County, there is no dispute as to Greene County being a proper venue. Also, Plaintiff contends that Defendant Gilmore was intoxicated at the time of her collision with Defendant Avent.  As a resident of Greene County, it is wholly appropriate for a jury made up of Greene County residents to determine the fate of Defendant Gilmore, and her co-defendants, given the serious nature of the allegations outlined in Plaintiff's Complaint.

**B.      Convenience of the Parties**

Defendant seeking a transfer based on forum non conveniens grounds has the burden of proving to the satisfaction of the trial court that the defendant's inconvenience and expense in defending the action in the venue selected by the plaintiff are so great that the plaintiff's right to choose the forum is overcome; for a transfer to be justified, the transferee forum must be significantly more convenient than the forum chosen by the plaintiff.  Ex parte Blair Logistics, LLC, 157 So.3d 951 (Ala.Civ.App.2014).

A party who claims that the location of documents is a consideration in a forum non conveniens dispute must make a showing on the factors such as volume, necessity, and inconvenience that would support such a claim.  Ex parte Yocum, 963 So.2d 600 (Ala.2007)

Again, Defendant FedEx does not dispute that venue in this case is proper in Greene County; rather, Defendant FedEx contends that, under the doctrine of forum non conveniens, the

action should be transferred to Jefferson County.  Curiously, Defendant FedEx is a foreign corporation whose principle place of business is Memphis, Tennessee yet seeks to transfer this action. This Court should consider that the Defendant may be utilizing the doctrine of <u>forum non conveniens</u> as a mechanism to move the action to a venue the Defendant considers more favorable. Notably, Defendant FedEx is a forign corporation, Defendant Avent is a resident of Fayette County, Tennessee, and Defendant Gilmore is a resident of Greene County, Alabama.  It is inconceivable that Greene County is a forum non conveniens to the parties when two of the defendants are out of state residents, and the other defendant is a resident of Greene County.  In light of the above, it appears clear that Defendant FedEx does not seek this transfer for the convenience of the parties, rather that Defendant FedEx is engaging in forum shopping.

Defendant FedEx has also filed an affidavit of Deputy James Eastis.  Defendant FedEx presents this affidavit of proof that Greene County would be inconvenient for the witness; however, Deputy James Eastis states affirmatively that he "could attend a trial in Greene County".

WHEREFORE, the premises considered, Plaintiff respectfully requests that this Honorable Court deny Defendant FedEx's Motion to Transfer.

This August 15, 2021.

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2021, an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/ firm email to the following:

James Pattillo
Christian & Small LLP
505 20th N., Ste 1800
Birmingham, AL 35203

Keith Avent
6400 Yager Dr.
Moscow, TN 38057

Sara Elizabeth Delisle
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   CARSON SCOTT HALE
      chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/15/2021 11:45:24 AM

C001 ROSS CORNELIUS

RESPONSE TO MOTION FOR CHANGE OF VENUE/TRANSFER

[Filer: HALE CARSON SCOTT]

Notice Date:   8/15/2021 11:45:24 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/15/2021 11:45:24 AM

C001 ROSS CORNELIUS
RESPONSE TO MOTION FOR CHANGE OF VENUE/TRANSFER
[Filer: HALE CARSON SCOTT]

Notice Date:     8/15/2021 11:45:24 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  PATTILLO JAMES LAURENS
     jlp@csattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/15/2021 11:45:24 AM

C001 ROSS CORNELIUS
RESPONSE TO MOTION FOR CHANGE OF VENUE/TRANSFER
[Filer: HALE CARSON SCOTT]

Notice Date:     8/15/2021 11:45:24 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  DELISLE SARA ELIZABETH
     sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/15/2021 11:45:24 AM

C001 ROSS CORNELIUS
RESPONSE TO MOTION FOR CHANGE OF VENUE/TRANSFER

[Filer: HALE CARSON SCOTT]

Notice Date:    8/15/2021 11:45:24 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: RICHMOND LEA IV
lrichmond@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/15/2021 11:45:24 AM

C001 ROSS CORNELIUS
RESPONSE TO MOTION FOR CHANGE OF VENUE/TRANSFER

[Filer: HALE CARSON SCOTT]

Notice Date:      8/15/2021 11:45:24 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: SAUNDERS ANNA CERISE
asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/15/2021 11:45:24 AM

C001 ROSS CORNELIUS
RESPONSE TO MOTION FOR CHANGE OF VENUE/TRANSFER

[Filer: HALE CARSON SCOTT]

Notice Date:     8/15/2021 11:45:24 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



ELECTRONICALLY FILED
8/15/2021 11:51 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT FOR GREENE COUNTY, ALABAMA

CORNELIUS ROSS,                       *
                                      *
    Plaintiff,                        *
                                      *
v.                                    *        Case No.:  CV - 2021 - 900009
                                      *
ERIKA GILMORE, KEITH AVENT,           *
AND FEDEX FREIGHT, INC.,              *
                                      *
    Defendants.                       *
                                      *

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GILMORE'S MOTION TO DISMISS

COMES NOW the Plaintiff, by and through undersigned counsel of record, and files his response in opposition to Defendant Gilmore's Motion to Dismiss.  Plaintiff respectfully requests this Honorable Court to enter an order DENYING Defendant Gilmore's Motion to Dismiss.  As grounds in support of his response, Plaintiff , relies upon the following:

Exhibit A:     Plaintiff's Complaint

Exhibit B:     Defendant Gilmore's Motion to Dismiss

## I.     LEGAL STANDARD

### A.     STANDARD OF REVIEW UNDER ALABAMA RULE OF CIVIL PROCEDURE RULE 12(b)(6)

In considering whether a complaint is sufficient to withstand a motion to dismiss, this Court must accept the allegations of the complaint as true. (*Creole Land Development. Inc. v. Bentborok Housing, LLC, et al.,* 828 So.2d 285 (Ala. 2002)). The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle them to relief. In making this determination, this Court does not consider whether the

1

plaintiff will ultimately prevail, but only whether they may possibly prevail. A Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. (*Ex Parte Alabama Department of Youth Services,* 880 So.2d 393 (2003)). A dismissal governed by Rule 12(b)(6), ALA. R. Civ. P., should be granted sparingly, and is properly granted only when it appears beyond a doubt that the plaintiff cannot prove any set of facts which would entitle him to relief.

## II.   <u>ARGUMENT</u>

The sole issue presented for review is whether the allegations of the Complaint, taken as true, state a justifiable controversy.  In Plaintiff's Complaint, there are multiple issues presented that meet this standard.  Moreover, Defendant Gilmore's argument that the claims against her are barred by Alabama's Guest Passenger State not only are incorrect and premature, but undermine her own argument that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

The Alabama Supreme Court in the matter of *The Estate of James Carpenter, deceased v. Mobile County, et al.,* 841 So.2d 1237 (2002) notes that "a trial court should not dismiss a claim unless it appears that a plaintiff can prove no set of facts in support of the claims stated in the complaint that would entitle the plaintiff to relief under some cognizable theory of law." The only issue to be considered by this Honorable Court presently is whether Plaintiff could conceivably prove **ANY** set of facts that would entitle Plaintiff to relief, as alleged in the Complaint. (Exhibit A).  Nowhere in the Defendant Gimore's Motion to Dismiss has the Defendant claimed or shown that there are no provable set of facts contained in the Plaintiff's Complaint that would allow for a dismissal of this matter. (Exhibit B).    Defendant Gilmore simply raises the affirmative defense of Alabama's Guest Passenger Statute; however, there are

numerous exceptions to the aforementioned statute which apply in the case at hand.  It is never proper to dismiss a complaint if it contains even a generalized statement of facts which would support a claim for relief. (*Dunson v. Friedlander Realty,* 369 So. 2d 792, 796 (Ala. 1979)). The moving Defendant has not shown, and can not show, that it is beyond a doubt that Plaintiff cannot prove any set of facts which would entitle him to relief. *(Garrett v. Hadden,* 495 So. 2d 616, 617 (Ala. 1986)).

Here, the Plaintiff was a passenger in a vehicle being driven by Defendant Gilmore that was struck by Defendant Avent, and the question at this point is **not** whether Plaintiff will ultimately prevail, "but only whether they have stated a claim under which they may possibly prevail." (*Shaddix v. United Ins. Co. of America,* 678 So. 2d 1097,1098, (Ala. Civ. App. 1995), *writ quashed,* 678 So. 2d 1100 (Ala. 1996)). Since "all doubts relating to the sufficiency of the complaint" should be resolved in favor of the Plaintiff, this Honorable Court should deny the moving Defendant's Motion to Dismiss.  Defendant Gilmore should not prevail on her Motion to Dismiss because Plaintiff has shown genuine disputed material facts; and Defendant has made no pleading and has cited nothing regarding these issues and cannot show beyond doubt that said facts cannot be proven. The existence of genuine disputed material facts set forth by Plaintiff in the Complaint meet the standard that such facts may allow for Plaintiff to prevail on his claims. Accordingly, Defendant Gilmore's Motion to Dismiss is due to be denied.

WHEREFORE, the premises considered, Plaintiff respectfully requests that this Honorable Court deny Defendant Gilmore's Motion to Dismiss.

This August 15, 2021.

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

3

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2021, an exact copy of the foregoing instrument has

been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the

United States Mail, postage prepaid and properly addressed; and/or (c) by personal/ firm email to

the following:

James Pattillo
Christian & Small LLP
505 20th N., Ste 1800
Birmingham, AL 35203

Keith Avent
6400 Yager Dr.
Moscow, TN 38057

Sara Elizabeth Delisle
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

# Exhibit A



AlaFile E-Notice

35-CV-2021-900009.00

To:   CARSON SCOTT HALE
      chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following complaint was FILED on 2/17/2021 8:25:17 AM

Notice Date:    2/17/2021 8:25:17 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

DOCUMENT 76

ELECTRONICALLY FILED
2/17/2021 8:25 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>35-CV-2021-900009.00<br>Date of Filing:    Judge Code:<br>02/17/2021 |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA**
**CORNELIUS ROSS v. ERIKA GILMORE ET AL**

**First Plaintiff:**  ☐ Business  ☑ Individual        **First Defendant:**  ☐ Business  ☑ Individual
                     ☐ Government  ☐ Other                          ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL  - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE  - Personal Property
☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**

☐ ABAN  - Abandoned Automobile
☐ ACCT  - Account & Nonmortgage
☐ APAA  - Administrative Agency Appeal
☐ ADPA  - Administrative Procedure Act
☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING          A ☐ APPEAL FROM          O ☐ OTHER
                                              DISTRICT COURT

              R ☐ REMANDED               T ☐ TRANSFERRED FROM
                                              OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a
                                                 jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**        ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

_____HAL120_____          _____2/17/2021 8:25:15 AM_____          _____/s/ CARSON SCOTT HALE_____
                                      Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☑ YES ☐ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES ☐ NO



ELECTRONICALLY FILED
2/17/2021 8:25 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT FOR GREENE COUNTY, ALABAMA

**CORNELIUS ROSS,**              *
                                 *
   **Plaintiff,**                *
                                 *
   *v.*                          *      **Case No.:  CV - 2021 - _____**
                                 *
**ERIKA GILMORE, KEITH AVENT,**  *      **JURY TRIAL DEMANDED**
**FEDEX     FREIGHT,    INC.,  and**  *
**Fictitious Defendants "A," "B," and**  *
**"C," whether singular or plural, those**  *
**other persons, corporations, firms or**  *
**other entities whose wrongful conduct**  *
**caused or contributed to cause the**  *
**injuries and damages to Plaintiff, all of**  *
**whose true and correct names are**  *
**unknown to Plaintiff at this time, but**  *
**will be added by amendment when**  *
**ascertained,**                 *
                                 *
   **Defendants.**               *
                                 *

---

## COMPLAINT

---

This is an action by Plaintiff, Cornelius Ross (herein after referred to as "Plaintiff"), against Defendants, Erika Gilmore (herein after referred to as "Defendant Gilmore"), Keith Avent (herein after referred to as "Defendant Avent"), and FedEx Freight, Inc., (herein after referred to as "Defendant FedEx") for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about April 3, 2020.

### PARTIES, JURISDICTION, VENUE

1)     Plaintiff was a resident and citizen of Jefferson County, Alabama at all times material to the issues in this case.

2)     Upon information and belief, Defendant Gilmore was a resident and citizen of Greene County, Alabama at all times material to the issues in this case.

3)      Upon information and belief, Defendant FedEx is a foreign Corporation, doing business in Greene County, Alabama at all times material to the issues in this case.  Defendant FedEx may be served through its registered agent, CT Corporation Systems, at 2 North Jackson St., Suite 605, Montgomery, AL 36104.

4)      Upon information and belief, Defendant Avent is a resident and citizen of Fayette County, Tennessee all times material to the issues in this case,  and an employee and/or agent of Defendant FedEx, and was doing business for said Defendant FedEx at all times material to the issues in this case.  Defendant Avent is being sued in both their official and individual capacities.

5)      Fictitious Defendant "A", "B", and "C", are those persons or entities whose names will be substituted upon learning their true identities.

6)      The motor vehicle accident that gives rise to this complaint occurred in Jefferson County, Alabama.

7)      Venue is proper in Greene County, Alabama.

## FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

8)      On or about April 3, 2020, Plaintiff was occupying a vehicle owned and operated by Defendant Gilmore in Jefferson County, Alabama.

9)      At said time and place, the Defendant Gilmore was traveling southbound on Glasgow Hollow Rd crossing the intersection of Glasgow Hollow Rd and US-78.

10)     At said time and place, the Defendant Avent was traveling eastbound on US-78 in Jefferson County, Alabama approaching the intersection of Glasgow Hollow Rd and US-78.

11)     At said time and place, Defendant Gilmore failed to yield the right of way to the Defendant Avent's vehicle, and allowed and/or caused their vehicle to collide with the Defendant Avent's vehicle.

12)     At said time and place, Defendant Avent was not paying attention, and allowed and/or caused their vehicle to collide with the Defendant Gilmore's vehicle.

13)     At the time of the collision, Defendant Avent was an employee and/or agent of Defendant FedEx and was operating under the appropriate scope and authority of his employment and/or agency of said Defendant FedEx, at all times material to the issues in this cause of action.

14)     Plaintiff suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendant Gilmore, Defendant Avent, and/or Fictitious Defendants.

## COUNT ONE - NEGLIGENCE

15)     The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant Gilmore.

16)     Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

17)     At all times material to this action, Defendant Gilmore owed a duty of reasonable care in the ownership, operation and use of said vehicle.

18)     At said time and place, Defendant Gilmore operated said vehicle in such a negligent manner as to:

      (a)     cause said vehicle, in which passengers were occupying, to collide with another;

      (b)     cause serious injuries to Plaintiff.

19)     In causing said vehicle to crash into another vehicle, Defendant Gilmore:

      (a)     Negligently failed to exercise ordinary care.

      (b)     Negligently failed to keep proper look out.

      (c)     Negligently failed to maintain proper control of the vehicle.

      (d)     Negligently failed to yield to the other vehicle.

(e)      Otherwise acted in negligent disregard of the rights and safety of Plaintiff and others traveling on said public highway at said time and place.

20)      As a direct and proximate result of the Defendant Gilmore's negligence, Defendant Gilmore collided with another vehicle, causing said Plaintiff to sustain personal injuries, pain, suffering, property damage and other damages.

21)      Plaintiff avers that the acts and conduct of Defendant Gilmore, on said occasion, constitutes common law negligence and violates the Rules of the Road for the State of Alabama.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT TWO –NEGLIGENCE PER SE

22)      The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant Gilmore.

23)      Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

24)      At said place and time, there were in force certain laws, statutes and/or ordinances that were designed to prevent the injuries sustained by Plaintiff, specifically § 32-5A-191 of the Code of Alabama.

25)      Defendant Gilmore violated said laws, statutes and/or ordinances, in the operation of the vehicle that directly resulted to the injuries sustained by Plaintiff.

26)      Plaintiff is included in the class of people the laws, statutes, and/or ordinances were intended to protect.

4

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT THREE – RECKLESSNESS AND WANTONNESS

27)   The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant Gilmore.

28)   Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

29)   At said place and time, Defendant Gilmore operated said vehicle in such a reckless and wanton manner as to:

(a)   cause said vehicle, in which the Plaintiff was occupying, to collide with another vehicle;

(b)   cause damage to said vehicle; and

(c)   cause substantial injuries to Plaintiff.

30)   In causing said vehicle to collide with the other vehicle, Defendant Gilmore:

(a)   Recklessly and Wantonly failed to exercise ordinary care.

(b)   Recklessly and Wantonly failed to keep a proper look out.

(c)   Recklessly and Wantonly failed to maintain proper control of said vehicle.

(d)   Recklessly and Wantonly failed to yield to another vehicle.

(e)   Otherwise acted in reckless and wanton disregard of the rights and safety of Plaintiff and others traveling on said public highway at said time and place.

31)     Plaintiff avers that the acts and conduct of Defendant Gilmore, at said time and place, were in violation of the statutes of State of Alabama which constitute statutory recklessness and wantonness

32)     Plaintiff sustained substantial injuries as the proximate result of said recklessness and wantonness of Defendant Gilmore in violating said statutes and in colliding with another vehicle.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FOUR – NEGLIGENCE

33)     The Plaintiff in this Count is Plaintiff. The Defendants in this Count are Defendant FedEx and Defendant Avent, individually.

34)     Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

35)     At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant FedEx, Defendant Avent operated said vehicle in such a negligent manner as to (a) cause said vehicle to collide with the vehicle in which Plaintiff was occupying, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the Plaintiff.

36)     In causing said vehicle to crash into the vehicle in which Plaintiff was occupying, Defendant FedEx's agent and/or employee, Defendant Avent:

(a)  Negligently failed to exercise ordinary care.

(b)  Negligently failed to keep a proper look out.

6

(c)  Negligently failed to maintain proper control of said vehicle.

(d)  Negligently failed to yield the motor vehicle in which Plaintiff was occupying.

(e)  Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

37)  The Plaintiff avers that the acts and conduct of Defendant FedEx's agent and/or employee, Defendant Avent on said occasion constitutes common law negligence.  The Plaintiff further avers that the acts and conduct of the said Defendant Avent on said occasion were in violation of one or more of the Rules of the Road for the State of Alabama.

38)  As the proximate consequence of said negligence, Defendant FedEx's agent and/or employee, Defendant Avent, (a) in violating said statutes, and (b) in colliding with the vehicle in which Plaintiff was occupying, Plaintiff was caused to sustain serious injuries.

39)  The Plaintiff avers that said negligent acts and conduct of the said Defendant Avent on said occasion are imputed to Defendant FedEx, and Defendant FedEx and Defendant Avent, are jointly and severally liable for the serious injuries of the Plaintiff, as a result of said negligent acts and conduct of the said Defendant Avent.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FIVE - RECKLESSNESS AND WANTONESS

40)  The Plaintiff in this Count is Plaintiff. The Defendants in this Count are Defendant FedEx and Defendant Avent, individually.

41)    Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

42)    At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant FedEx, Defendant Avent operated said vehicle in such a reckless and wanton manner as to (a) cause said vehicle to collide with the vehicle which Plaintiff was occupying, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the Plaintiff.

43)    In causing said vehicle to crash into the vehicle in which Plaintiff was occupying, Defendant FedEx's agent and/or employee, Defendant Avent:

(a) Recklessly and Wantonly failed to exercise ordinary care.

(b) Recklessly and Wantonly failed to keep a proper look out.

(c) Recklessly and Wantonly failed to maintain proper control of said vehicle.

(d) Recklessly and Wantonly failed to yield to the motor vehicle in which Plaintiff was occupying.

(e) Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

44)    The Plaintiff avers that the acts and conduct of Defendant FedEx's agent and/or employee, Defendant Avent on said occasion constitute statutory recklessness and wantonness.  The Plaintiff further avers that the acts and conduct of the said Defendant Avent on said occasion were in violation of one or more of the Rules of the Road for the State of Alabama.

45)     As the proximate consequence of said recklessness and wantonness of Defendant FedEx's agent and/or employee, Defendant Avent, (a) in violating said statutes, and (b) in colliding with the vehicle in which Plaintiff was occupying, Plaintiff was caused to sustain serious injuries.

46) The Plaintiff avers that said reckless and wanton acts and conduct of the said Defendant Avent, on said occasion, are imputed to Defendant FedEx, and Defendant FedEx and Defendant Avent, are jointly and severally liable to for the serious injuries, as a result of said reckless and wanton acts and conduct of the said Defendant Avent.

      WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

### COUNT SIX- NEGLIGENT AND WANTON ENTRUSTMENT

47)     The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant FedEx.

48)     Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

49)     The Plaintiff avers that on the occasion made the basis of this case, Defendant FedEx negligently, recklessly and wantonly entrusted said vehicle to the said Defendant Avent; that the said Defendant Avent; was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said vehicle entrusted to him; and that Defendant FedEx knew, or by the exercise of reasonable care should have known, that the said Defendant Avent; was unsuitable to have said vehicle entrusted to them.

50)     The Plaintiff further avers that said negligent and wanton entrustment of said vehicle to

the said Defendant Avent; (a) is combined with the negligent, reckless and wanton acts and conduct of the said Defendant Avent; and (b) is a concurrent, proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT SEVEN –NEGLIGENT AND WANTON HIRING, TRAINING, RETENTION, AND SUPERVISION

51)   The Plaintiff in this Count is Plaintiff. The Defendant in this Count is Defendant FedEx.

52)    Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

53)   The Plaintiff avers that Defendant FedEx, hired, trained, retained and supervised Defendant Avent, as a driver for a commercial vehicle.

54) The Plaintiff avers that the Defendant FedEx:

> (a) Acted  in a negligent, reckless and wanton manner in  hiring Defendant Avent, as a commercial vehicle driver,
>
> (b) Acted in a negligent, reckless and wanton manner in retaining Defendant Avent, as a commercial vehicle driver,
>
> (c) Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Defendant Avent, as a commercial vehicle driver, and
>
> (d) Acted in a negligent, reckless and wanton manner in failing to instill in

Defendant Avent qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant FedEx entrusted to Defendant Avent, as a commercial vehicle driver on the public highways of Alabama and other states.

55)   The Plaintiff further avers that the serious injuries of the Plaintiff are the proximate results of said negligence and wantonness of Defendant FedEx in the hiring, training, retention, monitoring, and supervision of the said Defendant Avent as a commercial vehicle driver on the public highways of Alabama and other states.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT EIGHT- FICTICIOUS DEFENDANTS

56)   The Plaintiff in this Count is Plaintiff.

57)   Plaintiffs re-allege, adopt, and incorporate the preceding averments of this Complaint as if fully set forth herein.

58)   Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the serious injuries of the plaintiff, of all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to

which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount

as this Court may determine.

<p align="center">**A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS**</p>

This February 17, 2021.


Respectfully submitted,


/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247


<p align="center">**(the rest of this page left blank intentionally)**</p>

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

Erika Gilmore
203 Pickens St.
Eutaw, AL 35462

Keith Avent
6400 Yager Dr.
Moscow, TN 38057

FedEx Freight, Inc.
Registered Agent: CT Corporation Systems
2 North Jackson St., Suite 605
Montgomery, AL 36104

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL


**(the rest of this page left blank intentionally)**

13

# Exhibit B



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  HALE CARSON SCOTT
chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/4/2021 4:52:59 PM

D001 GILMORE ERIKA
MOTION TO DISMISS PURSUANT TO RULE 12(B)
[Filer: PATTILLO JAMES LAURENS]

Notice Date:      8/4/2021 4:52:59 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
8/4/2021 4:52 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

# STATE OF ALABAMA

**Unified Judicial System**

35-GREENE

□ District Court   ☑ Circuit Court

Revised 3/5/08

Cas CV2

## CIVIL MOTION COVER SHEET

CORNELIUS ROSS V. ERIKA GILMORE ET AL

*Name of Filing Party:* D001 - GILMORE ERIKA

---

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JAMES LAURENS PATTILLO

505 20th Street North, Suite 1800

BIRMINGHAM, AL 35203

*Attorney Bar No.:* PAT061

□ Oral Arguments Requested

---

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| □ Default Judgment ($50.00) | □ Add Party |
| □ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | □ Amend |
| | □ Change of Venue/Transfer |
| | □ Compel |
| □ Judgment on the Pleadings ($50.00) | □ Consolidation |
| □ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | □ Continue |
| | □ Deposition |
| □ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | □ Designate a Mediator |
| | □ Judgment as a Matter of Law (during Trial) |
| □ Summary Judgment pursuant to Rule 56($50.00) | □ Disburse Funds |
| □ Motion to Intervene ($297.00) | □ Extension of Time |
| □ Other _____ | □ In Limine |
| pursuant to Rule _____ ($50.00) | □ Joinder |
| | □ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| | □ New Trial |
| □ Local Court Costs $   0 | □ Objection of Exemptions Claimed |
| | □ Pendente Lite |
| | □ Plaintiff's Motion to Dismiss |
| | □ Preliminary Injunction |
| | □ Protective Order |
| | □ Quash |
| | □ Release from Stay of Execution |
| | □ Sanctions |
| | □ Sever |
| | □ Special Practice in Alabama |
| | □ Stay |
| | □ Strike |
| | □ Supplement to Pending Motion |
| | □ Vacate or Modify |
| | □ Withdraw |
| | □ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

---

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) □ | Date:<br>8/4/2021 4:51:42 PM | Signature of Attorney or Party<br>/s/ JAMES LAURENS PATTILLO |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
8/4/2021 4:52 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil Action No.: 35-CV-2021-900009** |
| | ) |
| | ) |
| **ERIKA GILMORE, KEITH AVENT,** | ) |
| **FEDEX FREIGHT, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MOTION TO DISMISS

---

**COMES NOW** the Defendant, Erika Gilmore (hereinafter "Gilmore"), pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure and moves to dismiss all claims. In support thereof, this defendant states as follows:

1.     The Complaint alleges "Plaintiff was occupying a vehicle owned and operated by Defendant Gilmore in Jefferson County, Alabama." (See Complaint at par. 8).

2.     The Complaint contains no factual allegations that would support any allegation of wantonness against Gilmore. The only factual allegation is that "Defendant Gilmore failed to yield the right of way to Defendant Avent's vehicle, and allowed and/or caused their vehicle to collide with the Defendant Avent's vehicle." There is no factual allegation that any action by Gilmore is proximately related to any damages suffered by the plaintiff.

3.     The Complaint alleges the following causes of action against Gilmore: Count One – Negligence; Count Two – Negligence Per Se; Count Three – Reckless and Wantonness.

4.     Count One – Negligence and Count Two – Negligence Per Se are barred by the Alabama Guest Passenger Statute:

> The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of the motor vehicle.

Ala. Code 32-1-2 (1975).

5.      The Complaint contains no allegations that would circumvent the Alabama Guest Passenger Statute.  It also contains no allegations that would connect any wantonness by Defendant Gilmore to any injury suffered by the plaintiff.

6.      Defendant Gilmore is filing a joinder in the co-defendant's Motion to Transfer. Defendant Gilmore requests this Court to rule on the Motion to Transfer before ruling on this Motion to Dismiss.

WHEREFORE, PREMISES CONSIDERED, Defendant Gilmore moves to dismiss all claims against her with prejudice.

s/ *James L. Pattillo*
James L. Pattillo (PAT061)
Attorney for Defendant Gilmore

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone:  (205) 795-6588
Facsimile:  (205) 328-7234
Email: JLP@csattorneys.com

## CERTIFICATE OF SERVICE

Unless otherwise serve by the Alafile system, I do hereby certify that a copy of the above and foregoing instrument was served on the following by placing a copy of same in the United States Mail, first class postage pre-paid and properly addressed on August 4, 2021:

Carson S. Hale, Esq.
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave, Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com
*Attorney for Plaintiff*

Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
*Attorneys for Defendant FedEx Freight*

*s/ James L. Pattillo*
OF COUNSEL



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: CARSON SCOTT HALE
    chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/15/2021 11:51:55 AM

C001 ROSS CORNELIUS
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: HALE CARSON SCOTT]

Notice Date:     8/15/2021 11:51:55 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/15/2021 11:51:55 AM

C001 ROSS CORNELIUS
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: HALE CARSON SCOTT]

Notice Date:     8/15/2021 11:51:55 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: PATTILLO JAMES LAURENS
jlp@csattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/15/2021 11:51:55 AM

C001 ROSS CORNELIUS
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: HALE CARSON SCOTT]

Notice Date:     8/15/2021 11:51:55 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: DELISLE SARA ELIZABETH
sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/15/2021 11:51:55 AM

C001 ROSS CORNELIUS
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: HALE CARSON SCOTT]

Notice Date:     8/15/2021 11:51:55 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/15/2021 11:51:55 AM

C001 ROSS CORNELIUS
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: HALE CARSON SCOTT]

Notice Date:     8/15/2021 11:51:55 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: SAUNDERS ANNA CERISE
asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 8/15/2021 11:51:55 AM

C001 ROSS CORNELIUS
RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Filer: HALE CARSON SCOTT]

Notice Date:     8/15/2021 11:51:55 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

-R-T-S-   380572003-1N          08/19/21
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
RETURN TO SENDER



UTF

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Keith Avent
6400 Yager Dr.
Moscow, TN 38057

CV-2021-900009

9590 9402 6286 0274 8989 98

2. Article Number (Transfer from service label)

7020 2450 0000 3556 5244

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt



**AlaFile E-Notice**

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  HALE CARSON SCOTT
chale@slocumblaw.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was not served on 8/19/2021

D002 AVENT KEITH
Corresponding To
UNCLAIMED CERT MAIL

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

**VERONICA MORTON-JONES**
CLERK of the DISTRICT and CIRCUIT COURTS
GREENE COUNTY
P.O. BOX 307
EUTAW, ALABAMA 35462



5009 8̄

7020 2450 0000 3556 5244

NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

USPS

To: KEITH AVENT
6400 YAGER DR.
MOSCOW, TN, 38057

CV-2021-900009



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was served on 9/1/2021

D002 AVENT KEITH

Corresponding To

OTHER

NOT DELIVERABLE AS ADDRESSED/    UNABLE TO FORWARD

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
9/21/2021 10:30 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | Co...<br>35-CV-2021-900009.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA
### CORNELIUS ROSS V. ERIKA GILMORE ET AL

**NOTICE TO:** ERIKA GILMORE, 203 PICKENS ST., EUTAW, AL 35462

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CARSON SCOTT HALE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 145 E. MAGNOLIA AVE.  SUITE 201, AUBURN, AL 36830

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.    *[Name(s)]*

| 08/13/2021 | /s/ VERONICA MORTON-JONES | By: | |
| --- | --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☐ Certified Mail is hereby requested.    _____

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☑ I certify that I personally delivered a copy of this Summons and Complaint or other document to Sharon Gilmore, a

person of suitable age who resides with the above defendant  in _____ Greene _____ County,

*(Name of Person Served)*    *(Name of County)*

Alabama on _____ 9/12/21 _____ .

*(Date)*

130 Inverness Plaza, Ste. 500
*(Address of Server)*

Private Process Server          *Ronald Rainey*          Birmingham, AL 35242
*(Type of Process Server)*    *(Server's Signature)*

Ronald Rainey          205-259-6694
*(Server's Printed Name)*    *(Phone Number of Server)*

### 35-CV-2021-900009.00
CORNELIUS ROSS V. ERIKA GILMORE ET AL

| C001 - ROSS CORNELIUS | v. | D001 - ERIKA GILMORE |
| --- | --- | --- |
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN COPY**



AlaFile E-Notice

35-CV-2021-900009.00

To:   CARSON SCOTT HALE
      chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 9/21/2021 10:30:27
AM

Notice Date:     9/21/2021 10:30:27 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 9/21/2021 10:30:27
AM

Notice Date:     9/21/2021 10:30:27 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  PATTILLO JAMES LAURENS
jlp@csattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 9/21/2021 10:30:27
AM

Notice Date:     9/21/2021 10:30:27 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   DELISLE SARA ELIZABETH
      sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 9/21/2021 10:30:27
AM

Notice Date:      9/21/2021 10:30:27 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 9/21/2021 10:30:27
AM

Notice Date:     9/21/2021 10:30:27 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   SAUNDERS ANNA CERISE
        asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 9/21/2021 10:30:27
AM

Notice Date:        9/21/2021 10:30:27 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   CARSON SCOTT HALE
      chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 9/21/2021 10:30:27
AM

Notice Date:      9/21/2021 10:30:27 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
10/19/2021 2:15 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No.:  CV-2021-900009** |
| **ERIKA GILMORE, KEITH AVENT, FEDEX FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

---

PLEASE TAKE NOTICE that the following discovery documents have been served on behalf of Defendant, FedEx Freight, Inc D/B/A FedEx Freight.:

- Defendant FedEx Freight, Inc.'s First Requests for Admissions to Co-Defendant Erika Gilmore
- Defendant FedEx Freight, Inc.'s First Interrogatories to Co-Defendant Erika Gilmore
- Defendant FedEx Freight, Inc.'s First Request for Production to Co-Defendant Erika Gilmore

Respectfully submitted,

 /s/ *Sara Elizabeth Delisle*
Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Attorneys for Defendant FedEx Freight, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:     (205) 822-2057
E-mail:    lrichmond@carrallison.com
                sbdelisle@carrallison.com

{DOC# 00761134}

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of October 2021, I have served a copy of the above and foregoing on counsel for all parties by:

    \_\_\_\_\_  Facsimile transmission;
    \_\_\_\_\_  Hand Delivery;
    \_\_\_\_\_  Electronic Mail;
    \_\_\_\_  Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
    **X**  Using the Alafile or CM/ECF system which will send notifications of such to the following:

Carson S. Hale, Esq.
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave, Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com

James L. Pattillo
CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone: (205) 795-6588
Facsimile: (205) 328-7234
Email: JLP@csattorneys.com

                    /s/ Sara Elizabeth DeLisle
                    OF COUNSEL



AlaFile E-Notice

35-CV-2021-900009.00

To: SARA ELIZABETH DELISLE
sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 10/19/2021 2:15:56 PM

Notice Date:     10/19/2021 2:15:56 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To: AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 10/19/2021 2:15:56 PM

Notice Date:     10/19/2021 2:15:56 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 10/19/2021 2:15:56 PM

Notice Date:      10/19/2021 2:15:56 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  PATTILLO JAMES LAURENS
     jlp@csattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 10/19/2021 2:15:56 PM

Notice Date:      10/19/2021 2:15:56 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 10/19/2021 2:15:56 PM

Notice Date:    10/19/2021 2:15:56 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

To:  SAUNDERS ANNA CERISE
     asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following discovery was FILED on 10/19/2021 2:15:56 PM

Notice Date:     10/19/2021 2:15:56 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  CARSON SCOTT HALE
     chale@slocumblaw.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

PRETRIAL CONFERENCE

11/29/2021 2:38:29 PM

Hearing Date:     01/25/2022
Hearing Time:     09:00:00 AM               Central Time
Location:         Virtual Hearing

Notice Date:      11/29/2021 2:38:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   JAMES LAURENS PATTILLO
      jlp@csattorneys.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

PRETRIAL CONFERENCE

11/29/2021 2:38:29 PM

Hearing Date:     01/25/2022
Hearing Time:     09:00:00 AM              Central Time
Location:         Virtual Hearing

Notice Date:      11/29/2021 2:38:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  SARA ELIZABETH DELISLE
     sbdelisle@carrallison.com

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

PRETRIAL CONFERENCE

11/29/2021 2:38:29 PM

Hearing Date:    01/25/2022
Hearing Time:    09:00:00 AM            Central Time
Location:        Virtual Hearing

Notice Date:     11/29/2021 2:38:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  LEA RICHMOND IV
     lrichmond@carrallison.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

PRETRIAL CONFERENCE

11/29/2021 2:38:29 PM

Hearing Date:    01/25/2022
Hearing Time:    09:00:00 AM              Central Time
Location:        Virtual Hearing

Notice Date:     11/29/2021 2:38:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  ANNA CERISE SAUNDERS
     asaunders@carrallison.com

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

PRETRIAL CONFERENCE

11/29/2021 2:38:29 PM

Hearing Date:    01/25/2022
Hearing Time:    09:00:00 AM            Central Time
Location:        Virtual Hearing

Notice Date:     11/29/2021 2:38:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

PRETRIAL CONFERENCE

11/29/2021 2:38:29 PM

Hearing Date:    01/25/2022
Hearing Time:    09:00:00 AM               Central Time
Location:        Virtual Hearing

Notice Date:     11/29/2021 2:38:29 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



DEC 04 2021
USPS
EUTAW, AL 35462-9998

**VERONICA MORTON-JONES**
CLERK of the DISTRICT and CIRCUIT COUR
GREENE COUNTY
P.O. BOX 307
EUTAW, ALABAMA 35462



CERTIFIED MAIL

7020 2450 0000 3556 6340

NEOPOST
08/16/2021
US POSTAGE $008.05⁰



ZIP 35462
041L10428160

NL  TS
8-18
8-23
9-02

To: KEITH AVENT
6400 YAGER DR.
MOSCOW, TN, 38057

-R-T-S-   380575004-1N      12/01/21

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
RETURN TO SENDER

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Keith Avent<br>6400 Yager Dr.<br>Moscow, TN 38057 | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☐ No<br><br>CV-2021-900009 |

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

9590 9402 6301 0274 4440 56

2. Article Number *(Transfer from service label)*

7020 2450 0000 3556 6340

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt



## AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was not served on 9/2/2021

D002 AVENT KEITH
Corresponding To
UNCLAIMED CERT MAIL

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

DOCUMENT 90

ELECTRONICALLY FILED
1/14/2022 12:27 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

**STATE OF ALABAMA**
Unified Judicial System

Revised 3/5/08

35-GREENE

☐ District Court   ☑ Circuit Court

Cas

CV2

**CIVIL MOTION COVER SHEET**

CORNELIUS ROSS V. ERIKA GILMORE ET AL

*Name of Filing Party:* D003 - FEDEX FREIGHT, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

SARA ELIZABETH DELISLE

100 Vestavia Parkway

Birmingham, AL 35216

*Attorney Bar No.:* DEL025

☑ Oral Arguments Requested

**TYPE OF MOTION**

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   JOINT MOTION FOR HEARING |
| | pursuant to Rule NA   (Subject to Filing Fee) |

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:
1/14/2022 12:26:44 PM

Signature of Attorney or Party
/s/ SARA ELIZABETH DELISLE

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
1/14/2022 12:27 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ERIKA GILMORE, KEITH AVENT, FEDEX FREIGHT, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

**Civil Action No.:  CV-2021-900009**

**HEARING REQUESTED**

---

## JOINT MOTION FOR HEARING

---

COME NOW Plaintiff Cornelius Ross and Defendant FedEx Freight, Inc. ("FXF"), by and through counsel, and file this Joint Motion for Hearing on Defendant FXF's Motion to Transfer Venue at the Court's earliest convenience.  In support of this motion, the Parties state as follows:

1. Defendant FXF filed a Motion to Transfer Venue on March 22, 2021.  Defendant Gilmore filed a Motion for Joinder in Motion to Transfer on August 4, 2021.  Plaintiff responded in opposition to the motions on August 15, 2021.

2. Defendant Gilmore has no opposition to this motion for a hearing on the motion for transfer.

3. The Parties respectfully request a hearing on the Motion to Transfer Venue at the Court's earliest convenience.

Respectfully submitted,

/s/ *Sara Elizabeth Delisle*
Lea Richmond, IV (RIC062)
Sara Elizabeth DeLisle (DEL025)
Anna C. Saunders (SAU019)
Attorneys for Defendant FedEx Freight

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:     (205) 822-2006
Facsimile:     (205) 822-2057
E-mail:        lrichmond@carrallison.com
               sbdelisle@carrallison.com

Respectfully submitted,

*/s/ Carson S. Hale*
Carson H. Hale

**OF COUNSEL:**

**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave, Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January 2022, I have served a copy of the above and foregoing on counsel for all parties by:

_____ Facsimile transmission;
_____ Hand Delivery;
_____ Electronic Mail;
_____ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
  **X**  Using the Alafile or CM/ECF system which will send notifications of such to the following:

**CHRISTIAN & SMALL, LLP**
James Pattillo
Attorney for Defendant Gilmore
505 20TH Street North, Suite 1800
Birmingham, Alabama 35203
Phone: (205) 795-6588
Email: JLP@csattorneys.com

/s/ Sara Elizabeth DeLisle
OF COUNSEL



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   SARA ELIZABETH DELISLE
      sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 1/14/2022 12:27:33 PM

D003 FEDEX FREIGHT, INC.

JOINT MOTION FOR HEARING

[Filer: DELISLE SARA ELIZABETH]

Notice Date:     1/14/2022 12:27:33 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 1/14/2022 12:27:33 PM

D003 FEDEX FREIGHT, INC.
JOINT MOTION FOR HEARING
[Filer: DELISLE SARA ELIZABETH]

Notice Date:       1/14/2022 12:27:33 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 1/14/2022 12:27:33 PM

D003 FEDEX FREIGHT, INC.

JOINT MOTION FOR HEARING

[Filer: DELISLE SARA ELIZABETH]

Notice Date:     1/14/2022 12:27:33 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  PATTILLO JAMES LAURENS
     jlp@csattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 1/14/2022 12:27:33 PM

D003 FEDEX FREIGHT, INC.

JOINT MOTION FOR HEARING

[Filer: DELISLE SARA ELIZABETH]

Notice Date:      1/14/2022 12:27:33 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 1/14/2022 12:27:33 PM

D003 FEDEX FREIGHT, INC.
JOINT MOTION FOR HEARING
[Filer: DELISLE SARA ELIZABETH]

Notice Date:     1/14/2022 12:27:33 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  SAUNDERS ANNA CERISE
     asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 1/14/2022 12:27:33 PM

D003 FEDEX FREIGHT, INC.

JOINT MOTION FOR HEARING

[Filer: DELISLE SARA ELIZABETH]

Notice Date:     1/14/2022 12:27:33 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

ELECTRONICALLY FILED
1/20/2022 8:08 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

# STATE OF ALABAMA
**Unified Judicial System**

35-GREENE

Revised 3/5/08

☐ District Court  ☑ Circuit Court

Cas

CV2

# CIVIL MOTION COVER SHEET

CORNELIUS ROSS V. ERIKA GILMORE ET AL

*Name of Filing Party:*D001 - GILMORE ERIKA

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JAMES LAURENS PATTILLO

505 20th Street North, Suite 1800

BIRMINGHAM, AL 35203

*Attorney Bar No.:* PAT061

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $ 0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   Joint Notice of Settlement |
| | pursuant to Rule N/A   (Subject to Filing Fee) |

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:
1/20/2022 8:08:31 AM

Signature of Attorney or Party
/s/ JAMES LAURENS PATTILLO

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 94

ELECTRONICALLY FILED
1/20/2022 8:08 AM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **CORNELIUS ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil Action No.: 35-CV-2021-900009** |
| | ) |
| | ) |
| **ERIKA GILMORE, KEITH AVENT,** | ) |
| **FEDEX FREIGHT, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## JOINT NOTICE OF SETTLEMENT

**COME NOW** the Plaintiff and Defendant, Erika Gilmore ("Defendant" or "Gilmore"), and jointly notify the Court of their pro tanto settlement as follows:

1.      The Plaintiff and Gilmore have agreed to a pro tanto settlement of all claims against Gilmore.

2.      The settlement is contingent upon a final negotiation of lien and subrogation claims.

3.      The parties will file a stipulation of dismissal after the exchange of a release and disbursement of settlement funds.

s/ *James L. Pattillo*
James L. Pattillo (PAT061)
Attorney for Defendant Gilmore

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone:  (205) 795-6588
Facsimile:  (205) 328-7234
Email: JLP@csattorneys.com

s/ *Carson S. Hale, Esq.*
Carson S. Hale, Esq.
Attorney for Plaintiff

SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave, Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com

## CERTIFICATE OF SERVICE

Unless otherwise served by the Alafile system, I do hereby certify that a copy of the above and foregoing instrument was served on the following by placing a copy of same in the United States Mail, first class postage pre-paid and properly addressed on January 20, 2022:

Lea Richmond, IV
Sara Elizabeth DeLisle
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
*Attorneys for Defendant FedEx Freight*

s/ *James L. Pattillo*
OF COUNSEL

3119176.1



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   JAMES LAURENS PATTILLO
      jlp@csattorneys.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 1/20/2022 8:08:53 AM

D001 GILMORE ERIKA
JOINT NOTICE OF SETTLEMENT
[Filer: PATTILLO JAMES LAURENS]

Notice Date:      1/20/2022 8:08:53 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   AVENT KEITH (PRO SE)
      6400 YAGER DR.
      MOSCOW, TN, 38057-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 1/20/2022 8:08:53 AM

D001 GILMORE ERIKA
JOINT NOTICE OF SETTLEMENT
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     1/20/2022 8:08:53 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 1/20/2022 8:08:53 AM

D001 GILMORE ERIKA
JOINT NOTICE OF SETTLEMENT
[Filer: PATTILLO JAMES LAURENS]

Notice Date:      1/20/2022 8:08:53 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  DELISLE SARA ELIZABETH
     sbdelisle@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 1/20/2022 8:08:53 AM

D001 GILMORE ERIKA
JOINT NOTICE OF SETTLEMENT
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     1/20/2022 8:08:53 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: RICHMOND LEA IV
lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 1/20/2022 8:08:53 AM

D001 GILMORE ERIKA
JOINT NOTICE OF SETTLEMENT
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     1/20/2022 8:08:53 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: SAUNDERS ANNA CERISE
asaunders@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 1/20/2022 8:08:53 AM

D001 GILMORE ERIKA
JOINT NOTICE OF SETTLEMENT
[Filer: PATTILLO JAMES LAURENS]

Notice Date:     1/20/2022 8:08:53 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | | |
|---|---|---|
| ROSS CORNELIUS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:   CV-2021-900009.00 |
| | ) | |
| GILMORE ERIKA, | ) | |
| AVENT KEITH, | ) | |
| FEDEX FREIGHT, INC., | ) | |
| Defendants. | ) | |

## ORDER

This action came before the Court on the Joint Notice of Settlement filed by Plaintiff and Defendant, Erika Gilmore. After having reviewed and considered the same, it is hereby **ORDERED and DECREED** that the Parties are to file a stipulation of dismissal after the exchange of a release and settlement funds.

**DONE this [To be filled by the Judge].**

**/s/[To be filled by the Judge]**
**CIRCUIT JUDGE**



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  JAMES LAURENS PATTILLO
jlp@csattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 2/3/2022 8:24:57 AM

[Filer: ]

Notice Date:      2/3/2022 8:24:57 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 2/3/2022 8:24:57 AM

[Filer: ]

Notice Date:      2/3/2022 8:24:57 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 2/3/2022 8:24:57 AM

[Filer: ]

Notice Date:     2/3/2022 8:24:57 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  DELISLE SARA ELIZABETH
     sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 2/3/2022 8:24:57 AM

[Filer: ]

Notice Date:     2/3/2022 8:24:57 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 2/3/2022 8:24:57 AM

[Filer: ]

Notice Date:     2/3/2022 8:24:57 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: SAUNDERS ANNA CERISE
asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 2/3/2022 8:24:57 AM

[Filer: ]

Notice Date:    2/3/2022 8:24:57 AM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov

etc.


ELECTRONICALLY FILED
2/9/2022 4:30 PM
35-CV-2021-900009.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

**IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA**

ROSS CORNELIUS, )
Plaintiff, )
)
V. )  Case No.:   CV-2021-900009.00
)
GILMORE ERIKA, )
AVENT KEITH, )
FEDEX FREIGHT, INC., )
Defendants. )

**ORDER**

This action came before the Court on the Joint Notice of Settlement filed by Plaintiff and Defendant, Erika Gilmore. After having reviewed and considered the same, it is hereby **ORDERED and DECREED** that the Parties are to file a stipulation of dismissal after the exchange of a release and settlement funds.

**DONE this 9th day of February, 2022.**

**/s/ HON. EDDIE HARDAWAY**
**CIRCUIT JUDGE**



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 2/9/2022 4:30:18 PM

Notice Date:     2/9/2022 4:30:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: PATTILLO JAMES LAURENS
jlp@csattorneys.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 2/9/2022 4:30:18 PM

Notice Date:     2/9/2022 4:30:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   DELISLE SARA ELIZABETH
      sbdelisle@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 2/9/2022 4:30:18 PM

Notice Date:      2/9/2022 4:30:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:  RICHMOND LEA IV
     lrichmond@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 2/9/2022 4:30:18 PM

Notice Date:     2/9/2022 4:30:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To: SAUNDERS ANNA CERISE
asaunders@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 2/9/2022 4:30:18 PM

Notice Date:    2/9/2022 4:30:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov



AlaFile E-Notice

35-CV-2021-900009.00

Judge: HON. EDDIE HARDAWAY

To:   AVENT KEITH (PRO SE)
6400 YAGER DR.
MOSCOW, TN, 38057-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CORNELIUS ROSS V. ERIKA GILMORE ET AL
35-CV-2021-900009.00

The following matter was FILED on 2/9/2022 4:30:18 PM

Notice Date:    2/9/2022 4:30:18 PM

VERONICA MORTON-JONES
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL, 35462

205-372-3598
veronica.jones@alacourt.gov